FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 03, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ESTATE OF CINDY LOU HILL, by and through its personal representative, Joseph A. Grube, and CYNTHIA METSKER, individually,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>NAPHCARE, INC., an Alabama corporation; HANNA GUBITZ, individually; and SPOKANE COUNTY, a political subdivision of the State of Washington,<br><br>　　　　　　Defendants. | NO: 2:20-CV-410-RMP<br><br>PROTECTIVE ORDER |

　　　BEFORE THE COURT is a stipulated protective order, ECF No. 19, by Plaintiffs Estate of Cindy Lou Hill and Cynthia Metsker and Defendants Naphcare, Inc., Hanna Gubitz, and Spokane County. A district court may issue protective orders regarding discovery upon a showing of good cause. Fed. R. Civ. P. 26(c). Before issuing a stipulated protective order, a district court judge should ensure that

PROTECTIVE ORDER ~ 1

the protective order's restrictions do not infringe on the public's general right to inspect and copy judicial records and documents. *See Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *see also Courthouse News Serv. v. Planet*, 947 F.3d 581, 589 (9th Cir. 2020) (recognizing a long-held First Amendment right of access to court proceedings and documents).

Having reviewed the protective order and the remaining record, the Court finds good cause to grant the stipulated motion and enter the agreed-upon protective order. Accordingly, the parties' stipulated protective order, **ECF No. 19**, is **ACCEPTED** in the form set forth below.

## PROTECTIVE ORDER

1. The parties agree that litigation of this case, through discovery or otherwise, may involve exchange of certain documents and information that is ordinarily maintained by the disclosing party as confidential, private, and/or proprietary. To facilitate the exchange of such information without fear or repercussion of releasing it into the public arena, the parties mutually agree that there is good cause to enter into this order of protection (Protective Order) to ensure that the information remains confidential, private, and not shared outside of this litigation or in the public arena. It is to be used solely within and for purposes of this litigation.

2. For purposes of this Protective Order, "Confidential Information" means any material containing confidential information and designated as

such by the disclosing party upon production. Any documents a party wishes to claim as confidential and subject to this protective order shall be prominently marked as such by stamping on each page the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or substantially similar language. Any such designation must be based on the disclosing party's good faith belief that the information is confidential, private, and/or proprietary. In addition, nothing in this Protective Order shall prevent or preclude the disclosing party from redacting certain information within the disclosed Confidential Information that is privileged and/or otherwise protected from discovery.

3. The recipient of any Confidential Information shall maintain such information in a reasonably secure and safe area and shall exercise the same standard of protection as is exercised by the recipient with its own proprietary information.

4. Confidential Information shall not be disclosed outside of this action, but may be made available to the following persons or entities for purposes related to this lawsuit:

    a. The parties and their attorneys, including paralegals and staff working under the direct supervision of such counsel;

      b.    Officers, directors, and employees (including in-house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation;

      c.    Expert witnesses or consultants retained in this action to whom disclosure is reasonably necessary for this litigation;

      d.    Representatives of insurance carriers to whom disclosure is reasonably necessary for this litigation;

      e.    The Court, its personnel, and court reporters and their staff;

      f.    Copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

      g.    During their depositions, witnesses in the action to whom disclosure is reasonably necessary, unless otherwise agreed by the designating party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential Information must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement; and

PROTECTIVE ORDER ~ 4

    h.  The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

5. Plaintiffs may move to challenge the designation of any such document as confidential by filing a motion within sixty days of receipt of such documents.  Until such time, and unless a motion challenging such materials is granted, they will be treated as confidential under this Protective Order.

6. Nothing in this Protective Order shall be considered a waiver of any privilege or any other objection to the admissibility of evidence at trial, in any pretrial proceeding or on appeal.  This Protective Order does not constitute a waiver of any party's right to object to discovery on any other ground.

7. If a party inadvertently discloses Confidential Information in violation of this Protective Order, the disclosing party shall, within three business days of discovering the inadvertent omission, inform both the receiving party and the designating party in writing of the inadvertent disclosure and the specific Confidential Information at issue.  The disclosing party shall ensure that the receiving party treats all inadvertent disclosures of Confidential Information as confidential until (i) the parties agree to further treatment of the inadvertently disclosed material, or (ii) the Court issues an order addressing the appropriate treatment of the inadvertently disclosed Confidential Information.

PROTECTIVE ORDER ~ 5

8.  Within thirty (30) days after the termination of this lawsuit (whether by dismissal, final judgment, appeal, or settlement), all Confidential Information (including all copies) in the possession or control of the parties, their counsel, their agents, or any other person, shall be returned to counsel for the designating party or, in the alternative, permanently destroyed.

9.  After the termination of this lawsuit, the provisions of this Order shall continue to be binding and this Court shall retain jurisdiction over the parties and any other person who has access to Confidential Information and related information produced pursuant to this Order for the sole purpose of enforcement of its provisions. The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or the Court orders otherwise.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** March 3, 2021.

                    *s/ Rosanna Malouf Peterson*
                    ROSANNA MALOUF PETERSON
                    United States District Judge