FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 30, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ESTATE OF CINDY LOU HILL, by and through its personal representative, Joseph A. Grube, and CYNTHIA METSKER, individually,<br><br>Plaintiffs,<br><br>v.<br><br>NAPHCARE, INC., an Alabama corporation; HANNA GUBITZ, individually; and SPOKANE COUNTY, a political subdivision of the State of Washington,<br><br>Defendants. | NO: 2:20-CV-410-RMP<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL |

BEFORE THE COURT is a Motion to Compel by Plaintiffs Estate of Cindy Lou Hill et al., ECF No. 22. The Court has reviewed Plaintiffs' Motion and supporting declaration, ECF Nos. 22 and 23; Defendant NaphCare, Inc.'s ("NaphCare's") response and supporting declaration, ECF Nos. 24 and 25;

ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL ~ 1

Plaintiffs' reply memorandum, ECF No. 26; the remaining docket; the relevant law; and is fully informed.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(b)(1), a party may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). "The party to whom the [Request for Production] is directed must respond in writing within 30 days after being served." Fed. R. Civ. P. 34(b)(2)(A). The requesting party "is entitled to individualized, complete responses to each of the [Requests for Production] . . . , accompanied by production of each of the documents responsive to the request, regardless of whether the documents have already been produced." *Louen v. Twedt*, 236 F.R.D. 502, 505 (E.D. Cal. 2006).

A party seeking discovery may move for an order compelling production by a party who has failed to answer an interrogatory or produce requested documents. Fed. R. Civ. P. 37(a)(3). "[A]n evasive or incomplete disclosure, answer, or

ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL ~ 2

response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

## DISCUSSION

The Plaintiff Estate and decedent Cindy Lou Hill's surviving daughter are pursuing a civil rights action under 42 U.S.C. § 1983 and state law based on Ms. Hill's death in 2018, while detained at the Spokane County Jail. Defendant NaphCare was the entity contracted to provide healthcare at the jail. In the instant Motion to Compel, Plaintiff seeks complete responses from Defendant NaphCare to Plaintiff's requests for production ("RFPs"), originally served on NaphCare on December 14, 2020. ECF No. 22 at 2. The discovery requested includes e-mails that mention, reference, or relate to Ms. Hill (RFP No. 1), documents and materials relating to any mortality review conducted after Ms. Hill's death (RFP No. 5), documents pertaining to complaints and concerns regarding alleged deficiencies in healthcare at the jail (RFP Nos. 13, 28), and communications between NaphCare and Spokane County employees about medical care for inmates in the medical housing unit (RFP No. 19). *See* ECF No. 23 at 20. After the parties conducted several discovery conferences, Plaintiffs served NaphCare with an additional RFP on April 28, 2021, asking NaphCare to conduct an electronic search using specific terms and parameters (RFP No. 30). ECF No. 22 at 4. Plaintiffs explain that the impetus for their request was that, "[h]aving received only six e-mails in response to 29 requests

ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL ~ 3

for production in a case involving a patient death, [Plaintiffs were] not convinced that NaphCare had conducted a thorough search for responsive electronic records." *Id.* Plaintiffs further detail the delays and inadequacies of NaphCare's responses to Plaintiffs' requests for production through the filing of Plaintiffs' Motion to Compel, despite numerous inquiries from Plaintiffs' counsel regarding NaphCare's deficient production, and Plaintiffs recount how a privilege log produced by NaphCare did not sufficiently identify documents withheld. ECF No. 22 at 7–9.

Defendant NaphCare does not dispute that the discovery sought by Plaintiffs is relevant and should be allowed. *See* ECF No. 24 at 4. Defendant also does not dispute that the privilege log was inadequate. *Id.* Rather, Defendant maintains that it has committed to reviewing 608 emails (totaling 74,259 pages of materials including attachments), as well as a complete privilege log, but has been inhibited by defense counsel's need to "balanc[e] this case with a large number of other pending cases where the demand for discovery, depositions, and trial settings has made meeting routine deadlines in a timely manner extremely challenging." *Id.* at 4–5. In Defendant's August 6, 2021, response brief, Defendant indicates that it "expects to produce" the materials by August 23, 2021, but "requests an additional extension of 2 weeks to complete this discovery request" in the event that Defendant's discovery responses remain incomplete by that date. *Id.* at 5.

In light of Defendant's vague commitment to meet its discovery obligations to Plaintiffs, and the long history of Plaintiffs' efforts to obtain the material requested without involving the Court, the Court finds it appropriate to grant Plaintiffs' Motion to Compel the material from Defendant NaphCare by a date certain. *See* ECF No. 26 at 3.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiffs' Motion to Compel, **ECF No. 22**, is **GRANTED**.

2. If Defendant Naphcare did not disclose the remainder of the requested discovery material to Plaintiffs by August 23, 2021 Naphcare shall , produce all requested discovery to Plaintiffs **no later than September 7, 2021, including**:

   a. all paper and electronic discovery not yet produced that is responsive to Plaintiffs' requests for production; and

   b. a privilege log that identifies each document NaphCare is withholding and that is otherwise responsive to Plaintiffs' discovery request.  This log shall state the legal basis or bases for withholding each document and shall include sufficient information about the documents withheld to allow Plaintiffs to assess whether or not the asserted privileges or protections are

ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL ~ 5

appropriate. With regard to e-mails, such information shall include, at a minimum, all senders and recipients of the e-mail (including those who were "cc'd"), along with their titles or positions, and a description of the subject of the e-mail.

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** August 30, 2021.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL ~ 6