Budge & Heipt, PLLC
808 E. Roy St.
Seattle, WA 98102
(206) 624-3060

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THE ESTATE OF CINDY LOU HILL, by and through its personal representative, Joseph A. Grube; and CYNTHIA METSKER, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>NAPHCARE, INC, an Alabama corporation; HANNAH GUBITZ, individually; and SPOKANE COUNTY, a political subdivision of the State of Washington,<br><br>Defendants. | No. 2:20-cv-00410-RMP<br><br>DECLARATION OF EDWIN S. BUDGE IN SUPPORT OF PLAINTIFFS' SPOLIATION MOTION |

EDWIN S. BUDGE, declare as follows:

1. I am over the age of 18, am competent to testify in this matter, and make this declaration based on my personal knowledge.

2. I am one of the attorneys for the plaintiffs in this matter.

3. Attached hereto as Exhibit A is a true and correct copy of the expert report of Lori Roscoe, Ph.D. and accompanying attachments.

DECL. OF EDWIN S. BUDGE IN SUPPORT OF PLS.'
SPOLIATION MOTION – Page 1

BUDGE & HEIPT, PLLC
ATTORNEYS AT LAW
808 E. Roy St.
SEATTLE, WA 98102
TELEPHONE: (206) 624-3060

4. Attached hereto as Exhibit B are true and correct copies of excerpts from the deposition of Hannah Gubitz, RN cited in Plaintiffs' accompanying Rule 37(e) Motion for Default Judgment and Other Sanctions Against Defendant Spokane County for Spoliation of Evidence.

5. Attached hereto as Exhibit C is a chart note entered by Defendant Gubitz, produced in discovery in this matter, dated August 25, 2018, and cited in Plaintiffs' accompanying Rule 37(e) Motion for Default Judgment and Other Sanctions Against Defendant Spokane County for Spoliation of Evidence.

6. Attached hereto as Exhibit D is the Medical Watch General Observation Form initiated by Defendant Gubitz for Cindy Hill at 9:30 a.m. on August 25, 2018 and cited in Plaintiffs' accompanying Rule 37(e) Motion for Default Judgment and Other Sanctions Against Defendant Spokane County for Spoliation of Evidence.

7. Attached hereto as Exhibit E are true and correct copies of excerpts from the deposition of Spokane County Jail Officer Travis Titchenal cited in Plaintiffs' accompanying Rule 37(e) Motion for Default Judgment and Other Sanctions Against Defendant Spokane County for Spoliation of Evidence.

8. Attached hereto as Exhibit F are true and correct copies of excerpts from the deposition of Spokane County Jail Officer Tren Byington cited in Plaintiffs' accompanying Rule 37(e) Motion for Default Judgment and Other Sanctions Against Defendant Spokane County for Spoliation of Evidence.

DECL. OF EDWIN S. BUDGE IN SUPPORT OF PLS.'
SPOLIATION MOTION – Page 2

BUDGE & HEIPT, PLLC
ATTORNEYS AT LAW
808 E. Roy St.
SEATTLE, WA 98102
TELEPHONE: (206) 624-3060

9. Attached hereto as Exhibit G are true and correct copies of excerpts from the deposition of Spokane County Jail Officer Jessica Wirth cited in Plaintiffs' accompanying Rule 37(e) Motion for Default Judgment and Other Sanctions Against Defendant Spokane County for Spoliation of Evidence.

10. Attached hereto as Exhibit H are true and correct copies of excerpts from the deposition of Spokane County Jail Officer Matthew Milholland cited in Plaintiffs' accompanying Rule 37(e) Motion for Default Judgment and Other Sanctions Against Defendant Spokane County for Spoliation of Evidence.

11. Attached hereto as Exhibit I is a true and correct copy of the expert report of Sebastian Schubl, M.D. and accompanying attachments.

12. Attached hereto as Exhibit J is a true and correct copy of the expert report of Andy Barnett, M.D. and accompanying attachments.

13. Attached hereto as Exhibit K is a true and correct copy of a chart note, produced in discovery in this action, created by Defendant Gubitz at 6:10 p.m. Central Time (4:10 p.m. Pacific Time on August 25, 2018) cited in Plaintiffs' accompanying Rule 37(e) Motion for Default Judgment and Other Sanctions Against Defendant Spokane County for Spoliation of Evidence.

14. Attached hereto as Exhibit L is a true and correct copy of an email, produced in discovery in this action, sent by Defendant Gubitz to her NaphCare superiors on August 26, 2018 cited in Plaintiffs' accompanying Rule 37(e) Motion for Default Judgment and Other Sanctions Against Defendant Spokane County for Spoliation of Evidence.

DECL. OF EDWIN S. BUDGE IN SUPPORT OF PLS.' SPOLIATION MOTION – Page 3

BUDGE & HEIPT, PLLC
ATTORNEYS AT LAW
808 E. Roy St.
SEATTLE, WA 98102
TELEPHONE: (206) 624-3060

15. Attached hereto as Exhibit M are true and correct excerpts from the Deposition of Emily Feely, M.D. (NaphCare's Chief Medical Officer at the time of Cindy Hill's death) cited in Plaintiffs' accompanying Rule 37(e) Motion for Default Judgment and Other Sanctions Against Defendant Spokane County for Spoliation of Evidence.

16. Attached hereto as Exhibit N are true and correct excerpts from the deposition of Spokane County Jail Officer Brett Janke cited in Plaintiffs' accompanying Rule 37(e) Motion for Default Judgment and Other Sanctions Against Defendant Spokane County for Spoliation of Evidence.

17. Attached hereto as Exhibit O are true and correct excerpts from the deposition of former NaphCare Certified Medical Assistant Justin Rogers cited in Plaintiffs' accompanying Rule 37(e) Motion for Default Judgment and Other Sanctions Against Defendant Spokane County for Spoliation of Evidence.

18. At the soonest available opportunity to do so under the Federal Rules of Civil Procedure, Plaintiffs issued discovery request to Defendant Spokane County in this action. True and correct copies of relevant excerpts of these requests and Defendant Spokane County's responses, are attached hereto as Exhibit P. The requests include the following:

> Request for Production No. 8: Produce all video footage showing Cindy Lou Hill or showing the outside of any cells in which she was confined.
>
> Request for Production No. 9: Produce all video footage showing cell 2W27 (the cell in which Cindy Hill was housed on the day of her death) as well as all video footage showing the hallway and exterior of her cell from the moment she was confined there on the morning of August 25, 2018 until her body was removed from the jail.

DECL. OF EDWIN S. BUDGE IN SUPPORT OF PLS.'
SPOLIATION MOTION – Page 4

BUDGE & HEIPT, PLLC
ATTORNEYS AT LAW
808 E. Roy St.
SEATTLE, WA 98102
TELEPHONE: (206) 624-3060

19. Defendant Spokane County did not object Plaintiff's Requests for Production Nos. 8 or 9. However, despite the fact that Cindy Hill was confined in Cell 2W27 from shortly after 9:00 a.m. until being found unresponsive at 5:24 p.m., the County produced only limited video excerpts from that period. The produced portions included a short segment, approximately 32 minutes in length, from the morning when Ms. Hill was first moved to Cell 2W27 (before the medical watch form was even initiated), and another segment beginning at 4:00 p.m. and running until 6:30 p.m.—after Ms. Hill was taken unresponsive to the hospital. The County did not produce any video for the 6-hour-and-45-minute period between 9:15 a.m. and 4:00 p.m.—the period during which *every* 30-minute check by jail officers, as well as Defendant Gubitz's afternoon visit, allegedly occurred.

20. In addition to the above, the County also produced preserved portions of video from the hallway outside Cell 3W04. These produced portions spanned the period from approximately 8:43 a.m. to 9:12 a.m.

21. I corresponded extensively with Spokane County's attorney, John Justice, about the fact that the County did not produce any video footage for the six-hour-and-45-minute period between approximately 9:15 a.m. and 4:00 p.m. After several exchanges between myself and Mr. Justice, I was advised that the County was unable to produce any video footage during that six-hour-and-45-minute period of time.

22. After learning that the County could not produce any of the critical video footage, I issued a deposition notice to Spokane County under Fed. R. Civ. P.

DECL. OF EDWIN S. BUDGE IN SUPPORT OF PLS.' SPOLIATION MOTION – Page 5

BUDGE&HEIPT, PLLC
ATTORNEYS AT LAW
808 E. Roy St.
SEATTLE, WA 98102
TELEPHONE: (206) 624-3060

30(b)(6). A true and correct copy of this deposition notice is attached hereto as Exhibit Q. The subjects of the Rule 30(b)(6) deposition outlined in the notice are as follows:

> Spokane County's policies, procedures and customs regarding the preservation or destruction of video surveillance from the Spokane County Jail, including but not limited to after the death of an inmate;
>
> Efforts undertaken to preserve surveillance video from the Spokane County Jail following the death of Cindy Lou Hill including, but not limited to, the identity of the person or persons charged with preserving the video, instructions concerning preservation of video, and why certain portions were preserved and other portions not preserved;
>
> Failure to preserve surveillance video from the Spokane County Jail following the death of Cindy Lou Hill and the disposition of portions of video surveillance not preserved;
>
> The portions of video surveillance produced to Plaintiffs in this action and the portions of video surveillance not produced to Plaintiffs in this action, including but not limited to why Spokane County did not produce surveillance video from the hallway outside Cell 2W27 between the hours of 9:15 a.m to 4:00 p.m. on the date of Cindy Lou Hill's death and why it did not produce video from outside Cell 3W04 before 8:43 a.m. on the date of Cindy Lou Hill's death; and
>
> Whether portions of video not produced in this action can be restored or replaced.

23. Spokane County designated the Administrative Lieutenant of Spokane County Detention Services, Don Hooper, as its Rule 30(b)(6) representative to testify about the foregoing topics. I deposed Mr. Hooper on July 21, 2021 pursuant to the Rule 30(b)(6) notice. Attached hereto as Exhibit R is a true and correct copy of the transcript of that deposition, cited in Plaintiffs' accompanying Rule 37(e)

DECL. OF EDWIN S. BUDGE IN SUPPORT OF PLS.'
SPOLIATION MOTION – Page 6

BUDGE & HEIPT, PLLC
ATTORNEYS AT LAW
808 E. Roy St.
SEATTLE, WA 98102
TELEPHONE: (206) 624-3060

Motion for Default Judgment and Other Sanctions Against Defendant Spokane County for Spoliation of Evidence.

24. Attached hereto as Exhibit S are true and correct excerpts from the deposition of Michael Sparber, Director of Spokane County Detention Services, cited in the accompanying Rule 37(e) Motion for Default Judgment and Other Sanctions Against Defendant Spokane County for Spoliation of Evidence.

25. My law firm has taken fifteen depositions in this case, including depositions of every jail officer whose handwriting appears on the medical watch form or who otherwise claims to have checked on Ms. Hill during her confinement in Cell 2W27, other jail personnel, and various current and former NaphCare medical personnel on the subject of Ms. Hill's jail confinement. In significant part, the aim of many of these depositions was to determine what may have happened, or did not happen, regarding any claimed monitoring of Ms. Hill during the course of her confinement in Cell 2W27 on August 25, 2018.

26. I have handled, as lead counsel or co-lead counsel, numerous civil cases on behalf of plaintiffs involving jail and prison deaths in a variety of federal district courts around the country. I routinely request and rely on jail and prison video surveillance evidence in these cases—including surveillance video from hallways and common areas—showing the actions and movements of jail and medical personnel relative to a deceased person's confinement. I have found that jail video surveillance evidence is often the best (and sometimes dispositive) evidence of the critical events, that it sometimes directly contradicts documentation created

DECL. OF EDWIN S. BUDGE IN SUPPORT OF PLS.'
SPOLIATION MOTION – Page 7

BUDGE&HEIPT, PLLC
ATTORNEYS AT LAW
808 E. Roy St.
SEATTLE, WA 98102
TELEPHONE: (206) 624-3060

by jail and medical staff, and that it is sometimes indispensable in determining the actions and inactions of jail and medical staff.

27. Certain portions of the exhibits attached to my declaration have been highlighted for the Court's convenience.

I declare under penalty of perjury under the laws of the United States that the foregoing statements are true and correct.

Executed this 17th day of December, 2021, at Seattle, Washington.

s/ <i>Edwin S. Budge</i>_____<br>Edwin S. Budge

DECL. OF EDWIN S. BUDGE IN SUPPORT OF PLS.'
SPOLIATION MOTION – Page 8

BUDGE⋅HEIPT, PLLC
ATTORNEYS AT LAW
808 E. Roy St.
SEATTLE, WA 98102
TELEPHONE: (206) 624-3060

# CERTIFICATE OF SERVICE

The undersigned certifies that on the date stated below this document was filed with the Clerk of the Court for the United States District Court for the Eastern District of Washington, via the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

| | |
|---|---|
| Ketia B. Wick, WSBA #27219<br>Erin E. Ehlert, WSBA #26340<br>Fain Anderson VanDerhoef Rosendahl<br>701 Fifth Avenue, Suite 4750<br>Seattle, WA 98104<br>ketia@favros.com<br>erine@favros.com<br>Attorneys for Defendants NaphCare, Inc., and Hannah Gubitz | John E. Justice, WSBA #23042<br>Law, Lyman, Daniel, Kamerrer & Bogdanovich, P.S.<br>PO Box 11880<br>Olympia WA 98508<br>jjustice@lldkb.com<br>(360) 754-3480<br>Attorney for Defendant Spokane County |

Dated this 17th day of December, 2021.

                                           s/ Edwin S. Budge
                                           Edwin S. Budge

DECL. OF EDWIN S. BUDGE IN SUPPORT OF PLS.' SPOLIATION MOTION – Page 9

BUDGE & HEIPT, PLLC
ATTORNEYS AT LAW
808 E. Roy St.
SEATTLE, WA 98102
TELEPHONE: (206) 624-3060