Budge & Heipt, PLLC
808 E. Roy St.
Seattle, WA 98102
(206) 624-3060

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THE ESTATE OF CINDY LOU HILL, by and through its personal representative, Joseph A. Grube; and CYNTHIA METSKER, individually,<br><br>Plaintiffs,<br>vs.<br><br>NAPHCARE, INC, an Alabama corporation; HANNAH GUBITZ, individually; and SPOKANE COUNTY, a political subdivision of the State of Washington,<br><br>Defendants. | No. 2:20-cv-00410-MKD<br><br>REPLY DECLARATION OF EDWIN S. BUDGE IN SUPPORT OF PLAINTIFFS' SPOLIATION MOTION |

EDWIN S. BUDGE, declare as follows:

1. I am over the age of 18, am competent to testify in this matter, and make this declaration based on my personal knowledge.

2. I am one of the attorneys for the plaintiffs in this matter.

3. Nearly ten months ago, on March 22, 2021, counsel for Spokane County produced a variety of jail surveillance videos to my office in response to Plaintiffs' Requests for Production. These included a myriad of camera angles and

REPLY DECL. OF EDWIN S. BUDGE – Page 1

views, such as views of a lobby area, elevators, a sally port area, a module area, and other angles with little or no relevance to the instant litigation. Among the videos produced on that date was a video of approximately seven hours and 26 minutes of footage showing a hallway that is different from the hallway outside Cell 2W27. This surveillance footage depicts a wide hallway with black file containers fastened to a wall on the left side of the screen, along with a curved desk area on the right side of the screen. True and correct copies of screenshots from this video are attached hereto as Exhibits A.1, B.1, C.1, D.1, and E.1. At the far end of this hallway, one can see a doorway that appears to lead to the hallway that contained Ms. Hill's cell. For much of the video, even that that doorway is mostly obscured.

4. The *relevant* hallway, however, is the hallway directly outside Cell 2W27 as described in detail in Plaintiffs' December 17, 2021 Rule 37(e) Motion for Default Judgment and Other Sanctions Against Defendant Spokane County for Spoliation of Evidence and supporting materials. This video is of the hallway immediately outside cell 2W27 where Cindy Hill was confined on her last day in the jail. Of the 2W27 hallway video, Spokane County only produced two segments. One such segment, approximately 32 minutes in length, runs from approximately 9:43 a.m. to 9:15 a.m. The other segment, approximately 2 and ½ hours in length, runs from approximately 4:00 p.m. to 6:30 p.m. No video from the relevant 2W27 hallway has ever been produced for the approximately 6-hour-and-45-minute period between 9:15 a.m. and 4:00 p.m. when all of the alleged activity critical to this case took place.

BUDGE◦HEIPT, PLLC
ATTORNEYS AT LAW
808 E. Roy St.
SEATTLE, WA 98102
TELEPHONE: (206) 624-3060

5. True and correct copies of screenshots from the preserved segments of 2W27 Hallway Video are attached hereto as Exhibits A, B, C, D, and E. This video depicts a narrow hallway with cells on the right-hand side of the screen. One such cell contains the stenciled number "2W29" above the cell door in black letters. Two doors beyond that is Cell 2W27.

6. By comparing the two videos (the 2W27 hallway video with the other video referenced above), it is easy to demonstrate that the camera view from the spoliated section (i.e., the 2W27 hallway video) is entirely different from, and vastly superior to, the view shown by the other video the County's lawyer incorrectly claims "rectif[ies]" its destruction of evidence. In fact, as stated, the other video is from a different hallway and does not even show Cell 2W27 or any of the adjacent cells in that hallway. This is demonstrated in the series of screenshots attached hereto as Exhibits A, A.1, B, B.1, C, C.1, D, D.1, E, and E.1 created by my office from the produced video to illustrate the distinction.

7. Exhibit A is a screenshot from the crucial 2W27 hallway surveillance camera at 9:10:22 a.m. This screenshot is part of the limited morning segment the County properly preserved and produced. The 9:10:22 a.m. screenshot shows that Cindy Hill has been taken in a wheelchair to Cell 2W27. The video shows Ms. Hill sitting in the wheelchair with a female officer, directly outside Cell 2W27 just before being put inside the cell. Exhibit A.1 is a screenshot from the exact same time, taken from the other video that the County references in its response brief. The screenshot from that video—recorded simultaneously with the 2W27 hallway

BUDGE & HEIPT, PLLC
ATTORNEYS AT LAW
808 E. Roy St.
SEATTLE, WA 98102
TELEPHONE: (206) 624-3060

video—shows none of what can been seen in the 2W27 video. Ms. Hill not visible. Her cell is not visible. The female officer is not visible. No adjacent cells are visible. It is a different video taken of different hallway in a different location.

8. Exhibit B is a screenshot from the crucial 2W27 hallway surveillance camera at 4:26:46 p.m. This screenshot is part of the limited afternoon segment the County properly preserved and produced. The 4:26:46 p.m. screenshot shows a jail officer with his hands on the outside of Cell 2W27, peering in through the glass viewing window. Exhibit B.1 is a screenshot from the exact same time, taken from the other video referenced by the County in its response brief. The screenshot from that video—again, recorded simultaneously with the hallway video in question—clearly shows that it is from a different part of the jail in a different hallway. The officer is not visible. Ms. Hill's cell is not visible. No adjacent cells are visible. It is a different video taken of a different hallway in a different location.

9. Exhibit C is a screenshot from the crucial 2W27 hallway surveillance camera at 4:28:27 p.m. This screenshot is part of the limited afternoon segment the County properly preserved and produced. The 4:28:27 p.m. screenshot shows a jail officer with his right hand at the food slot on the outside of Cell 2W27. Exhibit C.1 is a screenshot from the exact same time, taken from the other video referenced by the County in its response brief. The screenshot from that video—again, recorded simultaneously with the hallway video in question—clearly shows that it is from a different part of the jail in a different hallway. The officer is not visible. Ms. Hill's cell is not visible. No adjacent cells are visible. It is a different video taken of a different hallway in a different location.

BUDGE & HEIPT, PLLC
ATTORNEYS AT LAW
808 E. Roy St.
SEATTLE, WA 98102
TELEPHONE: (206) 624-3060

10. Exhibit D is a screenshot from the crucial 2W27 hallway surveillance camera at 5:25:19 p.m. This screenshot is part of the limited evening segment the County properly preserved and produced. The 5:25:19 p.m. screenshot shows a jail officer standing at the door outside of Cell 2W27 when Ms. Hill was first found unresponsive inside. Exhibit D.1 is a screenshot from the exact same time, taken from the other video referenced by the County in its response brief. The screenshot from that video—again, recorded simultaneously with the hallway video in question—clearly shows that it is from a different part of the jail in a different hallway. The officer is not visible. Ms. Hill's cell is not visible. No adjacent cells are visible. It is a different video taken of a different hallway in a different location.

11. Exhibit E is a screenshot from the crucial 2W27 hallway surveillance camera at 5:26:32 p.m. This screenshot is part of the limited evening segment the County properly preserved and produced. The 5:26:32 p.m. screenshot shows a group of people in the hallway outside of Cell 2W27 when Ms. Hill has just been dragged from her cell into the jail hallway. Exhibit E.1 is a screenshot from the exact same time, taken from the other video referenced by the County in its response brief. The screenshot from that video—again, recorded simultaneously with the hallway video in question—clearly shows that it is from a different part of the jail in a different hallway. No people are visible. Ms. Hill's cell is not visible. It is a different video taken of a different hallway in a different location.

12. On January 4, 2022, I received a telephone call from John Justice, the attorney for Spokane County. Mr. Justice stated that his office had located surveillance video that had not been earlier produced in discovery. Mr. Justice stated

BUDGE✥HEIPT, PLLC
ATTORNEYS AT LAW
808 E. Roy St.
SEATTLE, WA 98102
TELEPHONE: (206) 624-3060

that he did not know why his office failed to produce the video, that it was an error committed by his office, and that new video would be produced later that same day. Mr. Justice sent an email shortly after the conversation, stating that he would be producing a "segment [that] was somehow not included" in earlier production "that depicts the hallway outside of 2W27 from approximately 9:30 a.m. until 5 p.m." A true and correct copy of this email from Mr. Justice is attached hereto as Exhibit F. Later that day, the County's lawyer did, in fact, produce jail surveillance video by providing a Dropbox link in an email. I then reviewed that video, expecting to see novel or different video from what the County had produced earlier in the litigation on March 22, 2021.

13. Surprisingly, however, the video produced by the County's lawyer on January 4, 2022 turned out to be nothing other than a duplicate of video footage that the County had produced on March 22, 2021. There is nothing new or different about the video produced on January 4, 2022 compared to the video produced on March 22, 2021. It is the same video footage we've had for nearly ten months. And while it includes seven hours and 26 minutes of jail surveillance from a different hallway, this surveillance is *not*, as the County's counsel now claims, "from the hallway outside cell 2W27" and it is video of a *different* hallway that appears to be in the 2-West section of the jail or its vicinity. It is not the video that is the subject of the instant motion. None of the cell doors that line the hallway outside of Cell 2W27 can be seen in this video so it is not possible to accurately tell from it whether any person specifically visits Cell 2W27 at any time. While this other video it appears to be in the general vicinity of the relevant hallway and shows a door in the far

REPLY DECL. OF EDWIN S. BUDGE – Page 6

BUDGE⊛HEIPT, PLLC
ATTORNEYS AT LAW
808 E. Roy St.
SEATTLE, WA 98102
TELEPHONE: (206) 624-3060

distance that appears to lead to the 2W27 hallway, it is not (unlike the video that was spoliated) video of the hallway itself.

14. In my declaration of December 17, 2021, I described the Rule 30(b)(6) deposition of Spokane County, through its designee, Don Hooper. The County did not permit the deposition to occur until July 21, 2021. The Rule 30(b)(6) deposition transcript was generated by the court reporter on July 27, 2021, and the County's Rule 30(b)(6) designee had 30 days after that to review and correct the transcript. Moreover, the County did not permit the deposition of the Director of Spokane County Detention Services until August 16, 2021. That transcript was generated on August 23rd, and the deponent had until 30 days after that to review and correct the transcript. Plaintiffs filed their motion less than two months after that. The motion was filed well in advance of the dispositive motions deadline set by the Court (*see* ECF 14) and nearly seven full months before trial.

I declare under penalty of perjury under the laws of the United States that the foregoing statements are true and correct.

Executed this 11th day of January, 2022, at Seattle, Washington.

s/ *Edwin S. Budge*
Edwin S. Budge

REPLY DECL. OF EDWIN S. BUDGE – Page 7

BUDGE&HEIPT, PLLC
ATTORNEYS AT LAW
808 E. Roy St.
SEATTLE, WA 98102
TELEPHONE: (206) 624-3060

# CERTIFICATE OF SERVICE

The undersigned certifies that on the date stated below this document was filed with the Clerk of the Court for the United States District Court for the Eastern District of Washington, via the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

| | |
|---|---|
| Ketia B. Wick, WSBA #27219<br>Erin E. Ehlert, WSBA #26340<br>Fain Anderson VanDerhoef Rosendahl<br>701 Fifth Avenue, Suite 4750<br>Seattle, WA 98104<br>ketia@favros.com<br>erine@favros.com<br>Attorneys for Defendants NaphCare, Inc., and Hannah Gubitz | John E. Justice, WSBA #23042<br>Law, Lyman, Daniel, Kamerrer & Bogdanovich, P.S.<br>PO Box 11880<br>Olympia WA 98508<br>jjustice@lldkb.com<br>(360) 754-3480<br>Attorney for Defendant Spokane County |

Dated this 11th day of January, 2022.

    s/ Edwin S. Budge
Edwin S. Budge

REPLY DECL. OF EDWIN S. BUDGE – Page 8

BUDGE & HEIPT, PLLC
ATTORNEYS AT LAW
808 E. Roy St.
SEATTLE, WA 98102
TELEPHONE: (206) 624-3060