# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THE ESTATE OF CINDY LOU HILL, by and through its personal representative, Joseph A. Grube; and CYNTHIA METSKER, individually,<br><br>                      Plaintiffs,<br>vs.<br><br>NAPHCARE INC., an Alabama corporation; HANNAH GUBITZ, individually; and SPOKANE COUNTY, a political subdivision of the State of Washington.<br><br>                      Defendants. | NO. 2:20-cv-00410-MKD<br><br>**DEFENDANT SPOKANE COUNTY'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT**<br><br>**NOTE ON MOTION CALENDAR:** Monday, March 7, 2022<br><br>**WITHOUT ORAL ARGUMENT** |

## I. MOTION

Defendant Spokane County by and through its attorney of record, moves this Court pursuant to Fed. R. Civ. P. 56 for an order of summary judgment.[1]

## II. FACTS

On August 21, 2018, Cindy Lou Hill was arrested and booked into the Spokane County Jail. Dkt. 1, pg. 7-8. She was placed on an opioid withdrawal protocol because she informed

---

[1] This motion does not address plaintiffs' claims against co-defendants NaphCare, Inc. and Hannah Gubitz.

**DEFENDANT SPOKANE COUNTY'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT – 1**
**Cause No.: 2:20-cv-00410-MKD**

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA 98512*
*P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480 FAX: (360) 357-3511*

Jail medical (NaphCare personnel) that she was an active heroin user. *Id.* On August 25, 2018, in the morning, Ms. Hill was moved to cell 2W27, in a different section of the Jail, known as 2 West, and placed on medical watch at the request of a NaphCare nurse. *Id.*, pg. 11. Section 2 West is used for inmates on a watch for several reasons, including that:

1. There are more Jail staff on duty in that area to monitor inmates; and

2. The cells are modified to accommodate inmates on suicide watch as well.

*Justice Dec.,* ex. 1, pp. 10-11.

Inmate housed in Section 2 West for a medical watch have a form posted outside their cell that has observational entries made during periodic cell checks – in this case every thirty minutes. *Id.*, ex. 1, pg. 25; Exhibit 2 to the Deposition of Don Hooper. Corrections officers are trained that during cell checks they should look "for distress or duress. Is the person in pain, obvious pain, or distress." *Id.*, ex. 1, pg. 17. The Jail also had a cell check policy not specific to 2 West. *Id.*, ex. 1, pg. 30; Exhibit 3 to the Deposition of Don Hooper. The main difference between general population cell checks and "medical watch" cell checks was observational entries placed on the watch form. *Id.*, ex. 1, pp. 30-31.

In the case of Ms. Hill, she had a medical watch form posted outside her cell once she was placed in Cell 2W27. *Id.*, ex. 1, pg. 37, Exhibit 4 to the Deposition of Don Hooper. That form contains entries for checks conducted at least every thirty minutes from 10:15 a.m. to 3:20 p.m. on August 25, 208. *Id.* Video from the area near Cell 2W27 also shows NaphCare medical personnel conducting medical checks on 2 West beginning at approximately 2:45 p.m. including going to a location outside Ms. Hill's cell. *Justice Dec.*, ex. 2 (beginning at mark 5:30:30). This corresponds with a reported visit to Ms. Hill's cell by NaphCare Nurse Hannah Gubitz. *Justice Dec.*, ex. 4, pg. 198. Video from inside the hallway where Cell 2W27 is located

**DEFENDANT SPOKANE COUNTY'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT – 2**
**Cause No.: 2:20-cv-00410-MKD**

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
ATTORNEYS AT LAW
2674 R.W. JOHNSON RD. TUMWATER, WA 98512
P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480 FAX: (360) 357-3511

shows a Corrections Officer checking Cell 2w27 at approximately 4:07 p.m., but that check was not entered on the medical watch form. *Justice Dec.*, ex. 3, (beginning at mark 0:07:49).

At approximately 4:26 p.m. to 4:29 p.m., video shows a corrections officer serving Ms. Hill a meal and communicating with her. *Id.*, (beginning at mark 0:26.28). That cell check was not also entered on the medical watch form. *Justice Dec.*, ex. 1, pg. 37, Exhibit 4 to the Deposition of Don Hooper. The video does not show a cell check between approximately 4:29 p.m. and when Ms. Hill was found unresponsive in her cell at approximately 5:24 p.m. *Justice Dec.*, ex. 3. No checks were recorded on the watch form during that time period. Unfortunately, efforts to revive Ms. Hill were unsuccessful and she was later pronounced dead at Sacred Heart Medical Center. *Justice Dec.*, ex. 5, pg. 3.

The Spokane County Sheriff's Office investigated Ms. Hill's death, both at the Hospital and at the Jail. *Id.* This included interviewing all Jail Corrections officers who had contact with Ms. Hill prior to her death, other inmates, an inspection of her cell and Jail records, and a review of the available video surveillance. *Id.*, pp. 12-16.

The Spokane County Medical Examiner's Office performed an autopsy on Ms. Hill. *Id.*, pp. 26-28. The autopsy report concluded that the cause of Ms. Hill's death was "acute bacterial peritonitis due to ruptured duodenal-liver adhesions with perforation of duodenum." *Id.*, pg. 27. Manner of death was ruled "natural." *Id.*

The plaintiffs' complaint alleges the following causes of action against Spokane County:

1. Denial of adequate medical care and inhumane conditions of confinement under the Fourteenth Amendment;

2. Negligence under state law.

Dkt. 1, pp. 21-22.

**DEFENDANT SPOKANE COUNTY'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT** – 3
**Cause No.: 2:20-cv-00410-MKD**

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA 98512*
*P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480 FAX: (360) 357-3511*

## II. LAW AND ARGUMENT

### A. Standards on Summary Judgment.

Summary judgment "is an important procedure 'designed to secure the just, speedy and inexpensive determination of every action.'" *Smith v. Board of County Commissioners*, 216 F.Supp.2d 1209, 1213-1214 (D. Kan. 2002), *quoting, Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548 (1986). Under FRCP 56(c), summary judgment should be granted if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505 (1986). The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment . . . Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." 477 U.S. at 247-248.

The "party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." 477 U.S. at 248, *quoting, First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288-289, 88 S.Ct. 1575 (1968) (emphasis added.) When "the nonmoving party has the burden of proof at trial, the moving party need only point out 'that there is an absence of evidence to support the nonmoving party's case.'" *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001). *See also Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 532 (9th Cir.2000) (holding that the *Celotex* "showing" can be made by "pointing out through argument--the absence of evidence to support plaintiff's claim").

**DEFENDANT SPOKANE COUNTY'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT** – 4
**Cause No.: 2:20-cv-00410-MKD**

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
ATTORNEYS AT LAW
2674 R.W. JOHNSON RD. TUMWATER, WA 98512
P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480 FAX: (360) 357-3511

**B. Plaintiffs' Fourteenth Amendment Claim against Spokane County should be Dismissed on Summary Judgment.**

**1. Constitutional Provision and Standard for Liability.**

In any claim brought under 42 U.S.C. § 1983, the constitutional provision or federal statutory right allegedly violated must be identified. *Albright v. Oliver,* 510 U.S. 266, 271, 114 S.Ct. 807 (1994) ("Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred. . . The first step in any such claim is to identify the specific constitutional right allegedly infringed." (internal citation omitted)) Plaintiffs assert that Spokane County violated the Fourteenth Amendment concerning Ms. Hill. Dkt. 1, pg. 21.

The elements of a pretrial detainee's Fourteenth Amendment medical care claim are as follows:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved— making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's damages.

*Gordon v. County of Orange, et al.,* 888 F.3d 1118, 1125 (9th Cir. Apr. 30, 2018).

"With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily 'turn[ ] on the facts and circumstances of each particular case.' " *Id., quoting, Castro v. County of Los Angeles,* 833 F.3d 1060, 1071 *(9th Cir. 2016).* The " 'mere lack of due care by a state official' does not deprive an individual of life, liberty, or property under the Fourteenth Amendment." *Id.* Thus, the plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Id.*

**DEFENDANT SPOKANE COUNTY'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT – 5**
**Cause No.: 2:20-cv-00410-MKD**

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA 98512*
*P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480 FAX: (360) 357-3511*

The fourth element, causation, requires actual and proximate cause. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). Even in analyzing § 1983 claims, the Court looks to traditional tort law to determine causation, including whether intervening causes have broken the chain of proximate causation. *See Van Ort v. Estate of Stanewich*, 92 F.3d 831, 837 (9th Cir. 1996).

Plaintiffs' Complaint also asserts a claim under the Fourteenth Amendment for alleged "inhumane conditions of confinement." Dkt. 1, pg. 21-22. Changes in conditions so severe as to affect the sentence imposed in an unexpected manner implicate the Due Process Clause itself, whether or not they are authorized by State law. *See Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). Plaintiffs do not appear to allege a liberty interest flowing from the Due Process Clause.

The Constitution itself does not confer on a prisoner a liberty interest in avoiding "more adverse conditions of confinement." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). However, deprivations that are less severe or more closely related to the expected terms of confinement may also amount to deprivations of a procedurally protected liberty interest, provided (1) that State statutes or regulations narrowly restrict the power of prison officials to impose the deprivation, i.e., give the inmate a kind of right to avoid it, and (2) that the liberty in question is one of "real substance." *Sandin,* at 477–87. "Real substance" will generally be limited to freedom from (1) *restraint* that imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," *id.* at 484, or (2) State action that "will inevitably affect the duration of [a] sentence," *id.* at 487. *See, Bryant v. Cortez,* 536 F. Supp. 2d 1160, 1166-67 (C.D. Cal. 2008) (18-month stay in administrative segregation causing "mental stress" did not implicate Due Process Clause). Plaintiffs must therefore establish a Jail policy or practice that

**DEFENDANT SPOKANE COUNTY'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT – 6**
**Cause No.: 2:20-cv-00410-MKD**

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA 98512*
*P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480 FAX: (360) 357-3511*

violates state law *and* imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."

**2. Municipal Liability under 42 U.S.C. § 1983.**

Municipal liability under 42 U.S.C. § 1983 is not established by the employment relationship between a municipality and its employees under a theory of respondeat superior. *Monell v. N.Y. City Dept. of Soc. Svcs.*, 436 U.S. 658, 694, 98 S.Ct. 2018 (1978):

> [A] local government may not be sued under § 1983 for any injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

To "impose *Monell* liability on their municipality under Section 1983, plaintiffs must prove: (1) [plaintiff] had a constitutional right of which he was deprived; (2) the municipality had a policy; (3) *the policy amounts to deliberate indifference to his constitutional right*; and (4) 'the policy is the moving force behind the constitutional violation.'" *Gordon v. Couny of Orange*, 6 F.4th 961 (2021), *quoting, Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (emphasis added).

If the plaintiffs attempt to impose municipal liability under § 1983 based entirely on a single incident, they must demonstrate that the incident "was caused by an existing ***unconstitutional municipal policy***, which policy can be attributed to a municipal policy maker." *Oklahoma City v. Tuttle*, 471 U.S. 808, 824, 105 S.Ct. 2427 (1985). In the absence of an existing unconstitutional policy, "considerably more proof than the single incident will be necessary in every case to establish both requisite fault on the part of the municipality, and the causal connection between the 'policy' and constitutional deprivation." *Id.* any complaint by Plaintiff that a County employee departed from its Constitutional policies does not give rise to a

**DEFENDANT SPOKANE COUNTY'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT** – 7
**Cause No.: 2:20-cv-00410-MKD**

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA 98512*
*P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480  FAX: (360) 357-3511*

viable *Monell* claim. *See, e.g., Ramirez v. County of Los Angeles*, 397 F. Supp. 2d 1208, 1214 (C.D. Cal. 2005)("[W]ith respect to the *Monell* claim against Los Angeles County, the motion [for summary judgment] is granted. Plaintiff has presented no evidence that Det. Bravo's actions reflect any custom, policy, practice or procedure of Los Angeles County, and, indeed, the record contains evidence that Det. Bravo's violation of established policies and practices of the Sheriff's Department contributed to the Constitutional deprivations alleged in this case."); *Hernandez v. City of Corpus Christi*, 820 F. Supp. 2d 781, 811 (S.D. Tex. 2011)("There is simply no evidence that the City somehow excused Smith from complying with its antidiscrimination policies. If anything, Plaintiff's arguments demonstrate that Smith failed to act in accordance with City policy, not that official City policy is itself to blame.")

As in *Gordon*, plaintiffs cannot establish *Monell* liability against Spokane County because they cannot establish that the Spokane County Jail had an unconstitutional policy or practice that was deliberately indifferent to Ms. Hill's constitutional rights and was a moving force behind the constitutional violation.

In *Gordon,* for example, a pretrial detainee died in jail custody due to alleged inadequate medical care. *Gordon v. County of Orange, et al.,* 6 F.4th 961 (9th Cir. 2021).[2] The detainee, Matthew Gordon, was admitted to the general population after booking and had an identification card that stated "Medical Attention Required." *Id*. at 966. Plaintiffs alleged two of the cell checks performed on Gordon violated the law. Significantly, California state law provided that "[a] sufficient number of personnel shall be employed in each local detention facility to conduct at

---

[2] This is the opinion following remand from an earlier appeal, 888 F.3d 1118 (2018) cited, *supra*. This opinion following remand did not alter the test for a denial of adequate medical care under the Fourteenth Amendment set forth in the Court's 2018 opinion.

**DEFENDANT SPOKANE COUNTY'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT – 8**
**Cause No.: 2:20-cv-00410-MKD**

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA 98512*
*P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480 FAX: (360) 357-3511*

least hourly safety checks of inmates through *direct visual observation* of all inmates." 15 C.C.R. § 1027 (effective September 19, 2012) (emphasis added). *Id.* The Jail's policy required that staff "will conduct safety checks from a location which provides a clear, *direct view* of each inmate"; "observe each inmate's presence and apparent condition and investigate any unusual circumstances or situations"; and "pay special attention to areas with low visibility." *Id.* at 967 (emphasis added).

In evaluating whether or not the Jail corrections officers were entitled to qualified immunity, the Court framed the issue as follows: "whether, as a pretrial detainee, Gordon had a constitutional right to direct-view safety checks when he was *known* to require medical attention." *Id.*, at 972 (emphasis added). The Court then acknowledged that it was "not aware of any precedent expressly recognizing a detainee's right to direct-view safety checks sufficient to determine whether their presentation indicates the need for medical treatment." *Id.* As a result, the Jail deputy was entitled to qualified immunity "because the due process right to an adequate safety check for pretrial detainees was not clearly established at the time of the incident." *Id.* at 973.

The Court in *Gordon* went on to examine the municipal liability claim for the alleged inadequate cell checks. The plaintiffs argued that the Jail's policy of "a low-visibility safety check resulted in the provision of inadequate medical care." However, the Court affirmed summary judgment for the County on the *Monell* claim, because:

> plaintiff did not identify any other instance [in which]. . . a low-visibility safety check resulted in the provision of inadequate medical care." Generally, "a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985). Where no argument exists that the express policies themselves were unconstitutional, plaintiff was required to produce evidence creating a triable issue of fact regarding the existence of an unconstitutional

**DEFENDANT SPOKANE COUNTY'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT – 9**
**Cause No.: 2:20-cv-00410-MKD**

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA 98512*
*P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480 FAX: (360) 357-3511*

practice or custom. *See Christie v. Iopa*, 176 F.3d 1231, 1235 (9th Cir. 1999) ("A single constitutional deprivation ordinarily is insufficient to establish a longstanding practice or custom."). However, the record lacks evidence of any other event involving similar conduct or constitutional violations and plaintiff's reference to the subsequent changes to operating procedures is insufficient.

Spokane County Jail's existing cell check policy and watch cell policy have not been shown to be expressly unconstitutional. Plaintiffs may argue that having corrections officers make the observations of a person on medical watch is a bad idea. However, the Constitution does not require that medically trained persons conduct regular cell checks in Jail, even for a person on "medical watch." *See, Gordon*, supra, 6 F.4th at 972, (in opinion dated July, 2021 "we are not aware of any precedent expressly recognizing a detainee's right to direct-view safety checks sufficient to determine whether their presentation indicates the need for medical treatment.") As a result, they cannot establish, as a matter of law, "that plaintiff had a constitutional right of which he was deprived" or that the Jail's policies or practices "amount[] to deliberate indifference to his constitutional right." *See, Tuttle*, *supra* 471 U.S. at 824 (In the absence of an existing unconstitutional policy, "considerably more proof than the single incident will be necessary in every case to establish both requisite fault on the part of the municipality, and the causal connection between the 'policy' and constitutional deprivation.") Nor have plaintiffs presented evidence "of other event[s] involving similar conduct or constitutional violations."

Plaintiffs have also failed to establish that placing Ms. Hill on medical watch for one day, at the request of a NaphCare nurse, violated state law and imposed an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."

Plaintiffs' *Monell* claims based on the Fourteenth Amendment for denial of adequate medical care and inhumane conditions of confinement under the Fourteenth Amendment should be dismissed on summary judgment.

**DEFENDANT SPOKANE COUNTY'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT – 10**
**Cause No.: 2:20-cv-00410-MKD**

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
2674 R.W. JOHNSON RD. TUMWATER, WA 98512
P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480 FAX: (360) 357-3511

### D. State Law Negligence Claim.

Plaintiffs' second cause of action is directed at Spokane County for alleged negligence. Dkt. 1, pg. 22. In the Jail-inmate context, the plaintiffs must present evidence that the County failed to exercise reasonable care for Ms. Hill's safety as an inmate and thereby breached a duty owed to her. *Shea v. City of Spokane*, 17 Wn.App. 236, 241, 562 P.2d 264 (1977), *aff'd*, 90 Wn.2d 43, 44, 578 P.2d 42 (1978).

First, the it is not clear what Spokane County or its employees did that was negligent. There is no evidence that Spokane County hindered or prevented Ms. Hill from having access to medical care from the time she was booked up to the time of her death. She was regularly seen by a NaphCare nurse and the evidence shows only one cell check that did not occur as scheduled. Thus, there is no evidence that a duty of reasonable care was breached.

A claim for negligence also requires that the breach of a duty be a proximate cause of the claimed injury or damages. *Hartley v. State*, 103 Wn.2d 768, 777 (1985). The issue of proximate cause can be decided on summary judgment, "where reasonable minds could not differ." *Bowers v. Marzano*, 170 Wn. App. 498, 506 290 P.3d 134 (2012). There are two elements of proximate cause: cause in fact and legal causation. *Harbeson v. Parke-Davis, Inc.*, 98 Wn.2d 460, 474-75, 656 P.2d 483 (1983).

Cause in fact is lacking if the plaintiff's injury would have occurred without defendant's breach of duty. *Walker v. Transamerica Title Insurance*, 65 Wn. App. 399 (1992). There is "cause-in-fact if a plaintiff's injury would not have occurred "but for" the defendant's negligence." *Estate of Bordon ex rel. Anderson v. State*, 122 Wn. App. 227, 240, 95 P.3d 764 (2004). When the connection between a defendant's conduct and the plaintiff's injury is too speculative and indirect, the cause in fact requirement is not met. *Taggart v. State*, 117 Wn.2d

**DEFENDANT SPOKANE COUNTY'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT – 11**
**Cause No.: 2:20-cv-00410-MKD**

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA 98512*
*P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480 FAX: (360) 357-3511*

195, 227 (1992). "[P]roximate cause may be a question of law for the court if the facts are undisputed, the inferences are plain and inescapable, and reasonable minds could not differ." *Bordon*, 122 Wn. App. at 239.

In *Walters v. Hampton*, 14 Wn. App. 548, 556, 543 P.2d 648 (1975), the Court explained that factual causation "requires a sufficiently close, actual connection between the complained of conduct and the resulting injuries. Where inferences from the facts are remote or unreasonable, as here, factual causation is not established as a matter of law." The evidence establishing proximate cause must rise above speculation, conjecture, or mere possibility. *Reese v. Stroh*, 128 Wn.2d 300, 309, 907 P.2d 282 (1995).

In this case, Ms. Hill died from a medical condition that was unknown at the time of her incarceration. Nevertheless, the Jail ensured Ms. Hill had access to medical care, and in fact, she was seen by a NaphCare Registered Nurse just hours before she was discovered unresponsive in her cell. Plaintiffs may argue that had Ms. Hill been checked more frequently her death would have been prevented, but that is speculation, which cannot support proximate cause.

## IV. CONCLUSION

For the foregoing reasons, defendant Spokane County requests the Court grant its motion for summary judgment on all claims against it.

DATED this 14th day of January, 2022.

LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.

/s/ *John E. Justice*

John E. Justice, WSBA № 23042
Attorney for Defendant Spokane County
Email: jjustice@lldkb.com

**DEFENDANT SPOKANE COUNTY'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT – 12**
**Cause No.: 2:20-cv-00410-MKD**

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
ATTORNEYS AT LAW
2674 R.W. JOHNSON RD. TUMWATER, WA 98512
P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480 FAX: (360) 357-3511

# CERTIFICATE OF FILING & SERVICE

I certify under penalty of perjury under the laws of the United States of America and the State of Washington that on the date specified below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which constitutes service on the following under LCivR 5(b):

***Counsel for Plaintiffs***
Erik J. Heipt, WSBA #28113
Edwin S. Budge, WSBA #24182
Hank Balson, WSBA #29250
Budge & Heipt PLLC
808 East Roy Street
Seattle, WA 98102
erik@budgeandheipt.com
ed@budgeandheipt.com
hank@budgeandheipt.com

***Counsel for Defendant Naphcare & Gubitz***
Ketia B. Wick, WSBA #27219
Erin E. Ehlert, WSBA # 26340
Fain Anderson VanDerhoef Rosendahl O'Halloran Spillane
701 Fifth Avenue, Suite 4750
Seattle, WA 98104
ketia@favros.com
**erine@favros.com**

DATED this 14th day of January, 2022, at Tumwater, WA.

*/s/ John E. Justice*

John E. Justice

**DEFENDANT SPOKANE COUNTY'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT – 13**
**Cause No.: 2:20-cv-00410-MKD**

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
ATTORNEYS AT LAW
2674 R.W. JOHNSON RD. TUMWATER, WA 98512
P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480  FAX: (360) 357-3511