**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| THE ESTATE OF CINDY LOU HILL, by and through its personal representative, Joseph A. Grube; and CYNTHIA METSKER, individually,<br><br>Plaintiffs,<br>vs.<br><br>NAPHCARE INC., an Alabama corporation; HANNAH GUBITZ, individually; and SPOKANE COUNTY, a political subdivision of the State of Washington.<br><br>Defendants. | NO. 2:20-cv-00410-RMP<br><br>**SPOKANE COUNTY'S SUPPLEMENTAL BRIEFING RE PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT** |

## I. INTRODUCTION

The Court provided an opportunity for the parties to submit supplemental briefing regarding plaintiffs' motion for default judgment on two issues: 1) Can the Court enter a default judgment against Spokane County when the County is contesting its liability in a pending summary judgment motion?; and 2) If the Court determines that a sanction under

**SPOKANE COUNTY'S SUPPLEMENTAL BRIEFING RE PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT – 1**
**Cause No.: 2:20-cv-00410-RMP**

*LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.
ATTORNEYS AT LAW
2674 R.W. JOHNSON RD. TUMWATER, WA 98512
P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480 FAX: (360) 357-3511*

Fed. R. Civ. P. 37 (e)(2) is warranted, should the Court consider the impact of any sanction against Spokane County on co-defendant NaphCare?[1]  Dkt. Entry 49.

## II.  RELEVANT FACTS

On August 21, 2018, Ms. Cindy Lou Hill was arrested and booked into the Spokane County Jail.  Dkt. 1, pg. 7-8.  She was placed on an opioid withdrawal protocol because she informed Jail medical (NaphCare personnel) that she was an active heroin user.  *Id.*  On August 25, 2018, in the morning, Ms. Hill was moved to cell 2W-17, in a different section of the Jail at the request of a NaphCare nurse.  *Id.*, pg. 11.  Ms. Hill was found unresponsive in her cell at approximately 5:24 p.m. on August 25, 2018.  *Id.*, pg. 13.  Efforts to revive her were unsuccessful and she was later pronounced dead at Sacred Heart Medical Center.  *Id.*, pg. 14; Dkt. 33., ex. 1, pg. 3.

The Spokane County Sheriff's Office investigated Ms. Hill's death, both at the Hospital and at the Jail.  *Id.*  This included interviewing all Jail Corrections officers who had contact with Ms. Hill prior to her death, other inmates, an inspection of her cell and Jail records, and a review of the available video surveillance.  *Id.*, pp. 12-16.

The Spokane County Medical Examiner's Office performed an autopsy.  *Id.*, pp. 26-28 .  The autopsy report concluded that the cause of Ms. Hill's death was "acute bacterial peritonitis due to ruptured duodenal-liver adhesions with perforation of duodenum."  *Id.*, pg. 27.  Manner of death was ruled "natural."  *Id.*

The Jail has a video monitoring system that records the video and preserves the footage for 60 days.  Dkt. 29-18, pg. 6-7.  The recorded footage is written over beginning on day 61.  *Id.*,

---

[1] This is a paraphrasing of the Court's statement of issues.

**SPOKANE COUNTY'S SUPPLEMENTAL BRIEFING RE PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT – 2**
**Cause No.: 2:20-cv-00410-RMP**

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
2674 R.W. JOHNSON RD. TUMWATER, WA  98512
P.O. BOX 11880  OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480   FAX: (360) 357-3511

pg. 8. Typically, the portion of video preserved following the death of an inmate at the Jail is based on the request of the investigating detectives. *Id.*, pg. 9. Video footage can also be preserved based on a request from a Jail Sergeant or Lieutenant. *Id.*

Plaintiffs' counsel submitted a request for production in this case on or about December 14th, 2020. Dkt. 33, pp. 1-2. Request for Production 8, therein, requested "all video footage showing Cindy Lou Hill or showing the outside of any cells in which she was confined." *Id.* The County responded that "[e]fforts are being made to locate" the requested footage. *Id.* As of March 23, 2021, counsel for the Estate of Ms. Hill was notified that all available footage had been provided in response to RFP 8. *Id.* There is no allegation that the video that was the subject of plaintiffs' motion was destroyed after it was either requested or after there was express notice of litigation.

At issue in plaintiffs' underlying motion for default is video showing the hallway outside cell 2W27 on August 25, 2018 from 9:15 a.m. to 4 p.m. Dtk. 28, pg. 12. There are two cameras in the Jail that show different portions of 2 West. Dkt. 41, exhibits. 2 and 3. There is a camera closer to cell 2W27, for which footage was produced showing Ms. Hill being moved into her cell the morning of August 25, 2018 and the same camera view showing the time period from 4 p.m. to 6:30 p.m. the same day. Dkt. 29, pg. 5. There is a second camera, further from cell 2W27, but which also shows the hallway outside the cell, but from further away. Dkt. 42, ex. 2. Footage from this camera was preserved for August 25, 2018 from 9:09 a.m. to 4:35 p.m.. *Id.* Plaintiffs received this 7 hour and 26 minute video in March, 2021. Dkt. 34, pg. 4.

The Court has heard argument and been shown video from second camera and can draw its own conclusions about what those videos depict. Plaintiffs' motion for default judgment is premised, in part, on the notion that there is "no" video capturing the events of August 25,

**SPOKANE COUNTY'S SUPPLEMENTAL BRIEFING RE PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT – 3**
**Cause No.: 2:20-cv-00410-RMP**

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
ATTORNEYS AT LAW
2674 R.W. JOHNSON RD. TUMWATER, WA 98512
P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480  FAX: (360) 357-3511

2018 in the hallway outside cell 2w27. Plaintiffs' motion also implied that Nurse Gubitz fabricated a visit to Ms. Hill's cell at approximately 3 p.m. on August 25th, while accompanied by Corrections Officer Brett Janke and NaphCare Certified Nursing Assistant Justin Rogers. Dckt 28, 10, line 15-20. They claimed that the missing video might have proven this lie. *Id.*

Video from the second camera, however, shows Nurse Gubitz, Officer Janke and CNA Rogers conducting visits to the cells along 2W, including moving down the hallway to the area outside cell 2W27 at the time Ms. Gubitz claimed the visit to Ms. Hill's cell occurred in a contemporaneous report to law enforcement. Dkt. 41, ex. 2 (beginning at mark 5:30:30). This video footage also shows cell checks being conducted down the row of cells that include 2W27 that correlate to the written cell watch form posted outside 2W27 with entries made by hand by the corrections officers shown conducting the checks in the video. *Id.;* Dkt. 38, pg. 21. The video from the second camera may be of lesser quality, because it is from a camera farther from 2w27, however, it belies the notion that there is "no video" from the area of the Jail where Ms. Hill was housed. It also supports Nurse Gubitz's account of visiting Ms. Hill's cell the afternoon of August 25, 2018.

Spokane County separately moved for summary judgment on plaintiffs' claims. Dkt. 37. Plaintiffs opposition to summary judgment does not rely on any video, or absence of video, in support of their arguments in response. Dkt. 43. Specifically, plaintiffs do not argue that their causes of action against Spokane County are impaired due to the absence of any video. Their claims against Spokane County are based on policy and practice only, not the specific actions that allegedly occurred on August 25, 2018. *Id.* No other party has moved for summary judgment.

**SPOKANE COUNTY'S SUPPLEMENTAL BRIEFING RE PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT – 4**
Cause No.: 2:20-cv-00410-RMP

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
ATTORNEYS AT LAW
2674 R.W. JOHNSON RD. TUMWATER, WA 98512
P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480   FAX: (360) 357-3511

## III.  LAW AND ARGUMENT

**A.  A Court May Simultaneously Consider a Request for Terminating Sanctions for Spoliation and a Summary Judgment Motion brought by the Party Charged with Spoliation.**

The Court raised the issue of whether it can enter a default judgment on liability as a spoliation sanction against an entity who may be able to establish that it is not liable on the merits via a pending summary judgment.

Counsel for Spokane County could find no case *prohibiting* a court from entering default judgment as a spoliation sanction against a party while a summary judgment motion on liability was pending on behalf of that party.  The cases suggest that the motions can be considered independently of each other, in whatever order or manner the court determines appropriate.

In *Belew-Nyquist v. Quincy School District No. 144*, No. 2:19-CV-0215-TOR, 2020 WL 6845934, 1 (E.D. Wash. 2020), the Court considered a spoliation motion from the plaintiff seeking terminating sanctions while there was a pending summary judgment motion filed by the defendant.  The Court considered each of the two motions separately, on their respective merits.  It granted the defendants motion for summary judgment and denied the spoliation motion without indicating that one motion precluded consideration of the other.  *Id.*, at 6-12.

In *MacNeil Automotive Products Limited v. Jinrong Automotive Accessory Development Co., LTD.,* C20-856 TSZ, 2021 WL 3674793 (W.D. Wash. 2021), the Court explained that "[b]oth sides seek judgment (Jinrong moves for summary judgment, while MacNeil requests default judgment as a sanction) . . ." *Id.* at 3.  Like *Belew-Nyquist*, the court considered each motion separately and ruled on each motion based on the merits of that motion standing alone: denying terminating sanctions and denying summary judgment. *Id.* at

SPOKANE COUNTY'S SUPPLEMENTAL BRIEFING RE PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT – 5
Cause No.:  2:20-cv-00410-RMP

LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.
ATTORNEYS AT LAW
2674 R.W. JOHNSON RD. TUMWATER, WA  98512
P.O. BOX 11880  OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480   FAX: (360) 357-3511

6-9. Other cases follow a similar process of separately considering the two motions. *See, e.g., Nursing Home Pension Fund, v. Oracle Corporation*, 254 F.R.D. 559 (N.D. Cal. 2008); *Peschel v. City of Missoula*, 664 F.Supp.2d 1137 (D. Mon. 2009); and *Surowic v. Capital Title Agency, Inc.*, 790 F.Supp.2d 997 (D. Ariz. 2011).

In sum, there does not appear to be an impediment to the Court considering a motion for terminating sanctions against a party who has filed a summary judgment motion. However, where, as here, the evidence that was allegedly spoliated is not *material* to plaintiffs' claims against Spokane County, the summary judgment motion should be given its due consideration.

At the prior hearing on Plaintiff's motion, counsel referenced another case from this District, *Moreno v. Correctional Health Care Companies, et al.,* 4:18-cv-5171-RMP, (E.D. Wash. 2020) suggesting that Spokane County's summary judgment motion in this case should be considered moot in the face of its spoliation motion. *Moreno*, however, has a very different set of facts from the case at bar. In that case, the plaintiffs notified the defendants pre-lawsuit that they were planning to file a lawsuit and asked them to preserve categories of records, including e-mails. *Id.*, pg. 5. After filing suit, plaintiffs served discovery requests on defendants for, among other things, e-mails on certain topics relevant to their civil rights theory of liability (i.e. policy and practices). *Id.*

The *Moreno* defendants did not produce full discovery responses and plaintiffs filed multiple motions to compel. *Id.*, pg. 6. The Court issued Orders to compel discovery responses, including a finding of contempt with one of those Orders. *Id.*, pg. 7. While a third motion to compel was pending, the parties stipulated that defendants admittedly "purged emails and that they had deleted the email accounts of relevant former employees *after*

**SPOKANE COUNTY'S SUPPLEMENTAL BRIEFING RE PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT – 6**
**Cause No.: 2:20-cv-00410-RMP**

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA  98512*
*P.O. BOX 11880  OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*

receiving Plaintiffs' discovery requests. . . . Defendants conceded that 'the purge occurred *after* a request for preservation of documents was sent . . ., *after* this lawsuit was filed and served, and *after* discovery requests were served on Defendants by Plaintiffs." *Id.* (emphasis added) Finally, defendants 30(b)(6) witness admitted that one purpose of the purge was to "avoid 'discovery risks'" i.e., "bad e-mails." *Id.*, pg. 11.

While the plaintiffs' motion for terminating sanctions for the admitted, intentional and calculated spoliation was pending, defendants moved for summary judgment on the *Monell* policy and practice claims. The Court agreed that the destroyed "emails would have been a key source of information for Plaintiffs' *Monell* claims against Defendants." *Id.*, pg. 22. Against this extreme set of facts, the Court concluded that a default judgment was warranted as a sanction for the spoliation.[2] Once that decision was made, the Court denied the summary judgment motion as moot. *Id.*, pg. 26.

The present case shares virtually nothing in common with *Moreno*. There was no express prelawsuit notice to Spokane county, and there is no claim that the subject video existed, if at all, more than sixty days after Ms. Hill's death – long before actual litigation began. Nothing was destroyed *after* it was requested pre-lawsuit or after, and there have been *zero* motions to compel against Spokane County in this case. Finally, video, or absence of video has not been raised as a "key" part of plaintiffs' *Monell* claim against Spokane County. The absence of video was not even argued as a basis to deny Spokane County's summary

---

[2] When faced with "extraordinary" and "extreme" circumstances showing "a pattern of disregard for Court orders and deceptive litigation tactics that threaten to interfere with the rightful decision of a case" terminating sanctions may be warranted. *In re Napster, Inc. Copyright Litigation*, 462 F.Supp.2d 1060, 1071 (N.D. Cal. 2006).

**SPOKANE COUNTY'S SUPPLEMENTAL BRIEFING RE PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT – 7**
**Cause No.: 2:20-cv-00410-RMP**

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
2674 R.W. JOHNSON RD. TUMWATER, WA 98512
P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480 FAX: (360) 357-3511

judgment motion. *Moreno* is an extreme example of deliberate spoliation *after* the material had been requested in discovery and should not be considered a model for this case.

There does not appear to be any authority precluding this case from considering plaintiffs' motion for spoliation when a summary judgment motion is pending. That being said, as previously argued to the Court, the facts in this case do not support the extreme sanction of default judgment against Spokane County. If the Court rules that default judgment is not warranted as a sanction, then it can and should also consider Spokane County's summary judgment motion on the merits.

**B.    The Court Can Consider the Impact on NaphCare of Any Sanction Imposed Against Spokane County.**

As this Court noted at the hearing on plaintiffs' spoliation motion, if the Court finds there was spoliation of evidence, it should consider whether a lesser sanction than default judgment is likely to be effective. *See, e.g., In re Napster, Inc. Copyright Litigation, supra,* 462 F.Supp.2d at 1070:

> When considering a default sanction in response to spoliation of evidence, the court must determine "(1) the existence of certain extraordinary circumstances, (2) the presence of willfulness, bad faith, or fault by the offending party, (3) the efficacy of lesser sanctions, [and] (4) the relationship or nexus between the misconduct drawing the [default] sanction and the matters in controversy in the case."

*Quoting, Halaco Eng'g Co. v. Costle,* 843 F.2d 376, 380 (9th Cir.1988).

Moreover, "[d]ismissal [for spoliation] under a court's inherent powers is justified in extreme circumstances." *In re Napster, Inc.*, at 1071. In the Ninth Circuit, "extraordinary circumstances exist where there is a pattern of disregard for Court orders and deceptive litigation tactics that threaten to interfere with the rightful decision of a case." *Id.*

**SPOKANE COUNTY'S SUPPLEMENTAL BRIEFING RE PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT – 8**
**Cause No.: 2:20-cv-00410-RMP**

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA 98512*
*P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*

In this case, as previously argued, if the Court finds spoliation, then the Court should not enter a default because there is no evidence of "bad-faith" by Spokane County or other extreme circumstances, such as in *Moreno, supra*. *See., also Leon v. IDX Systems Corp.*, 464 F.3d 951, 959 (9th Cir. 2006) ((noting that the plaintiff's "deletion and 'wiping' of 2,200 files, acts that were indisputably intentional, amounted to willful spoliation of relevant evidence"); *Pettit v. Smith*, 45 F.Supp.3d 1099, 1110 (D.Ariz. 2018) ("dismissal of claims or a directed verdict [for spoliation] without a finding of culpability approaching bad faith" is unsupported by 9th Circuit authority.)

If the Court considers a lesser sanction, given the fact intensive nature of the Court's determination and its broad discretion, the County could find no case that would prevent the Court from seeking to avoid or limit any negative impact of a sanction on NaphCare and Nurse Gubitz. That is because there is no claim that NaphCare or Nurse Gubitz failed to preserve the video in question. *See, e.g. Pettit v. Smith*, 45 F.Supp.3d 1099, 1110 (D.Ariz. 2018) ("the Court has had difficulty finding any authority squarely considering whether spoliation of evidence may be imputed to a defendant who did not participate in the spoliation.")

Lesser sanctions may include a monetary sanction, exclusion of evidence or an adverse inference instruction.[3] *In re Napster, Inc., supra*, at 1077-78. The determination of the appropriate sanction is necessarily fact specific. For example, the Court can award the reasonable fees associated with the spoliation motion. That would punish Spokane County and avoid impacting NaphCare and Nurse Gubitz.

---

[3] Plaintiffs have not sought the exclusion of other evidence, and there is no logical reason to limit admission of other video that was timely produced to plaintiffs.

SPOKANE COUNTY'S SUPPLEMENTAL BRIEFING RE
PLAINTIFFS' MOTION FOR DEFAULT
JUDGMENT – 9
Cause No.: 2:20-cv-00410-RMP

*LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.*
ATTORNEYS AT LAW
2674 R.W. JOHNSON RD. TUMWATER, WA  98512
P.O. BOX 11880  OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480   FAX: (360) 357-3511

The Court may consider an adverse inference instruction. "[A] party seeking an adverse inference instruction based on the destruction of evidence must establish (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a culpable state of mind; and (3) that the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." *In re Napster, Inc., supra*, 462 F.Supp.2d at 1078.

Plaintiffs have not established that non-preserved video is relevant to their claims against Spokane County, which is a pattern or practice claim challenging the "medical watch" policy. It does not rely on the specific actions of corrections officers on August 25, 2018, indeed an isolated incident by employees would not support a policy or practice claim. Likewise, plaintiffs claims against NaphCare do not appear to be impacted by not having the entire video from the camera in the hallway outside Ms. Hill's cell. Their only argument is that they cannot now prove Nurse Gubitz lied about her visit to Ms. Hill on the afternoon of August 25. However, plaintiffs did not mention in its opening motion that there was video from a second camera that was preserved and produced, and which corroborated Nurse Gubitz's statement to law enforcement and deposition testimony. Plaintiffs' sole argument in favor of a default judgment fails to hold up considering the video from the second camera. Thus, it does not appear that an adverse inference instruction is warranted.

However, if the Court does decide to instruct the jury on the issue of the video, it can instruct the jury that Spokane County and not NaphCare or Nurse Gubitz had control over the video recording system and if it instructs the jury to draw any adverse inferences, it can also

**SPOKANE COUNTY'S SUPPLEMENTAL BRIEFING RE PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT – 10**
**Cause No.: 2:20-cv-00410-RMP**

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA  98512*
*P.O. BOX 11880  OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*

instruct them that those adverse inferences should not be drawn against NaphCare or Nurse Gubitz. Juries are presumed to follow the Court's instructions.

In sum, the facts do not demonstrate extreme circumstances, such as a "pattern of disregard for Court orders and deceptive litigation tactics that threaten to interfere with the rightful decision of a case." Moreover, there is some video from the date and time plaintiffs' reference in their motion, showing the area where Ms. Hill was celled, albeit from a different camera further from Ms. Hill's cell. Sanctions, if any, should therefore be tailored to the harm and not the drastic one sought by plaintiffs. If the Court orders a sanction, it should also avoid punishing NaphCare and Nurse Gubitz.

## IV.  CONCLUSION

The Court is not prohibited from considering plaintiffs' spoliation motion at the same time it considers Spokane County's motion for summary judgment. However, terminating sanctions are not warranted under the facts. If the Court concludes that any sanction is required, the sanction should not punish NaphCare and Nurse Gubitz.

DATED this 4th day of March, 2022.

> LAW, LYMAN, DANIEL,
> KAMERRER & BOGDANOVICH, P.S.
>
> */s/ John E. Justice*
>
> _____
> John E. Justice, WSBA № 23042
> Attorney for Defendant Spokane County
> P.O. Box 11880, Olympia, WA 98508
> Phone: (360) 754-3480 Fax: 360-357-3511
> Email: jjustice@lldkb.com

**SPOKANE COUNTY'S SUPPLEMENTAL BRIEFING RE PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT – 11**
**Cause No.: 2:20-cv-00410-RMP**

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA  98512*
*P.O. BOX 11880  OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*

# CERTIFICATE OF FILING & SERVICE

I certify under penalty of perjury under the laws of the United States of America and the State of Washington that on the date specified below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which constitutes service on the following under L.Civ.R. 5(b):

**Counsel for Plaintiffs**
Erik J. Heipt, WSBA #28113
Edwin S. Budge, WSBA #24182
Hank Balson, WSBA #29250
Budge & Heipt PLLC
808 East Roy Street
Seattle, WA 98102
erik@budgeandheipt.com
ed@budgeandheipt.com
hank@budgeandheipt.com

**Counsel for Defendant Naphcare & Gubitz**
Ketia B. Wick, WSBA #27219
Erin E. Ehlert, WSBA # 26340
Fain Anderson VanDerhoef Rosendahl O'Halloran Spillane
701 Fifth Avenue, Suite 4750
Seattle, WA 98104
ketia@favros.com
**erine@favros.com**

DATED this 4th day of March, 2022, at Tumwater, WA.

*/s/ Tam Truong*

Tam Truong
Assistant to John E. Justice

SPOKANE COUNTY'S SUPPLEMENTAL BRIEFING RE PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT – 12
Cause No.: 2:20-cv-00410-RMP

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA 98512*
*P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480  FAX: (360) 357-3511*