# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THE ESTATE OF CINDY LOU HILL, by and through its personal representative, Joseph A. Grube; and CYNTHIA METSKER, individually,<br><br>           Plaintiffs,<br>vs.<br><br>NAPHCARE INC., an Alabama corporation; HANNAH GUBITZ, individually; and SPOKANE COUNTY, a political subdivision of the State of Washington.<br><br>           Defendants. | NO. 2:20-cv-00410-MKD<br><br>**DEFENDANT SPOKANE COUNTY'S PROPOSED INSTRUCTION REGARDING PLAINTIFFS' SPOLIATION MOTION AND MEMORANDUM IN SUPPORT** |

## PROPOSED INSTRUCTION

Plaintiffs contend that Spokane County at one time possessed a video recording from a camera located in the hallway outside Cell 2W27 in the Spokane County Jail covering the period from 9:43 a.m. to 4 p.m. on August 25, 2018. Spokane County contends that the loss of this videorecording was unintentional and not done to deprive Plaintiffs of the use of the information in the litigation.

You may assume that such evidence would have been unfavorable to Spokane County only if you find by a preponderance of the evidence that Spokane County acted with the intent to deprive Plaintiffs of the information's use in the litigation.

7th Cir. Model Civil Jury Instructions, 1.20 (2017) modified; Fed. R. Civ. P. 37(e)(2).

**DEFENDANT SPOKANE COUNTY'S PROPOSED INSTRUCTION REGARDING PLAINTIFFS' SPOLIATION MOTION AND MEMORANDUM IN SUPPORT – 1**
**Cause No.: 2:20-cv-00410-MKD**

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA 98512*
*P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480  FAX: (360) 357-3511*

## MEMORANDUM IN SUPPORT OF INSTRUCTION

If the Court rules that the jury will be instructed on the issue of the video in question, Spokane County proposes the above instruction, which leaves the issue of determining whether or not there was spoliation of evidence with the requisite intent to the jury, incorporating the standard of Fed. R. Civ. P. ("Rule") 37(e)(2). The finding of intent must be made before an adverse inference can be drawn.

The 9th Circuit Model Civil Jury Instructions do not contain a spoliation instruction. Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Ed., Last Updated September 2021). Nor could counsel for Spokane County find an instruction used by a court in an analogous situation. This is not surprising because cases considering sanctions based on spoliation are so fact specific, and instructions are similarly case specific and usually of little value outside the specific case wherein it is used. *See,* Shira A. Sheindlin and Natalie M. Orr, *The Adverse Inference Instruction After Revised Rule 37(e): An Evidence-Based Proposal*, Fordham Law ("Yet judges have substantial flexibility in selecting the language to employ, and the effects of different instructions may vary dramatically. Even the permissive inference can take multiple forms, prompting one commentator to opine that "[n]early fifty shades of adverse inference instructions have emerged.")

The above instruction is based on a 7th Circuit model instruction. 7th Cir. Model Civil Jury Instructions, 1.20 (2017). The 7th Circuit model instruction is as follows:

**1.20 SPOLIATION/DESTRUCTION OF EVIDENCE**

[*Party*] contends that [*Other Party*] at one time possessed [*describe evidence allegedly destroyed*]. However, [*Other Party*] contends that [*evidence never existed, evidence was not in its possession, evidence was not destroyed, loss of evidence was accidental, etc.*].

You may assume that such evidence would have been unfavorable to [*Other Party*] only if you find by a preponderance of the evidence that:

DEFENDANT SPOKANE COUNTY'S PROPOSED INSTRUCTION REGARDING PLAINTIFFS' SPOLIATION MOTION AND MEMORANDUM IN SUPPORT – 2
Cause No.: 2:20-cv-00410-MKD

LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.
ATTORNEYS AT LAW
2674 R.W. JOHNSON RD. TUMWATER, WA 98512
P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480  FAX: (360) 357-3511

      (1) [*Other Party*] intentionally [destroyed the evidence] [caused the evidence to be destroyed]; and

      (2) [*Other Party*] [destroyed the evidence] [caused the evidence to be destroyed] in bad faith.

The modification of this instruction is based on the standard set for in Rule 37(e)(2) – requiring that the "party acted with the intent to deprive another party of the information's use in the litigation" rather than with "bad faith." That is the standard that must be met for the jury to consider that the evidence was unfavorable to Spokane County. *See, e.g., Mannion v. Ameri-Can Freight Sys. Inc.,* CV-17-03262-PHX-DWL, 2020 WL 417492, at *5–6 (D. Ariz. Jan. 27, 2020):

> Rule 37(e) was "completely rewritten" in 2015 to "provide[ ] a nationally uniform standard for when courts can give an adverse inference instruction, or impose equally or more severe sanctions, to remedy the loss of ESI." S. Gensler, 1 Federal Rules of Civil Procedure, Rules and Commentary, Rule 37, at 1070 (2018). Notably, a court cannot rely on its inherent authority or state law when deciding whether sanctions based on the loss of ESI are appropriate—the standards supplied by Rule 37(e) are exclusive. Id. at 1073 ("[The current version of Rule 37(e)] 'forecloses reliance on inherent authority or state law to determine when certain measures should be used.' If the court cannot make the findings necessary to act under subdivisions (1) or (2), then the court may not invoke inherent authority or state law to take those measures.")

This Court has expressed concern that any instruction given on the issue of alleged spoliated evidence should not prejudice co-defendants NaphCare and Hannah Gubitz. The above proposed instruction allows counsel for NaphCare and Nurse Gubitz to argue to the Jury that any adverse inference can *only* be used against Spokane County because that is what the instruction in fact says.

By providing language that the Court could consider for an instruction, Spokane County, as set forth in prior briefing, is not conceding that an instruction should be given.

**DEFENDANT SPOKANE COUNTY'S PROPOSED INSTRUCTION REGARDING PLAINTIFFS' SPOLIATION MOTION AND MEMORANDUM IN SUPPORT – 3**
**Cause No.: 2:20-cv-00410-MKD**

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
ATTORNEYS AT LAW
2674 R.W. JOHNSON RD. TUMWATER, WA 98512
P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480  FAX: (360) 357-3511

1  DATED this 30th day of March, 2022.

                            LAW, LYMAN, DANIEL,
                            KAMERRER & BOGDANOVICH, P.S.

                             */s/ John E. Justice*
                            _____
                            John E. Justice, WSBA № 23042
                            Attorney for Defendant Spokane County
                            P.O. Box 11880, Olympia, WA 98508
                            Phone: (360) 754-3480 Fax: 360-357-3511
                            Email: jjustice@lldkb.com

**DEFENDANT SPOKANE COUNTY'S PROPOSED INSTRUCTION REGARDING PLAINTIFFS' SPOLIATION MOTION AND MEMORANDUM IN SUPPORT – 4**
**Cause No.: 2:20-cv-00410-MKD**

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA 98512*
*P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480  FAX: (360) 357-3511*

# CERTIFICATE OF FILING & SERVICE

I certify under penalty of perjury under the laws of the United States of America and the State of Washington that on the date specified below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which constitutes service on the following under LCivR 5(b):

**Counsel for Plaintiffs**
Erik J. Heipt, WSBA #28113
Edwin S. Budge, WSBA #24182
Hank Balson, WSBA #29250
Budge & Heipt PLLC
808 East Roy Street
Seattle, WA 98102
erik@budgeandheipt.com
ed@budgeandheipt.com
hank@budgeandheipt.com

**Counsel for Defendant Naphcare & Gubitz**
Ketia B. Wick, WSBA #27219
Erin E. Ehlert, WSBA # 26340
Fain Anderson VanDerhoef Rosendahl O'Halloran Spillane
701 Fifth Avenue, Suite 4750
Seattle, WA 98104
ketia@favros.com
erine@favros.com

DATED this 30th day of March, 2022, at Tumwater, WA.

*/s/ Tam Truong*

Tam Truong
Assistant to John E. Justice

---

**DEFENDANT SPOKANE COUNTY'S PROPOSED INSTRUCTION REGARDING PLAINTIFFS' SPOLIATION MOTION AND MEMORANDUM IN SUPPORT – 5**
**Cause No.: 2:20-cv-00410-MKD**

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA  98512*
*P.O. BOX 11880  OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480  FAX: (360) 357-3511*