# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THE ESTATE OF CINDY LOU HILL, by and through its personal representative, Joseph A. Grube; and CYNTHIA METSKER, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>NAPHCARE INC., an Alabama corporation; HANNAH GUBITZ, individually; and SPOKANE COUNTY, a political subdivision of the State of Washington.<br><br>Defendants. | NO. 2:20-cv-00410-MKD<br><br>**DEFENDANT SPOKANE COUNTY'S MOTIONS IN LIMINE AND MEMORANDUM IN SUPPORT**<br><br>**NOTE FOR CONSIDERATION:**<br><br>**Tuesday, June 28, 2022** |

## I. MOTION

COMES NOW Defendant Spokane County, by and through its attorney of record, and moves the Court for an Order in Limine, precluding any evidence or testimony, opinions, comments, argument, statements or questions by counsel, any witnesses, parties, directly or indirectly or by inference, on the topics or items of evidence set forth below. This motion is made pursuant to *Palmerin v. City of Riverside*, 794 F.2d 1409, 1413 (9th Cir. 1986) and FRE 104.

**DEFENDANT SPOKANE COUNTY'S MOTIONS IN LIMINE AND MEMORANDUM IN SUPPORT– 1**
**Cause No.: 2:20-cv-00410-MKD**

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA 98512*
*P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480 FAX: (360) 357-3511*

Spokane County further moves that the requested Order contain a direction to plaintiffs' counsel to inform the plaintiffs, and all witnesses called by plaintiffs of the prohibition against testimony on these subjects.

The following memorandum is respectfully submitted for the Court's consideration in ruling on the defendants' Motion in Limine.

## II. LAW AND ARGUMENT

The defendants seek to exclude the admission of the following evidence, including any reference thereto by the Plaintiffs:

**A. Argument, testimony or comment which invites the jurors to conceptually put themselves in the place of the plaintiff in considering any of the issues** -

This argument, commonly known as the "golden rule argument," has been explained as:

> essentially a suggestion to the jury by an attorney that the jurors should do unto others, normally the attorney's client, as they would have others do unto them. The typical situation in which such an argument has been employed is the personal injury case in which the plaintiff's counsel suggests to the jurors that they grant the plaintiff the same amount of damages they would want or expect if they were in the plaintiff's shoes. The courts have generally found the 'Golden Rule' argument improper because a jury which has put itself in the shoes of one of the parties is no longer an impartial jury.

68 ALR Fed. 333.

A jury is instructed as to its duty to be impartial and not let sympathy or prejudice influence its determination in rendering a proper verdict. Testimony or argument suggesting that the jury consider how they would feel if they were in the plaintiff's position, or otherwise seeking particular empathy toward the plaintiff, is inconsistent with the duty of each respective juror and the jury as a whole. An objection after such a comment or argument has been offered is not as effective and a motion in limine from the Court.
**DEFENDANT SPOKANE COUNTY'S MOTIONS IN LIMINE AND MEMORANDUM IN SUPPORT**– 2
**Cause No.: 2:20-cv-00410-MKD**

*LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA 98512*
*P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480 FAX: (360) 357-3511*

Thus, Spokane County requests an order in limine preventing the plaintiffs from arguing or testifying that the jurors should place themselves in the plaintiffs' position in considering any aspect of this case.

**B.     References to Liability Insurance or Indemnification.**

FRE 411 prohibits the admissibility of evidence that a person was or was not insured against liability on the issue of whether a person was negligent. The fact that the Spokane County is or is not insured against this claim should be excluded. Any suggestion that the jury's award, if any, will be paid by an insurer is similarly inadmissible under ER 411.

**C.     All non-party witnesses should be excluded from the courtroom during trial.**

Fed. R. Evid. 615 states that: "[a]t a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony. Or the court may do so on its own." Defendants request such an order, which does not include a party or a designated representative of a party. *Id.*, (a) and (b).

**D.     Evidence of settlement negotiations.**

Fed. R. Evid 408 excludes evidence of settlement negotiations and any such evidence should be excluded in this case.

**E.     Relative Financial Condition of the Parties.**

Any reference to the financial resources available to the defendant versus the resources of the plaintiff in litigating this case should be excluded as irrelevant and designed to appeal to the passion or prejudice of the jury.

**DEFENDANT SPOKANE COUNTY'S MOTIONS IN LIMINE AND MEMORANDUM IN SUPPORT– 3**
**Cause No.: 2:20-cv-00410-MKD**

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA 98512*
*P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480  FAX: (360) 357-3511*

**F. Evidence or theories not previously disclosed by plaintiff in discovery or properly supplemented pursuant to FRCP 26.**

Any evidence not disclosed in response to proper discovery requests should be excluded. Parties have an affirmative duty to answer discovery in a timely fashion and to supplement discovery when different or additional information becomes known. Local Civil Rule 26(e). This rule is intended to prevent a party from hiding facts in discovery and then using them at trial to the surprise of the opposing party. Any evidence that was required to be produced, but wasn't should be excluded. FRCP 37(c).

**G. That the defendants have not called to testify as a witness any person equally available to both parties.**

There is no purpose to plaintiffs suggesting the defendants should have called any particular witness, but did not, except to suggest to the jury some improper motive of the defendant. Such a suggestion is not evidentiary in nature and is thus inadmissible. FRE 402.

**H. Arguments and inferences outside the record for "political" effect.**

Defendants' counsel has previously encountered arguments outside the evidence designed to, or having the effect of, inflaming the jury to bring in a verdict for political impact. For example, an argument about claimed negligence of public employees which focuses not on whether such negligence existed or was causative of the plaintiff's claimed injuries, but instead suggests that a large verdict will "send a message" to "government". In this case, there is no request for injunctive relief. Thus no reason to suggest that the jury make any "statement" to the government.

Such improper arguments are not susceptible of correction by remedial instruction after the fact to the jury. Defendants requests an order in limine precluding plaintiffs' counsel from inferring or arguing for a political result not consonant with the instructions of the Court.

**DEFENDANT SPOKANE COUNTY'S MOTIONS IN LIMINE AND MEMORANDUM IN SUPPORT– 4**
**Cause No.: 2:20-cv-00410-MKD**

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA 98512*
*P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480 FAX: (360) 357-3511*

**I. Testimony from any witness not properly disclosed pursuant to Civil Rule 26.**

Parties have an affirmative duty under CR 26(a)(1) and (e) to disclose the identity of witnesses, including their address and phone number and the subjects of their known information. *See Tribble v. Evangelides*, No. 10–3262, 670 F.3d 753, 760 (7th Cir. 2012) ("Under Rule 37(c)(1) 'exclusion of non-disclosed evidence is automatic and mandatory … unless non-disclosure was justified or harmless.' " *(quoting Musser v. Gentiva Health Servs.*, 356 F.3d 751, 758 (7th Cir.2004)).

**J. Post-Incident Actions.**

The plaintiffs have questioned witnesses regarding post-incident matters, including whether internal reviews occurred or whether policy or practice changes were made as a result of the incident. Such evidence is not relevant to any claim in the case. First, FRE 407 makes post incident measures "that would have made an earlier injury or harm less likely to occur" inadmissible to prove culpable conduct. Thus, any subsequent changes to policy or practice should not be admitted for that purpose.

Finally, even if plaintiffs' argue that some relevance exists, any probative value is substantially outweighed by unfair prejudice and confusing the issues. FRE 403. The plaintiffs should be prohibited from eliciting testimony regarding actions taken, or not taken, by the Spokane County following the incident in this case.

**K. Prior or Subsequent Jail Deaths.**

Spokane County moves to exclude any evidence of other Jail deaths that are factually unrelated to this subject incident, including past or subsequent complaints, prior use of force, or disciplinary actions or reports. Spokane County also request that the Court specifically

**DEFENDANT SPOKANE COUNTY'S MOTIONS IN LIMINE AND MEMORANDUM IN SUPPORT– 5**
**Cause No.: 2:20-cv-00410-MKD**

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA 98512*
*P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480 FAX: (360) 357-3511*

prohibit plaintiffs' counsel from questioning any witness about such acts, whether prior or subsequent to the subject incident. Such evidence or testimony would be inadmissible pursuant to F.R.E. Rules 404(b) and 403. *See also*, *Duran v. City of Maywood*, 221 F.3d 1127, 1132-1133 (9th Cir. 2000); and *Bibo-Rodriguez*, 922 F.2d 1398, 1400(9th Cir. 1991.)

## L. The court should require 24 hours notice of witnesses, deposition testimony, and exhibits prior to presentation at trial.

The court should require all parties to provide at least 24 hours of advanced notice to all other parties regarding the identity of any and all witnesses they intend to call. Such an order facilitates a prompt and orderly presentation of the case and expedites the trial. Moreover, it will allow all parties time to make any appropriate objections to the testimony, deposition testimony, or exhibit outside the presence of the jury and to prepare for anticipated testimony. Such an order will benefit all parties equally and contribute to the day-to-day efficiency of trial.

## M. Any argument or evidence that the parties have filed motions in limine.

Evidence or reference to motions in limine in front of the jury should be excluded as irrelevant and prejudicial. Fed. R. Evid. 402; Fed. R. Evid. 403.

## N. Plaintiffs' Exhibit 12.

Exhibit 12 is a report prepared by an outside medical professional, Dr. Steven Hammond, following the death of Ms. Hill, in order to comply with Jail policy requiring such outside expert reviews.

Dr. Hammond's report should be excluded as hearsay under Fed. R. Evid. (FRE) 801. It is an out of court statement being offered into evidence for the truth of the matter asserted. FRE 801(c). *See, e.g., Durham v. Cnty. of Maui*, 804 F.Supp. 1068, 1070 (D. Haw. 2011) ("Expert reports are generally inadmissible as hearsay but may be admissible as one of the

**DEFENDANT SPOKANE COUNTY'S MOTIONS IN LIMINE AND MEMORANDUM IN SUPPORT– 6**
**Cause No.: 2:20-cv-00410-MKD**

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA 98512*
*P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480 FAX: (360) 357-3511*

exceptions to hearsay."). Here, there is no apparent exception to the hearsay rule and the Hammond report is therefore inadmissible.

**O.   Plaintiffs' Exhibit 17.**

Exhibit 17 is an animation produced by the plaintiffs on May 2, 2022, after the completion of discovery. Plaintiffs have provided no explanation of who created it or who or what provided the necessary foundation for what it depicts. While animations can be introduced at trial, as illustrative exhibits, "[a]t a minimum, the animation's proponent must show the computer simulation fairly and accurately depicts what it represents, whether the computer expert who prepared it or some other witness who is qualified to so testify, and the opposing party must be afforded an opportunity for cross-examination." *See Friend v. Time Mfg. Co.*, No. 03-343-TUC-CKJ, 2006 WL 2135807, at *20 (D. Ariz. July 28, 2006) (citing *Byrd v. Guess*, 137 F.3d 1126 (9th Cir. 1998)).

Animations that are misleading are properly exclude pursuant to FRE 402 (relevance) 403 (misleading the jury and undue prejudice). *See, e.g., Robinson v. Missouri Pacific Railroad Co.,* 16 F.3d 1083, 1088 (10th Cir.1994) (observing that, under Rule 403, "trial judges should carefully and meticulously examine proposed animation evidence for proper foundation, relevancy, and the potential for undue prejudice.").

In this case, plaintiffs have been advised that the animation is objectionable because it is inaccurate and misleading. Aspects of the illustration are not supported by the medical examiner's report, such as the animation's depiction of the supposed spread of bacteria to other organs including the brain. Plaintiffs have the burden of establishing the foundation for the animation before it can be shown to the jury. Given the fact that it was produced after the

**DEFENDANT SPOKANE COUNTY'S MOTIONS IN LIMINE AND MEMORANDUM IN SUPPORT**– 7
**Cause No.:  2:20-cv-00410-MKD**

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA  98512*
*P.O. BOX 11880  OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*

discovery deadline and unaccompanied by any apparent foundational support, it should be excluded.

**P.     Plaintiffs' Should Not Be Permitted to Call Michael Sparber.**

Mr. Sparber is the former Director of the Spokane County Jail. He was the Director at the time of Ms. Hill's death. There is no claim or evidence that he was personally involved in any way with the care or custody of Ms. Hill. Any evidence that Mr. Sparber has would therefore be second hand. Furthermore, this Court has entered a default judgment against Spokane County on the issue of liability, and thus it is not apparent what relevant testimony Mr. Sparber would be asked to provide on the remaining issues of liability of NaphCare and Nurse Gubitz or the damages claim.

To the extent plaintiffs' intend to ask Mr. Sparber questions that relate to liability against Spokane County, his testimony would be irrelevant and inadmissible under FRE 402. It would also be inadmissible under FRE 403 because it would confuse the issues, mislead the jury and waste time. Finally, to the extent Mr. Sparber is asked questions about NaphCare's liability it would be inadmissible under FRE 403 as cumulative of the testimony of Don Hooper, the current interim director at the Jail and the Lieutenant at the time of Ms. Hill's custody and the designated 30(b)(6) witness for the County throughout discovery. In fact, plaintiffs' disclosure of trial witnesses makes it clear that both witnesses would be called to testify on the identical subject matter:

> 8.      <u>Donald Hooper</u>. Lieutenant, Spokane County Jail. Plaintiffs *may call Mr. Hooper to testify about Spokane County's contract with NaphCare, Inc. and Spokane County Jail's policies and practices, including the "medical watch" practice, as well as*

**DEFENDANT SPOKANE COUNTY'S MOTIONS IN LIMINE AND MEMORANDUM IN SUPPORT– 8**
**Cause No.: 2:20-cv-00410-MKD**

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA 98512*
*P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480 FAX: (360) 357-3511*

*other related topics as explored in his deposition and the 30(b)(6) deposition at which he was the designee.*

17. <u>Michael Sparber</u>. Director, Spokane County Detention Services Department. Plaintiffs *may call Mr. Sparber to testify about Spokane County's contract with NaphCare, Inc., Spokane County Jail's policies and practices, including the "medical watch" practice, and other related topics as explored in his deposition.*

Dkt. 96, pg. 4 and 6.

Plaintiffs should not be allowed to call Mr. Sparber as a witness at trial and he should be released from the trial subpoena.

## III. CONCLUSION

For the foregoing reasons, this Court should enter an Order excluding the evidence or arguments referenced above, including a requirement for plaintiff's counsel to inform his client and any witnesses called by plaintiff not to mention the excluded evidence when testifying. In the absence of a request from the court that a party objects to evidence covered under this motion each time it is presented at trial, a continuing objection exists to such evidence if this motion is taken under advisement by the court.

DATED this 26th day of May, 2022.

          LAW, LYMAN, DANIEL,
          KAMERRER & BOGDANOVICH, P.S.

          */s/ John E. Justice*

          John E. Justice, WSBA № 23042
          Attorney for Defendant Spokane County
          P.O. Box 11880, Olympia, WA 98508
          Phone: (360) 754-3480 Fax: 360-357-3511
          Email: jjustice@lldkb.com

**DEFENDANT SPOKANE COUNTY'S MOTIONS IN LIMINE AND MEMORANDUM IN SUPPORT– 9**
**Cause No.: 2:20-cv-00410-MKD**

*LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.
ATTORNEYS AT LAW
2674 R.W. JOHNSON RD. TUMWATER, WA 98512
P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480 FAX: (360) 357-3511*

# CERTIFICATE OF FILING & SERVICE

I certify under penalty of perjury under the laws of the United States of America and the State of Washington that on the date specified below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which constitutes service on the following under LCivR 5(b):

**Counsel for Plaintiffs**
Erik J. Heipt, WSBA #28113
Edwin S. Budge, WSBA #24182
Hank Balson, WSBA #29250
Budge & Heipt PLLC
808 East Roy Street
Seattle, WA 98102
erik@budgeandheipt.com
ed@budgeandheipt.com
hank@budgeandheipt.com

**Counsel for Defendant Naphcare & Gubitz**
Ketia B. Wick, WSBA #27219
Erin E. Ehlert, WSBA # 26340
Fain Anderson VanDerhoef Rosendahl O'Halloran Spillane
701 Fifth Avenue, Suite 4750
Seattle, WA 98104
ketia@favros.com
erine@favros.com

DATED this 26th day of May, 2022, at Tumwater, WA.

*/s/ Tam Truong*

Tam Truong
Assistant to John E. Justice

**DEFENDANT SPOKANE COUNTY'S MOTIONS IN LIMINE AND MEMORANDUM IN SUPPORT– 10**
**Cause No.: 2:20-cv-00410-MKD**

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA 98512*
*P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480 FAX: (360) 357-3511*