1 | Budge & Heipt, PLLC
808 E. Roy St.
2 | Seattle, WA 98102
(206) 624-3060
3

4

5

6 | UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
7

8 | THE ESTATE OF CINDY LOU HILL, by
and through its personal representative,
9 | Joseph A. Grube; and CYNTHIA
METSKER, individually,
10
| Plaintiffs,
11 | vs.

12 | NAPHCARE, INC, an Alabama
corporation; HANNAH GUBITZ,
13 | individually; and SPOKANE COUNTY,
a political subdivision of the State of
14 | Washington,

15 | Defendants.

No.  2:20-cv-00410-MKD

PLAINTIFFS' MOTIONS *IN LIMINE*

For consideration at Pretrial Conference

16

17

18

19

20

PLAINTIFFS' MOTIONS *IN LIMINE*

# I. INTRODUCTION

Plaintiffs move *in limine* to exclude the following evidence at trial: (1) opinion testimony from witnesses not disclosed as experts; (2) any evidence or argument from Defendant Spokane County suggesting it is not liable to Plaintiffs under 42 U.S.C. § 1983 or for negligence, or suggesting that its liability should be "minimized"; (3) evidence that the reason for Cindy Hill's pretrial confinement in August, 2018 was for a felony charge; (4) evidence of Cindy Hill's criminal history; (5) evidence of Cindy Hill's medical history before August, 2018; and (6) evidence of Cynthia Metsker's criminal history. Exclusion of these categories of evidence is appropriate since the evidence can be determined inadmissible outside the context of trial and because its exclusion will avoid needless objections and argument during trial.

# II. ARGUMENT

### 1. Opinion Testimony from Witnesses Not Disclosed as Experts is Inadmissible Under Fed. R. Civ. P. 26(a)(2) and 37(c)(1)

Fed. R. Civ. P. 26(a)(2)(A) imposes a duty on all litigants to "disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705." The disclosure of such testimony must be made "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). In this case, the Court imposed a deadline of December 18, 2021 for all parties to disclose any anticipated expert testimony. ECF 14 at pp. 3-4.

PLAINTIFFS' MOTIONS *IN LIMINE* - 1

BUDGE&HEIPT,PLLC
ATTORNEYS AT LAW
808 E. Roy St.
SEATTLE, WA 98102
TELEPHONE: (206) 624-3060

The rules impose two distinct disclosure requirements, depending on whether the purported expert is retained or non-retained. For retained or specially employed experts, a complete and detailed report must be provided that meets all the requirements of Fed. R. Civ. P. 26(a)(2)(B). For persons who have not been retained or specially employed, but who nevertheless might offer opinion testimony, no report is required but the offering party must nevertheless properly identify that person as an expert and specifically disclose: (i) the subject matter on which the witness is expected to present evidence under Fed. R. Evid. 702, 703 and 705; along with (ii) a summary of the facts and opinions about which the witness is expected to testify. *See* Fed. R. Civ. P. 26(a)(2)(C).

In the case of non-retained or specially employed witnesses, the mandated disclosure (though it need not be in the form of a report) must be specific and sufficiently detailed. It must disclose the actual opinions the witness will testify to, and the factual bases of those opinions (i.e., the "how" and the "why"). *See O'Daniel v. Arizona Hay & Feed, LLC* No. CV-20-02224, 2022 U.S. Dist. LEXIS 82532 *7-9 (D. Ariz. May 6, 2022) (summarizing requirements for disclosure of expected testimony of non-retained experts).

Fed. R. Civ. P. 37(c)(1) prohibits a party from offering any expert testimony not disclosed pursuant to the requirements of Fed. R. Civ. P. 26(a)(2). *See O'Daniel, supra* at *9. *See also, Merchant v. Corizon Health, Inc*. 993 F.3d 733, 740-41 (9th Cir. 2021) (affirming exclusion of non-retained expert for failure to satisfy disclosure requirements). Rule 37(c)(1) "is an 'automatic' sanction that prohibits the

BUDGE HEIPT, PLLC
ATTORNEYS AT LAW
808 E. Roy St.
SEATTLE, WA 98102
TELEPHONE: (206) 624-3060

use of improperly disclosed evidence" and which mandates the exclusion of such evidence unless the party proposing to offer it can show that non-compliance with the expert disclosure rule was either substantially justified or harmless. *Merchant, supra* at 740.

In this case, Defendants NaphCare and Gubitz provided their expert disclosures on December 17, 2021. *See* Decl. of Edwin S. Budge, Ex. 1. They identified three experts, all specifically retained, and provided three expert reports which were later supplemented. *Id.*[1] Other than those three retained experts, NaphCare and Gubitz did not disclose any other person who might offer opinion testimony at trial. *Id.*

On May 12, 2022, NaphCare and Gubitz identified Dr. Jeffrey Maple, the former NaphCare Medical Director at the Spokane County Jail as a witness they expect to call at trial. *See* ECF 100 at p. 3. In their description of his expected testimony, Defendants state that Dr. Maple "will testify regarding his opinions of the care and treatment by NaphCare and RN Gubitz and the challenges of providing healthcare in a jail facility. Dr. Maple will also testify regarding his review of Ms. Hill's death." *Id.*

Despite having never been disclosed as someone who will offer opinion testimony, the description of Dr. Maple's anticipated testimony makes it apparent

---

[1] Plaintiffs contend that two of these reports are insufficient and that supplemental reports from all three are also insufficient. These matters are addressed in separate motions pending before the Court.

BUDGE & HEIPT, PLLC
ATTORNEYS AT LAW
808 E. Roy St.
SEATTLE, WA 98102
TELEPHONE: (206) 624-3060

that Defendants NaphCare and Gubitz intend to use him as an expert. It is undisputed that Dr. Maple was not involved in Ms. Hill's care leading up to her death. He is not a percipient witness to any of the events in question. Although he may have some relevant factual testimony to offer (e.g., as it relates to the policies and procedures of NaphCare) he should not be permitted to offer his opinions about Ms. Hill's "care and treatment," general opinions about "challenges of providing healthcare in a jail facility," or any related opinion testimony because he was never disclosed as someone who might provide opinion testimony, as required by Fed. R. Civ. P. 26(a)(2)(C). Defendants NaphCare and Gubitz cannot show that their failure to disclose Dr. Maple's expected opinion testimony by the Court's deadline of December 18, 2021, is either harmless or substantially justified. Accordingly, any opinion testimony from Dr. Maple should be excluded.

The same reasoning applies to all other non-retained witnesses identified by Defendants NaphCare and Gubitz (ECF 100). For instance, these defendants have listed many of Defendant Gubitz's former nursing colleagues, Dr. Jeffrey Alvarez (current Chief Medical Officer for NaphCare), various personnel associated with the autopsy of Ms. Hill, and Defendant Gubitz herself. Defendants NaphCare and Gubitz do not explicitly state that any of these witnesses will offer opinion testimony, and Plaintiffs have no objection to their testimony to the extent it is relevant and factual. But to the extent any such witness is asked to express opinions under Fed. R. Evid. 702, 703 or 705, such testimony should be excluded because

PLAINTIFFS' MOTIONS *IN LIMINE* - 4

these witnesses were never disclosed as individuals who might offer such testimony per Fed. R. Civ. P. 26(a)(2)(C).

### 2. Evidence, Testimony or Argument from Defendant Spokane County Designed to Dispute or "Minimize" Liability

The Court granted Plaintiffs' motion for default judgment against Defendant Spokane County, establishing liability against it on Plaintiffs' "negligence and § 1983 claims." *See* ECF 88 at 44. Thereafter, the Court entered a default judgment as to liability "in favor of Plaintiffs on their negligence and § 1983 claims against Defendant Spokane County." ECF 94. As to Spokane County, the only remaining issue for the jury is "a determination of damages." ECF 88 at 44.

Although liability against Spokane County is now conclusively established, the County filed its Trial Exhibit List (ECF 97) and Trial Witness List (ECF 98) with no apparent recognition of this fact. The County identified more than 30 individuals, including various corrections officers and former corrections officers, jail managers, investigating law enforcement officers, emergency medical personnel, and others. ECF 98. With the exception of any individual who might be able to testify about Ms. Hill's pre-death pain and suffering (and the only such witness listed by the County appears to be Defendant Gubitz) none of these witnesses appear to have any relevant testimony to offer on the subject of damages. The County has not, for example, identified any person able to testify about personal observations of Ms. Hill's condition in the hours leading up to her death, or who can

PLAINTIFFS' MOTIONS *IN LIMINE* - 5

BUDGE⊕HEIPT,PLLC
ATTORNEYS AT LAW
808 E. Roy St.
SEATTLE, WA 98102
TELEPHONE: (206) 624-3060

testify about Ms. Hill's loss of life damages or damages to Ms. Metsker for the loss of love, society and companionship of her mother.

The County has also identified more than 80 trial exhibits. ECF 97. These include brief video clips showing Ms. Hill being transported by wheelchair to the "medical watch" section of the jail, jail floor plans, shift logs and schedules, various reports of corrections officers and law enforcement officers, jail policies, and other records that have no relevance to damages. Though limited portions of some exhibits (e.g. the few exhibits documenting Ms. Hill's pain and suffering in the hours before her death) are relevant to damages, the vast majority would only be relevant if the County's liability were still in dispute.

In short, the County has identified so many exhibits and witnesses that have no relevance to the subject of damages that the County appears poised to imply, suggest, or even argue that it is not liable to Plaintiffs or that its liability should be discounted or minimized. This should not be allowed. Though the effect of the Court's entry of a default judgment should be obvious (i.e., it renders all evidence and testimony relating to the County's liability irrelevant), the Court should order that the County may not imply, suggest, or argue that it is not liable to Plaintiffs or that its liability should be discounted or minimized. Any effort by the County to do so would be unfairly prejudicial and confusing, while also being irrelevant, in violation of Fed. R. Evid. 403. With regard to any exhibits or testimony the County actually intends to offer at trial, those exhibits and testimony should be limited to

BUDGE&HEIPT, PLLC
ATTORNEYS AT LAW
808 E. Roy St.
SEATTLE, WA 98102
TELEPHONE: (206) 624-3060

admissible evidence that the County can show at trial is relevant to the issue of damages.[2]

### 3. Evidence that the Reason for Cindy Hill's August 2018 Confinement was for a Felony Charge

It is undisputed that the decedent, Cindy Hill, was a pretrial detainee, not convicted of any crime, during her approximately five-day confinement in the Spokane County Jail between August 21, 2018 and her death on August 25. According to charging documents identified in the Exhibit List of Defendants NaphCare and Gubitz, Ms. Hill was being held on charges relating to possession of a controlled substance in violation of RCW 69.50.4013(1). ECF 99 at p. 4 (Ex. 284); Budge decl., Ex. 2. The charging documents indicate that the charge was a felony charge. *Id*.

Although it is appropriate background that the jury be advised that Ms. Hill was a pretrial detainee being held for possession of a controlled substance, the Court should exclude reference to the charge being a felony charge. Whether Ms. Hill's confinement was for a felony or a misdemeanor charge is irrelevant to any of the claims being asserted in this case, especially given her legal status as an unconvicted detainee. Reference to the charge as a "felony" would only serve to unfairly

---

[2] Plaintiffs note that many of the witnesses and some of the exhibits identified by the County are also listed by Plaintiffs. There is good reason for this. Some of the witnesses and exhibits are relevant to establishing Plaintiffs' liability case against Defendants NaphCare and Gubitz. In other words, some of the witnesses and exhibits in question are relevant if offered by *Plaintiffs* relative to the two defendants whose liability remains at issue but have no relevance if offered by the County.

PLAINTIFFS' MOTIONS *IN LIMINE* - 7

BUDGE & HEIPT, PLLC
ATTORNEYS AT LAW
808 E. Roy St.
SEATTLE, WA 98102
TELEPHONE: (206) 624-3060

prejudice the jury against her. Since the level of the charge is irrelevant, the evidence should be excluded under Fed. R. Evid. 401-03.

### 4. Evidence of Cindy Hill's Criminal History

Cindy Hill had a minor criminal history before her August, 2018 confinement, having been confined in the Spokane County Jail briefly in 2016 and 2017. There is no relevance to her criminal history and evidence about it would serve only to prejudice the jury against her character. Yet her general character is not relevant and there is no reason her criminal history is probative of any of the issues the jury will be deciding. Accordingly, evidence of her criminal history should be excluded under Fed. R. Evid. 401-03.

### 5. Evidence of Cindy Hill's Medical History Before August 2018

Defendants have identified hundreds of pages of Ms. Hill's medical records from the years before 2018 in their exhibit lists. These include records from Ms. Hill's community providers from 2010 to early 2018. *See, e.g.*, ECF 97 (Spokane County's Exs. 258-267); ECF 99 (NaphCare/Gubitz's Exs. 285-88). They also include NaphCare records from Ms. Hill's previous jail confinements before 2018. *See* ECF 99 at Exs. 257-257(c).

There is no relevance to medical records predating Ms. Hill's August, 2018 confinement. It is undisputed that Defendant Gubitz never considered—or even had access to—Ms. Hill's medical history when making decisions about her care. To the contrary, Defendant Gubitz admitted in her deposition that she did not look at Ms. Hill's medical records prior to her first encounter with her on August 25, 2018.

PLAINTIFFS' MOTIONS *IN LIMINE* - 8

BUDGE&HEIPT,PLLC
ATTORNEYS AT LAW
808 E. Roy St.
SEATTLE, WA 98102
TELEPHONE: (206) 624-3060

Budge Decl., Ex. 3 (Gubitz dep.) at 46:1-4. In fact, she could not recall ever looking at Ms. Hill's medical records prior to this lawsuit. *Id*. at 193:14-18. Even if she had decided to look at Ms. Hill's medical records, she only would have seen what was in NaphCare's system, not historical records from community providers. *Id*. at 46:25–47:4. And because the cause of Ms. Hill's death is undisputed, these historical records have no bearing on that issue.

The apparent reason Defendants want to introduce these records is because some of them, particularly those from certain community providers, paint Ms. Hill in a prejudicial light. There is information in the records that Ms. Hill used illicit drugs, smoked tobacco, sometimes had a hard time providing a clear medical history, missed appointments, failed to follow up on medical referrals, and even spoke in a "raspy" voice characteristic of a long-time smoker. This information is clearly prejudicial—and unfairly so since none of this information makes any fact at issue more or less probable. Whether Ms. Hill was a good patient to other providers, a bad patient to other providers, or even a person who lived an unhealthy lifestyle has nothing to do with the obligations of Defendants NaphCare and Gubitz to provide her with constitutionally adequate care when she was confined at the jail in August of 2018. The information in the records did not inform any decisions by any defendant leading up to her death. And the information is not relevant to the undisputed cause of her death. Accordingly, these records should be excluded under Fed. R. Evid. 401-03.

BUDGE❖HEIPT, PLLC
ATTORNEYS AT LAW
808 E. Roy St.
SEATTLE, WA 98102
TELEPHONE: (206) 624-3060

### 6. Evidence of Cynthia Metsker's Criminal History

Cynthia Metsker is the sole surviving child of Cindy Hill and an individual plaintiff in this case. At the time of her mother's death, she was 19 years old. She has various criminal convictions, including juvenile convictions. She will likely be called as a trial witness to offer limited testimony relevant solely to her damages for the loss of love, society and companionship of her mother and her mother's loss of life damages.

No defendant has indicated that they have any intent to offer evidence of Ms. Metsker's criminal history. Under Fed. R. Evid. 609(d), evidence of any juvenile conviction is clearly inadmissible to impeach Ms. Metsker since this is a civil case. And evidence of any adult convictions is not probative to the limited damages testimony Ms. Metsker might offer and would be unfairly prejudicial— especially given the limited subject matter of her testimony. Accordingly, it should be excluded under Fed. R. Evid. 401-03.

### III. CONCLUSION

For the reasons described in this motion, Plaintiffs ask the Court to enter an order *in limine* excluding the evidence, testimony and/or argument outlined above.

BUDGE☙HEIPT, PLLC
ATTORNEYS AT LAW
808 E. Roy St.
SEATTLE, WA 98102
TELEPHONE: (206) 624-3060

1   Respectfully submitted this 27th day of May, 2022.

2                                       **BUDGE & HEIPT, PLLC**

3

4                                       */s/ Edwin S. Budge*
                                        Edwin S. Budge, WSBA #24182
                                        Hank Balson, WSBA #29250
5                                       Erik J. Heipt, WSBA #28113
                                        808 E. Roy St.
6                                       Seattle, WA 98102
                                        hank@budgeandheipt.com
7                                       ed@budgeandheipt.com
                                        erik@budgeandheipt.com
                                        (206) 624-3060
8                                       Attorneys for Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

BUDGE & HEIPT, PLLC
ATTORNEYS AT LAW
808 E. Roy St.
SEATTLE, WA 98102
TELEPHONE: (206) 624-3060

**CERTIFICATE OF SERVICE**

The undersigned certifies that on the date stated below this document was filed with the Clerk of the Court for the United States District Court for the Eastern District of Washington, via the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

| | |
|---|---|
| Ketia B. Wick, WSBA #27219 | John E. Justice, WSBA #23042 |
| Erin E. Ehlert, WSBA #26340 | Law, Lyman, Daniel, Kamerrer & |
| Fain Anderson VanDerhoef Rosendahl | Bogdanovich, P.S. |
| 701 Fifth Avenue, Suite 4750 | PO Box 11880 |
| Seattle, WA 98104 | Olympia WA 98508 |
| ketia@favros.com | jjustice@lldkb.com |
| erine@favros.com | (360) 754-3480 |
| Attorneys for Defendants NaphCare, | Attorney for Defendant Spokane |
| Inc., and Hannah Gubitz | County |

Dated this 27th day of May, 2022.


 /s/ Edwin S. Budge
Edwin S. Budge

BUDGE & HEIPT, PLLC
ATTORNEYS AT LAW
808 E. Roy St.
SEATTLE, WA 98102
TELEPHONE: (206) 624-3060