# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THE ESTATE OF CINDY LOU HILL, by and through its personal representative, Joseph A. Grube; and CYNTHIA METSKER, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>NAPHCARE INC., an Alabama corporation; HANNAH GUBITZ, individually; and SPOKANE COUNTY, a political subdivision of the State of Washington.<br><br>Defendants. | NO. 2:20-cv-00410-MKD<br><br>**DEFENDANT SPOKANE COUNTY'S OPPOSITION TO NAPHCARE'S MOTION TO BIFURCATE THE TRIAL** |

## I. INTRODUCTION

Co-Defendant NaphCare has filed a motion to bifurcate the upcoming trial in this matter as follows: the first phase would consist of the jury determining NaphCare's liability for plaintiffs' claims against NaphCare and Hannah Gubitz for negligence and alleged civil rights violations. Dkt. 1, pp. 20-22. If the jury finds liability as to either NaphCare or Ms. Gubitz, the second phase would begin immediately, with the same jury would considering damages against all liable defendants. Dkt. 115. Spokane County opposes the bifurcation of the trial because it would not promote judicial efficiency and it would be unfair to Spokane County.

**DEFENDANT SPOKANE COUNTY'S OPPOSITION TO NAPHCARE'S MOTION TO BIFURCATE THE TRIAL – 1**
**Cause No.: 2:20-cv-00410-MKD**

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA 98512*
*P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480 FAX: (360) 357-3511*

## II. ARGUMENT

NaphCare's motion accurately sets forth the facts relevant to its motion with two minor corrections: First, plaintiffs allege claims of negligence and civil rights against NaphCare and Hannah Gubitz, not just negligence. Dkt. 1, pp. 20-22. Second, the jury cannot award punitive damages against Spokane County. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981) ("a municipality is immune from punitive damages under 42 U.S.C. § 1983.")

Bifurcation is the exception rather than the rule of normal trial procedure; Rule 42(b) allows, but does not require, bifurcation to further convenience or avoid prejudice. *See Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1021 (9th Cir.2004); *see also* Fed.R.Civ.P. 42 advisory committee's note (1966 Amendment) ("[S]eparation of issues for trial is not to be routinely ordered[.]").

"With respect to both discovery and trial," the moving party has the "burden of proving that the bifurcation will promote judicial economy and avoid inconvenience or prejudice to the parties." *Spectra–Physics Lasers, Inc. v. Uniphase Corp.*, 144 F.R.D. 99, 101 (N.D.Cal.1992) (citations omitted*); see also Burton v. Mountain W. Farm Bureau Mut. Ins. Co.*, 214 F.R.D. 598, 612 (D.Mont.2003).

Factors that courts have considered in determining whether bifurcation is appropriate include: (1) whether the issues are significantly different from one another; (2) whether the issues are to be tried before a jury or to the court; (3) whether the posture of discovery on the issues favors a single trial or bifurcation; (4) whether the documentary and testimonial evidence on the issues overlap; and (5) whether the party opposing bifurcation will be

**DEFENDANT SPOKANE COUNTY'S OPPOSITION TO NAPHCARE'S MOTION TO BIFURCATE THE TRIAL – 2**
**Cause No.: 2:20-cv-00410-MKD**

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
2674 R.W. JOHNSON RD. TUMWATER, WA 98512
P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480 FAX: (360) 357-3511

prejudiced if it is granted. *Dallas v. Goldberg*, 143 F.Supp.2d 312, 315 (S.D.N.Y.2001) (citations omitted).

Courts also consider the complexity of the issues and possible jury confusion. *See IPPV Enters. v. Cable/Home Commc'n Corp.*, 26 U.S.P.Q.2d 1714, 1715 (S.D.Cal.1993). "Bifurcation is particularly appropriate when resolution of a single claim or issue could be dispositive of the entire case." *Drennan v. Maryland Cas. Co.*, 366 F.Supp.2d 1002, 1007 (D.Nev.2005) (*citing O'Malley v. United States Fidelity and Guaranty Co.*, 776 F.2d 494, 501 (5th Cir.1985) (bifurcation was proper when resolution of breach of insurance contract claim effectively disposed of plaintiff's bad faith claim against insurance company)). Bifurcation is **inappropriate** where the issues are so intertwined that separating them would "tend to create confusion and uncertainty." *See Miller v. Fairchild Indus., Inc.*, 885 F.2d 498, 511 (9th Cir.1989) (citation and quotation marks omitted).

In the present case, the factors laid out above do not support bifurcation. First, the evidence plaintiffs will present in a liability phase will likely be largely duplicative of the evidence they will present in a damages phase trial. Thus, the issues between phases would not be significantly different and would need to be presented twice. This does not promote judicial efficiency. Second, NaphCare's proposal involves using the same jury for both phases. Requiring a jury to hear the case in two phases is inconvenient to that jury and will likely lengthen their jury service. Finally, Spokane County may be prejudiced by the fact that it will be sidelined in liability only phase in which the jury will hear evidence that it will consider in the damages phase that will include Spokane County. The potential for juror confusion in such a scenario is higher than the traditional method of trying damages and liability at the same time.

**DEFENDANT SPOKANE COUNTY'S OPPOSITION TO NAPHCARE'S MOTION TO BIFURCATE THE TRIAL – 3**
**Cause No.: 2:20-cv-00410-MKD**

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
2674 R.W. JOHNSON RD. TUMWATER, WA 98512
P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480 FAX: (360) 357-3511

Because bifurcation of the upcoming trial will not promote judicial efficiency and may prejudice Spokane County, the County respectfully requests that the Court deny the motion to bifurcate the trial.

DATED this 31st day of May, 2022.

LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.

*/s/ John E. Justice*

John E. Justice, WSBA № 23042
Attorney for Defendant Spokane County
P.O. Box 11880, Olympia, WA 98508
Phone: (360) 754-3480 Fax: 360-357-3511
Email: jjustice@lldkb.com

**DEFENDANT SPOKANE COUNTY'S OPPOSITION TO NAPHCARE'S MOTION TO BIFURCATE THE TRIAL – 4**
**Cause No.: 2:20-cv-00410-MKD**

*LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.
ATTORNEYS AT LAW
2674 R.W. JOHNSON RD. TUMWATER, WA 98512
P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480 FAX: (360) 357-3511*

# CERTIFICATE OF FILING & SERVICE

I certify under penalty of perjury under the laws of the United States of America and the State of Washington that on the date specified below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which constitutes service on the following under LCivR 5(b):

***Counsel for Plaintiffs***
Erik J. Heipt, WSBA #28113
Edwin S. Budge, WSBA #24182
Hank Balson, WSBA #29250
Budge & Heipt PLLC
808 East Roy Street
Seattle, WA 98102
erik@budgeandheipt.com
ed@budgeandheipt.com
hank@budgeandheipt.com

***Counsel for Defendant Naphcare & Gubitz***
Ketia B. Wick, WSBA #27219
Erin E. Ehlert, WSBA # 26340
Fain Anderson VanDerhoef Rosendahl O'Halloran Spillane
701 Fifth Avenue, Suite 4750
Seattle, WA 98104
ketia@favros.com
erine@favros.com

DATED this 31st day of May, 2022, at Tumwater, WA.

*/s/ Tam Truong*

Tam Truong
Assistant to John E. Justice

**DEFENDANT SPOKANE COUNTY'S OPPOSITION TO NAPHCARE'S MOTION TO BIFURCATE THE TRIAL – 5**
**Cause No.: 2:20-cv-00410-MKD**

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
ATTORNEYS AT LAW
2674 R.W. JOHNSON RD. TUMWATER, WA 98512
P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480 FAX: (360) 357-3511