Budge & Heipt, PLLC
808 E. Roy St.
Seattle, WA 98102
(206) 624-3060

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

THE ESTATE OF CINDY LOU HILL, by
and through its personal representative,
Joseph A. Grube; and CYNTHIA
METSKER, individually,

                Plaintiffs,

      vs.

NAPHCARE, INC, an Alabama
corporation; HANNAH GUBITZ,
individually; and SPOKANE COUNTY,
a political subdivision of the State of
Washington,

              Defendants.

No. 2:20-cv-00410-MKD

PLAINTIFFS' RESPONSE TO
DEFENDANT SPOKANE COUNTY'S
MOTIONS *IN LIMINE*

PLAINTIFFS' RESPONSE TO DEFENDANT
SPOKANE COUNTY'S MOTIONS IN LIMINE

BUDGE & HEIPT, PLLC
ATTORNEYS AT LAW
808 E. Roy St.
SEATTLE, WA 98102
TELEPHONE: (206) 624-3060

"Motions in limine that seek exclusion of broad and unspecific categories of evidence . . . are generally disfavored" because courts are "better situated during the actual trial to assess the value and utility of evidence" rather than "tackling the matter in a vacuum." *Espinoza v. Sniff*, No. EDCV-14-85, 2015 U.S. Dist. LEXIS 182248 *3 (C.D. Calif. May 11, 2015). "Motion[s] *in limine* must be sufficiently specific with respect to the matters or evidence to be excluded." *Landrum v. Conseco Life Ins. Co.*, No. 1:12-CV-5, 2014 U.S. Dist. LEXIS 188, at *10 (S.D. Miss. Jan. 2, 2014). Requests that are "vague, nonspecific, and lacking in context" should be denied. *Id.* at *19. "The purpose of motions *in limine* is not to re-iterate matters which are set forth elsewhere in the Rules of Civil Procedure or Rules of Evidence, but, rather, to identify *specific* issues which are likely to arise at trial, and which, due to their complexity or potentially prejudicial nature, are best addressed in the context of a motion *in limine*." *Maggette v. BL Dev. Corp.*, No. 2:07-CV-181, 2011 U.S. Dist. LEXIS 58077 at *19-20 (N.D. Miss. May 27, 2011) (emphasis in original). Motions setting forth a lengthy laundry list of matters that are of a "highly vague nature" are improper. *King v. Coles Poultry, LLC*, No. 1:14-cv-00088, 2017 U.S. Dist. LEXIS 18648, at *5 (N.D. Miss. Feb. 9, 2017).

**A.  "Argument, testimony or comment which invites the jurors to conceptionally put themselves in the place of the plaintiff in considering any of the issues."**

Plaintiffs are cognizant that "golden rule" arguments should generally not be made, and do not intend to do so.

BUDGE❖HEIPT, PLLC
ATTORNEYS AT LAW
808 E. Roy St.
SEATTLE, WA 98102
TELEPHONE: (206) 624-3060

**B.    "References to Liability Insurance or Indemnification."**

Plaintiffs will not offer evidence that would violate Fed. R. Evid. 411, which prohibits evidence of insurance "to prove whether the person acted negligently or otherwise wrongfully" but allows such evidence for other purposes. Thus, for example, if the County should imply that any judgment will have to be paid by the taxpayers, or that it will negatively impact the County's budget—or if it should otherwise open the door to such evidence for a permissible purpose—evidence of insurance or indemnification could be fair game. Accordingly, this motion should be denied without prejudice to the County's right to object at trial.

**C.    "All non-party witnesses should be excluded from the courtroom during trial."**

Plaintiffs do not object to this request.

**D.    "Evidence of Settlement Negotiations."**

Plaintiffs do not object to this request.

**E.    "Relative Financial Condition of the Parties."**

Citing no rule or other authority, the County asks the Court to prohibit "[a]ny reference to the financial resources available to the defendant versus the resources of the plaintiff [sic] in litigating this case." This is a vague request. For example, in describing the decedent's background, is the County suggesting that the parties may not refer to Ms. Hill as a person who had limited means? Does the County suggest that Plaintiffs cannot introduce evidence of NaphCare's financial condition—which is indisputably relevant to punitive damages? Is the County proposing that Plaintiffs cannot say that NaphCare had the resources to provide adequate healthcare at the

BUDGE◆HEIPT, PLLC
ATTORNEYS AT LAW
808 E. Roy St.
SEATTLE, WA 98102
TELEPHONE: (206) 624-3060

jail? This request is not sufficiently specific and should therefore be denied without prejudice to the County's right to object at trial.

**F. "Evidence or theories not previously disclosed by plaintiff in discovery or properly supplemented pursuant to FRCP 26."**

This is a classic example of a broad and unspecific request that does not identify any specific evidence sought to be excluded. This is not a proper motion *in limine*. It should be denied without prejudice to the County's right to object at trial.

**G. "That the defendants have not called to testify as a witness any person equally available to both parties."**

Under many circumstances, it is perfectly fair in a civil trial to suggest in closing that another party failed to present testimony on a certain topic or through a certain witness it could have presented but did not. This request should be denied.

**H. "Arguments and inferences outside the record for 'political' effect."**

Again, this is an example of a broad, generalized request that does not identify any specific evidence sought to be excluded. It's not possible to discern what the County means by this motion, and a pretrial ruling attempting to circumscribe "arguments and inferences" made for "political effect" would be meaningless. The request should be denied. If the County believes improper arguments are being made at trial, it has every right to object and request a ruling in the context of the situation.

**I. "Testimony from any witness not properly disclosed pursuant to Civil Rule (sic) 26."**

The County says: "Parties have an affirmative duty under CR 26(a)(1) and (e) to disclose the identity of witnesses, including their address and phone number and

BUDGE❖HEIPT, PLLC
ATTORNEYS AT LAW
808 E. Roy St.
SEATTLE, WA 98102
TELEPHONE: (206) 624-3060

the subjects of their known information." ECF 123 at 5. This is true. But despite having seen Plaintiffs' witness list, the County does not suggest that Plaintiffs intend to call someone not previously identified. The County's motion is improper in that it simply reiterates a court rule without identifying who it seeks to exclude. The motion should be denied.

## J.    "Post-Incident Actions"

Again, this request is too vague. The County apparently seeks a broad ruling that would prohibit plaintiffs "from eliciting testimony regarding actions taken or not taken, by the (sic) Spokane County following the incident in this case." ECF 123 at 5. First, the County misperceives Fed. R. Evid. 407, which prohibits evidence of subsequent remedial measures when offered for certain purposes but allows such evidence for other purposes—such as "the feasibility of precautionary measures." And while the rule, under some circumstances, prohibits evidence of "measures taken" after an incident, the rule does not prohibit evidence of measures *not* taken.

But the most fundamental problem is that, like other of the County's motions, it does not identify any specific evidence the County seeks to exclude. The County's motion should be denied without prejudice to its right to object at trial.

## K.    "Prior or Subsequent Jail Deaths."

The County's liability has already been conclusively established on all claims. Judgment has been entered against the County, leaving damages as the sole remaining issue against it. *See* ECF Nos. 88 & 94.

BUDGE◇HEIPT, PLLC
ATTORNEYS AT LAW
808 E. Roy St.
SEATTLE, WA 98102
TELEPHONE: (206) 624-3060

Although prior or subsequent jail deaths would have been highly relevant to Plaintiffs' *Monell* claims against the County, there is no longer a need to introduce such evidence for purposes of proving the County's *Monell* liability. There are, however, reasons that such evidence is admissible to help establish Plaintiffs' *Monell* claim against Defendant NaphCare—whose liability remains to be determined. The County, however, has no standing to contest the introduction of this evidence against NaphCare. Accordingly, the County's motion should be denied.

**L. "The court should require 24 hours notice of witnesses, deposition testimony and exhibits prior to presentation at trial."**

It is reasonable and customary for counsel to confer at the end of each trial day to advise which witnesses will be called the next day. 24-hour notice is reasonable for the first day of trial and before the following Monday. But is not reasonable during the rest of the week since it is not possible to anticipate how long cross-examination will take (especially with multiple sets of counsel) an entire day in advance. The better approach is to require 24-hour notice of the witnesses who will be called on each Monday of trial, with notification at the end of each other court day who will be called the next day.

As for 24-hour disclosure of "exhibits," this request is highly unusual and should be denied. The Jury Trial Scheduling Order required disclosure of all exhibits nearly two months in advance of trial (ECF 14 at p. 6) and all parties have complied. Thus, there will be no surprise exhibits. It is not fair or reasonable to tie the hands of counsel by requiring that they disclose, a full day in advance, each

BUDGE◈HEIPT, PLLC
ATTORNEYS AT LAW
808 E. Roy St.
SEATTLE, WA 98102
TELEPHONE: (206) 624-3060

exhibit they intend to use with upcoming witnesses. Trials are changeable and dynamic, and counsel should be free to use exhibits with witnesses as dictated by the circumstances and counsel's strategic decisions during the course of trial.

**M.** **"Any argument or evidence that the parties have filed motions in limine."**

Plaintiffs have no objection to this request.

**N.** **"Plaintiffs' Exhibit 12."**

Exhibit 12 (the "Hammond Report") is a unique piece of evidence that is not hearsay and that is admissible to support Plaintiffs' claims against Defendant NaphCare given the distinctive nature of this case and the particular claims at issue. The bases for admitting the Hammond Report to support Plaintiffs' claims against NaphCare are fully explained in Plaintiff's Response to NaphCare's Motion *in Limine* No. 3, which is being filed contemporaneously with this submission. Plaintiffs respectfully refer the Court to the argument contained in that response.

Because the County has already been found liable on all Plaintiffs' claims, the Hammond Report will not be offered against the County. It will be offered against NaphCare only. It is dubious whether the County has any standing to contest the admissibility of the Hammond Report as it relates to Plaintiffs' claims against NaphCare. Given that liability is already established against the County, Plaintiffs would not object to a limiting instruction that the Hammond Report may be considered only with regard to the claims against NaphCare.

BUDGE◆HEIPT, PLLC
ATTORNEYS AT LAW
808 E. Roy St.
SEATTLE, WA 98102
TELEPHONE: (206) 624-3060

## O. "Plaintiffs' Exhibit 17."

Exhibit 17 is a 3-minute medical animation prepared by Plaintiffs as an illustrative aid for trial, which will be offered for demonstrative purposes only. The animation (and/or still shots from it) will be used illustratively with the testimony of Plaintiffs' medical expert, Dr. Sebastian Schubl. Plaintiffs also anticipate its use in opening to illustrate the medical concepts Plaintiffs' experts will testify about. Plaintiffs will not seek its admission as an exhibit to go to the jury room.

The animation demonstrates, in simplified but fair and accurate form, various organs in the human body—particularly the digestive tract where Cindy Hill's 1.2-centimeter perforation occurred. It demonstrates the leakage of gastric fluid into the abdominal cavity, the spread of that fluid, the resulting peritonitis, and the absorption of bacteria into the bloodstream, eventually resulting in death. The simple point is to illustrate to the jury—in an elementary but accurate, reliable and fair manner—the basic series of events leading to Cindy Hill's acute suffering and death. Dr. Sebastian Schubl, one of Plaintiffs' medical experts, will lay all the necessary foundation by testifying that the animation is a fair, accurate, reliable representation of what actually occurred inside Ms. Hill's body. *See* June 1, 2022 Declaration of Sebastian Schubl, M.D.

In his declaration, Dr. Schubl explains that Exhibit 17 was created with his consultation to "ensure that it would fairly and accurately" demonstrate the events in question. *Id*. ¶ 6. He affirms that the illustrative aid "is a reasonably accurate and fair representation of how Ms. Hill's untreated duodenal perforation led to her acute

BUDGE❦HEIPT, PLLC
ATTORNEYS AT LAW
808 E. Roy St.
SEATTLE, WA 98102
TELEPHONE: (206) 624-3060

peritonitis, septicemia, and death." *Id.* ¶ 7. He testifies that the exhibit "will be useful to me as an aid in explaining to the jury" the nature of Ms. Hill's condition, how it caused her pain and suffering, and how it led to her death. *Id.* ¶ 8. And he rebuts every defense objection that the exhibit is inaccurate. *Id.* ¶¶ 10-13.

Using the animation is essentially no different than if Dr. Schubl were to illustrate Ms. Hill's disease with anatomical models, enlarged drawings, or even a white board and marker. But rather than use those kinds of visuals, this animation was created well in advance of trial, vetted by Dr. Schubl for reliability, fairness, and accuracy, and shared with all counsel immediately upon its completion (more than two months before trial). Its use will aid the jury's ability to understand Dr. Schubl's testimony and allow them to better comprehend the evidence.

Offering no evidence, the County says that the video contains certain inaccuracies or that it is incomplete. Those unsubstantiated objections are unfounded insofar as they are directed to an illustrative exhibit that is not intended to be a perfect replication but, rather, a fair and useful illustration of basic medical principles and the processes that occurred. No illustrative exhibit, whether a drawing, model, or animation is ever perfect—just as no doctor using a whiteboard and felt marker could ever draw a perfect picture in front of the jury. But perfect accuracy is not the test. When it comes to the use of illustrative aids at trial, courts recognize that the idea is not perfect re-creation, but fair illustrative usefulness. Such exhibits may be used "if they are sufficiently explanatory or illustrative of relevant testimony in the case to be of potential help to the trier of fact." *Russo v. Mazda*

BUDGE✦HEIPT, PLLC
ATTORNEYS AT LAW
808 E. Roy St.
SEATTLE, WA 98102
TELEPHONE: (206) 624-3060

*Motor Corp.*, No. 89-7995, 1992 U.S. Dist. LEXIS 16169 *3-4 (E.D. Pa., Oct. 19, 1992). The test is not one of perfection, but of well-grounded usefulness. *See Lopez v. CSX Transp., Inc.*, No. 3:14-cv-257, 2021 U.S. Dist. LEXIS 125535 *29-30 (W.D. Pa. July 6, 2021) (allowing use of demonstrative aids with expert to "assist the jury in understanding the layout of the interior of a locomotive cab, what the interior of a locomotive cab looks like, and the locations of individuals and items within the locomotive cab" and noting that any dissimilarities "goes to the weight of the evidence, not the admissibility" and can be explored at trial).

Indeed, the defense criticisms of Exhibit 17 (which themselves are unsupported by any evidence) go solely to the weight of the demonstrative aid; not its use. The defense can cross examine Dr. Schubl or make whatever other arguments at trial it deems appropriate. But there is no basis for excluding Exhibit 17 as a demonstrative aid.

**P.    "Plaintiffs Should Not Be Permitted to Call Michael Sparber."**

This request is spurious. Mr. Sparber was deposed by Plaintiffs on August 16, 2021, when he was the highest-ranking official of the jail. The purpose of calling him at trial is unrelated to the County's liability, which is already established. Rather, he has significant testimony to offer relevant to the liability of Defendants NaphCare and Gubitz. Among other things, Mr. Sparber will testify that the "medical watch" practice—a practice that NaphCare adopted and uses regularly, despite its obvious risks—has been in place for years. This is an essential fact in establishing that medical watch is a "permanent, widespread, well-settled practice or

BUDGE❖HEIPT, PLLC
ATTORNEYS AT LAW
808 E. Roy St.
SEATTLE, WA 98102
TELEPHONE: (206) 624-3060

custom that constitutes a standard operating procedure" of NaphCare—which is one element of Plaintiffs' *Monell* claim against it. *See Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1074 (9th Cir. 2016). Mr. Sparber may also testify about the following topics, all of which are highly relevant to the liability claims at issue against Defendants NaphCare and Gubitz: The contract between the County and NaphCare for jail medical services; NaphCare's responsibilities under its contract; the non-medical nature of the "medical watch" practice; the respective roles of custody and medical staff in addressing health needs at the jail (and for conducting medical watch in particular); the lack of communication and coordination between the County and NaphCare regarding those roles; and NaphCare's continuing reliance on the non-medical "medical watch" practice despite the known risks it poses.

The County's objection that Director Sparber's testimony is cumulative of Lt. Donald Hooper's testimony is likewise unfounded. For one thing, Plaintiffs have not yet decided the order in which witnesses will be called and we may prefer to call Mr. Sparber before Lt. Hooper or instead of him. To the extent one witness sufficiently covers the necessary subject matter, Plaintiffs will not re-plow that ground with the other witness. Plaintiffs have no desire to waste anyone's time or bore the jury. If both witnesses are called, it will be because they will testify about distinct subjects. There are no legitimate grounds for the County's motion.

### III.   CONCLUSION

Except for limited portions of the County's motions *in limine* identified above, the County's motions should be denied.

BUDGE✦HEIPT, PLLC
ATTORNEYS AT LAW
808 E. Roy St.
SEATTLE, WA 98102
TELEPHONE: (206) 624-3060

Respectfully submitted this 3rd day of June, 2022.

**BUDGE & HEIPT, PLLC**
808 E. Roy St.
Seattle, WA 98102


_____ s/ Edwin S. Budge
Edwin S. Budge, WSBA #24182
Hank Balson, WSBA #29250
Erik J. Heipt, WSBA #28113
hank@budgeandheipt.com
ed@budgeandheipt.com
erik@budgeandheipt.com
(206) 624-3060
Attorneys for Plaintiffs

The undersigned certifies that on the date stated below this document was filed with the Clerk of the Court for the United States District Court for the Eastern District of Washington, via the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

| | |
|---|---|
| Ketia B. Wick, WSBA #27219<br>Erin E. Ehlert, WSBA #26340<br>Fain Anderson VanDerhoef Rosendahl<br>701 Fifth Avenue, Suite 4750<br>Seattle, WA 98104<br>ketia@favros.com<br>erine@favros.com<br>Attorneys for Defendants NaphCare,<br>Inc., and Hannah Gubitz | John E. Justice, WSBA #23042<br>Law, Lyman, Daniel, Kamerrer &<br>Bogdanovich, P.S.<br>PO Box 11880<br>Olympia WA 98508<br>jjustice@lldkb.com<br>(360) 754-3480<br>Attorney for Defendant Spokane<br>County |

Dated this 3rd day of June, 2022.

  s/ Edwin S. Budge
Edwin S. Budge

BUDGE&HEIPT, PLLC
ATTORNEYS AT LAW
808 E. Roy St.
SEATTLE, WA 98102
TELEPHONE: (206) 624-3060