**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| THE ESTATE OF CINDY LOU HILL, by and through its personal representative, Joseph A. Grube; and CYNTHIA METSKER, individually,<br><br>                              Plaintiffs,<br>vs.<br><br>NAPHCARE INC., an Alabama corporation; HANNAH GUBITZ, individually; and SPOKANE COUNTY, a political subdivision of the State of Washington.<br><br>                              Defendants. | NO.  2:20-cv-00410-MKD<br><br>**DEFENDANT SPOKANE COUNTY'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTIONS IN LIMINE**<br><br>**NOTE FOR CONSIDERATION:**<br><br>**Tuesday, June 28, 2022** |

**A.     Argument, testimony or comment which invites the jurors to conceptually put themselves in the place of the plaintiff in considering any of the issues -**

Plaintiffs do not oppose an order in limine preventing the plaintiffs from arguing or testifying that the jurors should place themselves in the plaintiffs' position in considering any aspect of this case.

**B.     References to Liability Insurance or Indemnification.**

Plaintiffs agree not to offer evidence in violation of Fed. R. Evid. 411 unless the County opens the door to such evidence.  The Court should enter an order prohibiting the introduction

**DEFENDANT SPOKANE COUNTY'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTIONS IN LIMINE – 1
Cause No.: 2:20-cv-00410-MKD**

LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.
ATTORNEYS AT LAW
2674 R.W. JOHNSON RD. TUMWATER, WA  98512
P.O. BOX 11880  OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480  FAX: (360) 357-3511

of evidence that any defendant may have liability insurance that applies to this matter. If plaintiffs believe, during the trial, that Spokane County has opened the door in some way to the introduction of such evidence, the matter should be taken up outside the presence of the jury before such evidence is attempted to be introduced.

**C.    All non-party witnesses should be excluded from the courtroom during trial.**

Plaintiffs do not oppose this requested Order.

**D.    Evidence of settlement negotiations.**

Plaintiffs do not oppose this requested Order.

**E.    Relative Financial Condition of the Parties.**

Plaintiffs oppose this motion because they claim it is too vague. However, the motion is specifically addressed to referenced to the financial resources available to the defendant versus the resources of the plaintiff *in litigating this case.* The scenarios described in plaintiffs' response are not within the requested order. Plaintiffs do no specifically oppose the motion to prohibit such reference and the motion should be granted because such evidence is designed to appeal to the passion or prejudice of the jury and is not relevant. Fed. R. Evid. 402 and 403.

**F.    Evidence or theories not previously disclosed by plaintiff in discovery or properly supplemented pursuant to FRCP 26.**

Plaintiffs' point is well taken. Spokane County will object at trial.

**G.    That the defendants have not called to testify as a witness any person equally available to both parties.**

Plaintiffs suggest that there are some circumstances when it is "perfectly fair" to point out that the other side did not call a witness that was equally available to either side. The fail to explain what circumstances those might be. Arguing that there has been a failure of proof is

**DEFENDANT SPOKANE COUNTY'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTIONS IN LIMINE – 2**
**Cause No.: 2:20-cv-00410-MKD**

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA  98512*
*P.O. BOX 11880  OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*

one thing. Arguing that a party did not call a particular witness that was equally available to both parties is another and suggests a nefarious motive that is outside the evidence. The Court should enter an Order prohibiting such an argument unless it is brought up outside the presence of the jury first.

**H.    Arguments and inferences outside the record for "political" effect.**

Plaintiffs oppose this motion because they claim it is too vague. They do not suggest that arguing to the jury that a large verdict will "send a message" to "government" of Spokane County should be permitted. Nor do that deny that they have made no request for injunctive relief. There is no proper reason to suggest that the jury make any "statement" to the government with its verdict. That is the subject of this motion and it is certainly specific enough for plaintiffs to understand what would violated the Order, if it is granted.

Plaintiffs suggest that an objection to an "improper" argument is sufficient. However, such improper arguments are not susceptible of correction by remedial instruction after the fact to the jury because it simply highlights the improper argument. Defendants requests an order in limine precluding plaintiffs' counsel from inferring or arguing for a political result not consonant with the instructions of the Court.

**I.    Testimony from any witness not properly disclosed pursuant to Civil Rule 26.**

Plaintiffs' point is well taken. Spokane County will object at trial if necessary and appropriate.

**J.    Post-Incident Actions.**

Plaintiffs argue that this motion is too vague. However, the motion requests the exclusion of post-incident matters, including whether internal reviews occurred or whether

**DEFENDANT SPOKANE COUNTY'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTIONS IN LIMINE – 3**
Cause No.: 2:20-cv-00410-MKD

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA 98512*
*P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480  FAX: (360) 357-3511*

policy or practice changes were made as a result of the incident. That is specific enough to craft an Order and plaintiffs do not specifically oppose such an Order. It should be granted. Plaintiffs argue that they should be allowed to introduce evidence that measures were "not taken" by Spokane County after Ms. Hill's death. However, they fail to explain how such evidence or argument would be relevant to the damages claim against Spokane County. Plaintiffs should be prohibited from arguing or suggesting that Spokane County took, or failed to take, any specific actions (policy changes or internal reviews) following the death of Ms. Hill.

**K.     Prior or Subsequent Jail Deaths.**

Plaintiffs suggest that Spokane County does not have standing to oppose the introduction of evidence of other factually unrelated jail deaths, despite the fact that they concede it would not be relevant against the County. While NaphCare can object on its own, Spokane County also seeks the exclusion of such evidence because, as to Spokane County, such evidence would be inadmissible pursuant to Rules 404(b) and 403. *See also*, *Duran v. City of Maywood*, 221 F.3d 1127, 1132-1133 (9th Cir. 2000); and *Bibo-Rodriguez*, 922 F.2d 1398, 1400(9th Cir. 1991.) It would also be irrelevant under Rule 402.

**L.     The court should require 24 hours notice of witnesses, deposition testimony, and exhibits prior to presentation at trial.**

Spokane County agrees with plaintiffs' proposal on witnesses and withdraws its request for pre-disclosure of exhibits.

**M.     Any argument or evidence that the parties have filed motions in limine.**

Plaintiffs agree with this motion.

**DEFENDANT SPOKANE COUNTY'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTIONS IN LIMINE – 4**
**Cause No.: 2:20-cv-00410-MKD**

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA 98512*
*P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*

**N.    Plaintiffs' Exhibit 12.**

If the Court permits Exhibit 12 (the Hammond Report) to be admitted, Spokane County agrees with plaintiffs suggestion and would ask the Court to instruct the jury that it should only be considered for plaintiffs' claims against NaphCare.  Nevertheless, Spokane County retains its argument that the Hammond Report is hearsay and should be excluded because the exceptions argued by plaintiff (not offered for the truth of the matter asserted) do not hold up.  If the report is not being offered for its truth, then it is not relevant and should be excluded under Rules 402 and 403.

**O.    Plaintiffs' Exhibit 17.**

In response to the motion to exclude an animation, Exhibit 17, produced by the plaintiffs on May 2, 2022, after the completion of discovery, plaintiffs offer the declaration of Dr. Schubl to support its foundation.  Dr. Schubl did not prepare the animation and the person who did has never been identified.  Defendants had no ability to discover such things given the timing of the disclosure.  Because it was produced after the discovery deadline and unaccompanied by any apparent foundational support at the time of its disclosure, it should be excluded as untimely.  In addition, Dr. Schubl concedes that there are elements of the animation that are not supported by the medical examiners report, such as the presence of bacteria in the brain.  Plaintiffs' exhibit 17 should be excluded.

**P.    Plaintiffs' Should Not Be Permitted to Call Michael Sparber.**

Plaintiffs concede that they have identified two witnesses to testify on the same topics.  One is Michael Sparber, the former director of the Jail, who was not personally involved in any way with the care or custody of Ms. Hill.  Plaintiffs concede that Mr. Sparber cannot offer any relevant testimony against Spokane County.  Plaintiffs do not dispute that the testimony they

**DEFENDANT SPOKANE COUNTY'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTIONS IN LIMINE – 5**
**Cause No.: 2:20-cv-00410-MKD**

LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.
ATTORNEYS AT LAW
2674 R.W. JOHNSON RD. TUMWATER, WA  98512
P.O. BOX 11880  OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480   FAX: (360) 357-3511

claim Mr. Sparber can offer can also be offered by Lt. Don Hooper, who is also listed by plaintiffs as a witness. Plaintiffs should not be allowed to call Mr. Sparber and Lt. Hooper to offer duplicative testimony. Because Lt. Hooper is available, Mr. Sparber should be released from the trial subpoena.

DATED this 10th day of June, 2022.

LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.

*/s/ John E. Justice*

John E. Justice, WSBA № 23042
Attorney for Defendant Spokane County
P.O. Box 11880, Olympia, WA 98508
Phone: (360) 754-3480 Fax: 360-357-3511
Email: jjustice@lldkb.com

**DEFENDANT SPOKANE COUNTY'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTIONS IN LIMINE – 6**
**Cause No.: 2:20-cv-00410-MKD**

*LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.
ATTORNEYS AT LAW
2674 R.W. JOHNSON RD. TUMWATER, WA 98512
P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480 FAX: (360) 357-3511*

# CERTIFICATE OF FILING & SERVICE

I certify under penalty of perjury under the laws of the United States of America and the State of Washington that on the date specified below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which constitutes service on the following under LCivR 5(b):

**Counsel for Plaintiffs**
Erik J. Heipt, WSBA #28113
Edwin S. Budge, WSBA #24182
Hank Balson, WSBA #29250
Budge & Heipt PLLC
808 East Roy Street
Seattle, WA 98102
erik@budgeandheipt.com
ed@budgeandheipt.com
hank@budgeandheipt.com

**Counsel for Defendant Naphcare & Gubitz**
Ketia B. Wick, WSBA #27219
Erin E. Ehlert, WSBA # 26340
Fain Anderson VanDerhoef Rosendahl O'Halloran Spillane
701 Fifth Avenue, Suite 4750
Seattle, WA 98104
ketia@favros.com
erine@favros.com

DATED this 10th day of June, 2022, at Tumwater, WA.

*/s/ John E. Justice*

John E. Justice

**DEFENDANT SPOKANE COUNTY'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTIONS IN LIMINE – 7**
**Cause No.: 2:20-cv-00410-MKD**

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA 98512*
*P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480  FAX: (360) 357-3511*