FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 10, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ESTATE OF CINDY LOU HILL, by and through its personal representative, Joseph A. Grube,<br><br>Plaintiff,<br><br>vs.<br><br>NAPHCARE, INC., an Alabama corporation, and SPOKANE COUNTY, a political subdivision of the State of Washington,<br><br>Defendants. | No. 2:20-CV-00410-MKD<br><br>ORDER ON TRIAL PROCEDURE |

On June 28 and 30 and July 8 and 9, 2022, the Court conducted pretrial conferences in this matter. Edwin Budge and Hank Balson appeared on behalf of Plaintiff. Ketia Wick and Erin Ehlert appeared on behalf of Defendant NaphCare, Inc. John Justice appeared on behalf of Spokane County. The Court previously issued a letter to counsel, ECF No. 169, outlining trial procedures to be followed in this case. The Court hereby supplements and amends the directives and trial procedures outlined in that letter.

ORDER ON TRIAL PROCEDURE - 1

### 1. Researching Jurors

The Court's letter to counsel directed that the parties were not permitted to conduct any research or investigate any potential juror outside what is contained in the jury questionnaire and learned during jury selection. At the pretrial conference, the parties mutually agreed that historical, non-invasive research on potential jurors should be permitted. Accordingly, the parties shall be permitted to conduct such outside research on potential jurors. Counsel are expected to understand the research methodology used and ensure that it results in no contact, intended or inadvertent, with potential jurors. The Court will impose sanctions against a party if their efforts to research potential jurors results in any juror contact.

### 2. Peremptory Challenges

The parties agree that Plaintiff should be permitted four peremptory challenges, NaphCare should be permitted three peremptory challenges, and Spokane County should be permitted three peremptory challenges. In an action such as this one involving several defendants, the Court has discretion under 28 U.S.C. 1870 to allocate additional peremptory challenges and permit them to be exercised separately. The Court finds the divergent interests of Defendants and the parties' agreement make additional and separate peremptory challenges appropriate in this case. In the interest of justice and based on the parties' agreement, the Court shall permit four peremptory challenges to Plaintiff.

### 3. Duplication of Juror Questionnaires

Duplication of juror questionnaires shall be permitted for the limited purpose of providing such duplications to a party's jury consultant or similar associate. At the conclusion of trial, any person having received any duplications must sign a certification, to be filed with the Court, certifying that all juror questionnaires have been destroyed.

### 4. Voir Dire

The Court's letter to counsel directed that counsel for each party would be permitted 20 minutes of voir dire. The parties jointly ask the Court to permit each party 40 minutes of voir dire, and the Court grants the joint request. Plaintiff shall be permitted 30 minutes of initial voir dire, followed by NaphCare, followed by Spokane County; each party shall then be permitted an additional 10 minutes of voir dire.

### 5. Opening Statements

The Court's letter to counsel directed that each party would be permitted 30 minutes for opening statements. After hearing from the parties, the Court will permit each party 40 minutes for opening statements.

**6. Order of Presentation**

After Plaintiff presents its case in chief, NaphCare shall present its case in chief, followed by Spokane County.

**7. Jurors Asking Questions**

The Court will not permit jurors to ask questions of the witnesses.

**8. Witness Called Out of Order**

NaphCare informed the Court that Dr. Maple is available to give testimony only on Tuesday, July 19. The parties have no objection to calling this witness out of order, if necessary.

**9. Remote Testimony**

At the pretrial conference on July 9, 2022, NaphCare expressed a potential need to call certain experts by video conference. No party objected. Any witness testifying by video shall conduct a test with the Court's IT staff prior to being called.

**IT IS SO ORDERED.** The District Court Executive is directed to file this order and provide copies to counsel.

DATED July 10, 2022.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER ON TRIAL PROCEDURE - 4