FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 19, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ESTATE OF CINDY LOU HILL, by and through its personal representative, Joseph A. Grube, | No. 2:20-CV-00410-MKD |
| Plaintiff, | |
| vs. | |
| NAPHCARE, INC., an Alabama corporation, and SPOKANE COUNTY, a political subdivision of the State of Washington, | |
| Defendants. | |

_____

FINAL INSTRUCTIONS GIVEN BY THE COURT
_____

**DATED** this 19th day of July 2022.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

1

INSTRUCTION NO. 1

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

INSTRUCTION NO. 2

I will give you a brief summary of the case and the positions of the parties:

This case involves the death of a 55-year-old Spokane resident named Cindy Lou Hill. On August 21, 2018, Cindy Hill was arrested for drug possession and taken to the Spokane County Jail. Cindy Hill died in her jail cell four days later, on August 25, 2018.

The Plaintiff in this case is the Estate of Cindy Lou Hill. The Defendants are Spokane County, which runs the Spokane County Jail, and NaphCare, Incorporated, a correctional healthcare company the County hired to provide medical care to people confined at the jail.

The Plaintiff has made two claims against each Defendant in this lawsuit. First, the Plaintiff claims each Defendant violated Cindy Hill's rights under the Fourteenth Amendment to the United States Constitution by depriving her of necessary medical care while she was in jail, resulting in her suffering and death. Cindy Hill's estate also claims each Defendant was negligent. The Plaintiff has the burden of proving those claims by a preponderance of the evidence.

I have already ruled that Spokane County is legally responsible for violating Cindy Hill's constitutional rights and for negligence. Plaintiff has the burden of proving damages. With regard to Spokane County, you, the jury, will have the job of deciding the amount of any monetary damages the County must pay.

3

The Court's ruling on liability does not apply to Naphcare. NaphCare denies that it violated the Constitution or that it was negligent. It also denies that it should have to pay money damages. Both defendants deny the nature and extent of Plaintiff's damages.

With regard to NaphCare, your job will be to decide whether or not the company should be held legally responsible for Cindy Hill's suffering and death, in addition to Spokane County, and if so, whether and the amount of any monetary damages it should be required to pay.

4

INSTRUCTION NO. 3

There are rules of evidence that control what can be received into evidence. During the trial, when a lawyer asked a question or offered an exhibit into evidence and a lawyer on the other side thought that it was not permitted by the rules of evidence, that lawyer was entitled to object. If I overruled the objection, the question could be answered, or the exhibit received. If I sustained the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may have ordered that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

INSTRUCTION NO. 4

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

1.  Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.  Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

3.  Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

6

4.    Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

INSTRUCTION NO. 5

The evidence you are to consider in deciding what the facts are consists of:

      1.     the sworn testimony of any witness;

      2.     the exhibits that are admitted into evidence;

      3.     any facts to which the lawyers have agreed; and

      4.     any facts that I have instructed you to accept as proved.

You also heard testimony in the form of a declaration that was read to you during the course of trial. This testimony is also evidence from which you are to decide the facts. You should draw no inference from whether any individual who made a declaration was or was not physically present in the courtroom.

8

INSTRUCTION NO. 6

From time to time during the trial, it became necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury was present in the courtroom, or by calling a recess. Please understand that while you were waiting, we were working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we have done what we could to keep the number and length of these conferences to a minimum. I did not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

INSTRUCTION NO. 7

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.      the opportunity and ability of the witness to see or hear or know the things testified to;

2.      the witness's memory;

3.      the witness's manner while testifying;

4.      the witness's interest in the outcome of the case, if any;

5.      the witness's bias or prejudice, if any;

6.      whether other evidence contradicted the witness's testimony;

7.      the reasonableness of the witness's testimony in light of all the evidence; and

8.      any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony

10

1    is untrue just because it differs from other testimony.

2          However, if you decide that a witness has deliberately testified untruthfully

3    about something important, you may choose not to believe anything that witness

4    said.  On the other hand, if you think the witness testified untruthfully about some

5    things but told the truth about others, you may accept the part you think is true and

6    ignore the rest.

7          The weight of the evidence as to a fact does not necessarily depend on the

8    number of witnesses who testify.  What is important is how believable the

9    witnesses were, and how much weight you think their testimony deserves.

10

11

12

13

14

15

16

17

18

19

20

INSTRUCTION NO. 8

You have heard testimony from Dr. Sebastian Schubl, Dr. Lori Roscoe, Dr. Andy Barnett, and Dr. Alfred Joshua, who testified to opinions and the reasons for their opinions.  This opinion testimony is allowed, because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

12

INSTRUCTION NO. 9

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

INSTRUCTION NO. 10

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

14

INSTRUCTION NO. 11

The Court has admitted into evidence certain records of medical care Cindy Hill received in the community before she came to jail in August 2018.  You may consider those records solely for the purposes of damages.  You may not consider those records for deciding whether RN Gubitz or NaphCare was negligent or violated the Constitution.

INSTRUCTION NO. 12

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

INSTRUCTION NO. 13

You were permitted to take notes to help you remember the evidence.  If you did take notes, please keep them to yourself until you go to the jury room to decide the case.  When you leave at the end of the day or at the conclusion of your deliberations, your notes should be left in the jury room.  No one will read your notes.  Your notes will be destroyed after you render your verdict.

Whether or not you took notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of other jurors.

INSTRUCTION NO. 14

The parties have agreed to certain facts.  You must therefore treat these facts as having been proved.  The facts you must treat as having been proved are as follows:

1.    At all times relevant to this action, NaphCare Nurse Hannah Gubitz, RN ("Nurse Gubitz") was acting under color of state law.

2.    At all times relevant to this action, NaphCare, Inc. ("NaphCare") was acting under color of state law.

3.    At all times relevant to this action Nurse Gubitz was acting within the course and scope of her NaphCare employment.

4.    The policies contained in the NaphCare Health Care Policy & Procedure Manual (Plaintiffs' Exhibit 18) were in effect in August 2018.

5.    Cindy Hill was booked into the Spokane County Jail on August 21, 2018, after being arrested for drug possession.

6.    On August 22, 2018, Cindy Hill told a NaphCare nurse that she used heroin.

7.    SCDS Policy C 508 – Inmate Safety Checks, with a revision date of January 20, 2015, was in effect in August 2018.

8.    SCDS Policy C 538 – Watch Cells, with a revision date of January 20, 2015, was in effect in August 2018.

18

9.      Video surveillance shows that at approximately 8:43 a.m. on August 25, 2018, Hannah Gubitz RN had her first encounter with Cindy Hill at Cell 3W-04. Video surveillance shows that she spent approximately 5 minutes and 30 seconds at Cindy Hill's cell. (Exhibit 128).

10.     Video surveillance shows that Cindy Hill was moved from Cell 3W-04 to Cell 2W-27 at approximately 9:09 a.m. on August 25, 2018. (Exhibits 129 and 130).

11.     Video surveillance shows that at approximately 3:00 p.m. on August 25, 2018, Hannah Gubitz RN entered a hallway where Cindy Hill's medical watch cell was located. Video surveillance shows that she spent 1 minute and 21 seconds in the hallway before exiting the hallway. (Exhibit 131).

12.     Cindy Hill was confined in the Spokane County Jail for five days in June of 2016.

13.     Cindy Hill was confined in the Spokane County Jail for five days in October of 2016.

14.     Cindy Hill was confined in the Spokane County Jail for one day in December of 2017.

15.     Plaintiff's Exhibit Nos. 23 and 24 show the interior of Spokane County Jail Cell 2W-27, which is the cell in which Cindy Hill was confined while she was on Medical Watch on August 25, 2018.

19

16.    Exhibit 205 shows the following location in the Spokane County Jail 3W Lwr West-C79, on August 25, 2018 from **approximately 09:05 to 09:06 AM (from 25:02 to 26:02 into video)**.

17.    Exhibit 211 shows the following location in the Spokane County Jail 2W Front Door-C32 on August 25, 2018 from **09:09:59 AM to 09:10:53 AM (26:56 –27:50 into video)**.

18.    Exhibit 212 shows the following location in the Spokane County Jail, 2W Lower Overflow-C112, on August 25, 2018 from **09:10:04 AM to 09:11:08 AM (27:01 – 28:05 into video)**.

19.    Exhibit 213 shows the following location in the Spokane County Jail, 3W Front Door-C32, on August 25, 2018 from **2:38:57 PM to 2:47:25 PM (5:29:57– 5:38:25 into video)**.

20.    Exhibit 219 clip a. shows the following location in the Spokane County Jail, 2w Lwr Overflow-C112, on August 25, 2018 from **4:07:25 PM to 4:08:22 PM (7:25 – 8:22 into video)**.

21.    Exhibit 219 clip b. shows the following location in the Spokane County Jail, 2w Lwr Overflow-C112, on August 25, 2018 from **4:24:54 PM to 4:32:00 PM (24:54 – 32:00 into video)**.

1

2

3        22.    Exhibit 219 clip c. shows the following location in the Spokane

County Jail, 2w Lwr Overflow-C112, on August 25, 2018 from **5:24:23 PM to
5:26:38 PM** (**1:24:23 – 1:26:38 into video**).

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

INSTRUCTION NO. 15

The parties have agreed what Connie Young's testimony would be if called as a witness.  That testimony was read to you during the course of trial.  You should consider that testimony in the same way as if it had been given by Connie Young here in court.

INSTRUCTION NO. 16

Certain charts and summaries not admitted into evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

INSTRUCTION NO. 17

You must not discuss or speculate about whether any party has insurance or other coverage available. Whether a party does or does not have insurance has no bearing on any issue that you must decide. You are not to make, decline to make, increase, or decrease any award because you believe that a party does or does not have medical insurance, worker's compensation, liability insurance, or some other form of coverage.

INSTRUCTION NO. 18

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room.  A computer, projector, printer, and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits.  You will also be provided with a paper list of all exhibits received in evidence.  (You may request a paper copy of any exhibit received in evidence by sending a note through the Courtroom Deputy.)  If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the Courtroom Deputy, signed by your foreperson or by one or more members of the jury.  Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with Courtroom Deputy present for the sole purpose of assuring that the only matter that is discussed is the technical problem.  When the court technician or any nonjuror is in the jury room, the jury shall not deliberate.  No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information

25

about operation of the equipment.  Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case.  You may not use the computer for any other purpose.  At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material.  Do not attempt to alter the computer to obtain access to such materials.  If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials.  Do not remove the computer or any electronic data or media from the jury room, and do not copy any such data.

INSTRUCTION NO. 19

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.

INSTRUCTION NO. 20

You should decide the case as to each defendant separately.  Unless otherwise stated, the instructions apply to all parties.

INSTRUCTION NO. 21

All parties are equal before the law.  Corporations and governmental entities are entitled to the same fair and conscientious consideration by you as any party.

INSTRUCTION NO. 22

Under the law, a corporation is considered to be a person.  It can only act through its employees, agents, directors, or officers.  Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

INSTRUCTION NO. 23

The Plaintiff claims that NaphCare was negligent with regard to the medical care Cindy Hill received at the Spokane County Jail. In connection with this claim, the Plaintiff has the burden of proving each of the following propositions by a preponderance of the evidence:

First, that NaphCare or its employee failed to follow the applicable standard of care and was therefore negligent (see Instruction Nos. 25, 26, 27);

Second, that Cindy Hill was injured; and

Third, that the negligence of NaphCare or its employee was a proximate cause of the injury to Cindy Hill.

If you find from your consideration of all of the evidence that each of these propositions has been proved, your verdict should be for the Plaintiff as to the negligence claim against NaphCare. On the other hand, if any of these propositions has not been proved, your verdict should be for NaphCare on this claim.

INSTRUCTION NO. 24

For purposes of Plaintiff's negligence claim, when it is said that a party has the burden of proof on any proposition, or that any proposition must be proved by a preponderance of the evidence, or the expression "if you find" is used, it means that you must be persuaded, considering all the evidence in the case, that the proposition on which that party has the burden of proof is more probably true than not true.

INSTRUCTION NO. 25

A registered nurse owes to the patient a duty to comply with the standard of care for registered nurses.

A registered nurse has a duty to exercise the degree of skill, care, and learning expected of a reasonably prudent registered nurse in the State of Washington acting in the same or similar circumstances at the time of the care or treatment in question.

Failure to exercise such skill, care, and learning constitutes a breach of the standard of care and is negligence.

The degree of care actually practiced by members of the medical profession is evidence of what is reasonably prudent. However, this evidence alone is not conclusive on the issue and should be considered by you along with any other evidence bearing on the question.

33

INSTRUCTION NO. 26

NaphCare, Inc. is a corporation having an independent duty of care to its patients.  A corporation can act only through its officers, employees, and agents. Any act or omission of a NaphCare officer, employee, or agent is considered the act or omission of NaphCare itself.

INSTRUCTION NO. 27

A corporate medical provider such as NaphCare owes an independent duty of care to its patients.  This includes the duty to exercise reasonable care to adopt policies and procedures for health care provided to its patients.

"Reasonable care" in this instruction means that degree of skill, care, and learning expected of a reasonably prudent corporate medical provider in the State of Washington acting in the same or similar circumstances and at the same time of the care or treatment in question.  Failure to exercise such skill, care, and learning is negligence.

The degree of care actually practiced by a corporate medical provider is evidence of what is reasonably prudent.  However, this evidence alone is not conclusive on the issue and should be considered by you along with any other evidence bearing on the question.

35

INSTRUCTION NO. 28

A poor medical result is not, by itself, evidence of negligence.

INSTRUCTION NO. 29

For purposes of Plaintiff's negligence claim, a cause of an injury is a "proximate cause" if it is related to the injury in two ways: (1) the cause produced the injury in a direct sequence, and (2) the injury would not have happened in the absence of the cause.

INSTRUCTION NO. 30

The Plaintiff brings a claim against each defendant under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

INSTRUCTION NO. 31

In the Section 1983 claim, the Plaintiff contends that Defendant NaphCare violated the U.S. Constitution by maintaining a longstanding practice of using medically untrained jail guards to monitor NaphCare patients in need of medical monitoring by medical professionals.  In order to prevail on this claim, the Plaintiff must prove each of the following elements by a preponderance of the evidence:

1. NaphCare acted under color of state law;

2. The acts of a NaphCare employee deprived Cindy Hill of her particular right to needed medical care under the Fourteenth Amendment to the United States Constitution while detained at the Spokane County Jail as explained in Instruction No. 32;

3. NaphCare's employee acted pursuant to a widespread or longstanding practice or custom of NaphCare; and

4. NaphCare's widespread or longstanding practice or custom caused the deprivation of Cindy Hill's rights by Hannah Gubitz; that is, NaphCare's widespread or longstanding practice or custom is so closely related to the deprivation of Cindy Hill's rights as to be the moving force that caused the ultimate injury.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law,

39

ordinance or regulation.  The parties have stipulated that NaphCare and Nurse Gubitz acted under color of state law.

"Practice or custom" means any longstanding, widespread, or well-settled practice or custom that constitutes a standard operating procedure of NaphCare.

If you find that the Plaintiff has proved each of these elements, and if you find that the Plaintiff has proved all the elements it is required to prove under Instruction No. 32, your verdict should be for the Plaintiff.  If, on the other hand, you find that the Plaintiff has failed to prove one or more of these elements, your verdict should be for NaphCare.

INSTRUCTION NO. 32

The Plaintiff has brought a claim under the Fourteenth Amendment to the United States Constitution against Defendant Naphcare.  The Plaintiff asserts NaphCare failed to provide needed medical care to Cindy Hill.

To prevail on this claim, the Plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1.    The employee (in this case, a registered nurse) made an intentional decision regarding the denial of needed medical care;

2.    The denial of needed medical care put Cindy Hill at substantial risk of suffering serious harm;

3.    The employee did not take reasonable available measures to abate or reduce the risk of serious harm, even though a reasonable registered nurse under the circumstances would have understood the high degree of risk involved—making the consequences of the employee's conduct obvious; and

4.    By not taking such measures the employee caused Cindy Hill's injuries.

With respect to the third element, the defendant's conduct must be objectively unreasonable.

INSTRUCTION NO. 33

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered for the claims with respect to NaphCare.

I have already determined that Spokane County is liable for violating Cindy Hill's constitutional rights and for negligence and must pay compensatory money damages.  You must determine the Plaintiff's damages.  Damages means the amount of money that will reasonably and fairly compensate the Plaintiff for any injury you find was caused by the defendant or defendants.  The Plaintiff has the burden of proving damages by a preponderance of the evidence.

Additionally, if you find for the Plaintiff on its negligence claim against NaphCare, you are to determine what percentage of total negligence is attributable to Spokane County and NaphCare.  The Court will provide you with a special verdict form for this purpose.  Your answers to the questions in the special verdict form will furnish the basis by which the Court will apportion damages.

In determining the measure of compensatory damages, you should consider the following:

- The nature and extent of the injuries caused;

- The loss of enjoyment of life experienced by Cindy Hill; and

42

- The physical, mental, and emotional pain and suffering experienced by Cindy Hill prior to her death.

It is for you to determine what damages if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork, or conjecture.

The law has not furnished us with any fixed standards by which to measure noneconomic damages.  With reference to these matters you must be governed by your own judgment, by the evidence in the case, and by these instructions.

INSTRUCTION NO. 34

If your verdict is for the Plaintiff on its Section 1983 claim against NaphCare, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The Plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded and, if so, the amount of any such damages.

You may award punitive damages against NaphCare only if you find that NaphCare's conduct that harmed Cindy Hill was in reckless disregard of Cindy Hill's rights. Conduct is in reckless disregard of a person's rights if, under the circumstances, it reflects a complete indifference to the person's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate a person's rights under federal law.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice, or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct, including whether the conduct that harmed Cindy Hill was particularly reprehensible because it also posed a

44

substantial risk of harm to people who are not parties to this case.  You may not, however, set the amount of any punitive damages in order to punish the defendant for harm to anyone other than Cindy Hill.

In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on Cindy Hill.

Punitive damages may not be awarded against Spokane County.

45

INSTRUCTION NO. 35

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any

46

1    research, such as consulting dictionaries, searching the Internet, or

2    using other reference materials; and do not make any investigation or

3    in any other way try to learn about the case on your own.  Do not visit

4    or view any place discussed in this case, and do not use Internet

5    programs or other devices to search for or view any place discussed

6    during the trial.  Also, do not do any research about this case, the law,

7    or the people involved—including the parties, the witnesses, or the

8    lawyers—until you have been excused as jurors. If you happen to read

9    or hear anything touching on this case in the media, turn away and

10   report it to me as soon as possible.

11         These rules protect each party's right to have this case decided only on

12   evidence that has been presented here in court.  Witnesses here in court take an

13   oath to tell the truth, and the accuracy of their testimony is tested through the trial

14   process.  If you do any research or investigation outside the courtroom, or gain any

15   information through improper communications, then your verdict may be

16   influenced by inaccurate, incomplete, or misleading information that has not been

17   tested by the trial process.  Each of the parties is entitled to a fair trial by an

18   impartial jury, and if you decide the case based on information not presented in

19   court, you will have denied the parties a fair trial.  Remember, you have taken an

20   oath to follow the rules, and it is very important that you follow these rules.

47

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

INSTRUCTION NO. 36

Before you begin your deliberations, elect one member of the jury as your presiding juror.  The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

49

INSTRUCTION NO. 37

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Courtroom Deputy, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

INSTRUCTION NO. 38

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the Courtroom Deputy that you are ready to return to the courtroom.