Budge & Heipt, PLLC
808 E. Roy St.
Seattle, WA 98102
(206) 624-3060

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THE ESTATE OF CINDY LOU HILL, by and through its personal representative, Joseph A. Grube. | No.  2:20-cv-00410-MKD |
| Plaintiff, | PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND RECOVERABLE COSTS |
| vs. | |
| NAPHCARE, INC, an Alabama corporation; and SPOKANE COUNTY, a political subdivision of the State of Washington, | September 6, 2022 Without Oral Argument |
| Defendants. | |

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND
RECOVERABLE COSTS – Page 1

## I.    INTRODUCTION

On July 19, 2022, the jury returned a verdict against Defendants Spokane County and NaphCare, Inc. ECF 240. Plaintiff prevailed on all claims asserted against both defendants, including its claims under 42 U.S.C. § 1983, resulting in a judgment of $2,750,000 against Spokane County and $26,750,000 against NaphCare. ECF 245.[1] As the prevailing party against both defendants under 42 U.S.C. § 1983, Plaintiff now moves for an award of attorneys' fees and costs under 42 U.S.C. § 1988, Fed. R. Civ. P. 54(d)(2), and LCivR 54(d)(2). This motion is supported by the accompanying declarations of Edwin S. Budge, Hank Balson, Erik J. Heipt and Beth Bloom. The total requested amount is $1,341,168.52.

## II.    LEGAL AUTHORITY

"In an action brought under 42 U.S.C. § 1983, a prevailing plaintiff is entitled to reasonable attorney's fees." *Roberts v. City. & Cty. of Honolulu*, 938 F.3d 1020, 1023 (9th Cir. 2019). The statutory authority for such an award is found at 42 U.S.C. § 1988(b), which authorizes district courts to award reasonable attorneys' fees to a prevailing plaintiff in a civil rights action, including actions under § 1983. *Chalmers v. City of L.A.*, 796 1205, 1210 (9th Cir. 1986), *reh'g denied and opinion amended*, 808 F.2d 1373 (9th Cir. 1987).

---

[1]    The Defendants' § 1983 liability is joint and several. ECF 245 at 1.

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND
RECOVERABLE COSTS – Page 2

BUDGE❖HEIPT, PLLC
ATTORNEYS AT LAW
808 E. Roy St.
SEATTLE, WA  98102
TELEPHONE:  (206) 624-3060

"Once a party is found eligible for fees, the district court must then determine what fees are reasonable." *Soler v. Cty. of San Diego*, No. 14-cv-2470, 2021 U.S. Dist. LEXIS 114484, at *8 (S.D. Cal. June 18, 2021) (internal quotation marks omitted). To determine the appropriate fee award, courts multiply the number of hours reasonably expended on the case by a reasonable hourly rate for the attorneys performing the work. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Reasonable hours are those that "would have been undertaken by a reasonable and prudent lawyer to advance or protect [the] client's interest in pursuit of a successful recovery." *Armstrong v. Davis*, 318 F.3d 965, 971 (9th Cir. 2003) (internal quotation marks omitted). The product of this calculation is "the lodestar figure" and provides an objective basis to make an initial estimate of the fee award. *Hensley,* 461 U.S. at 433. The lodestar is the "presumptively reasonable" fee. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013); *Ballen v. City of Redmond*, 466 F.3d 737, 746 (9th Cir. 2006).

"Where a plaintiff has obtained excellent results, [its] attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified." *Hensley*, 461 U.S. at 435. Additionally, the Ninth Circuit "requires that courts reach attorney's fee decisions by considering some or all of twelve relevant criteria set forth in *Kerr v. Screen*

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND
RECOVERABLE COSTS – Page 3

BUDGE❦HEIPT, PLLC
ATTORNEYS AT LAW
808 E. Roy St.
SEATTLE, WA 98102
TELEPHONE:  (206) 624-3060

*Extras Guild, Inc*., 526 F.2d 67 (9th Cir. 1975)." *Quesada v. Thomason*, 850 F.2d 537, 539 (9th Cir. 1988). These factors are: "(1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Kerr*, 526 F.2d at 70. The degree of success obtained is the "most critical factor" in determining the reasonableness of the fee award. *Farrar v. Hobby*, 506 U.S. 103, 114 (1992).

Moreover, "[i]t is well established that attorney's fees under 42 U.S.C. § 1988 include reasonable out-of-pocket litigation expenses that would normally be charged to a fee paying client, even if the court cannot tax these expenses as 'costs' under 28 U.S.C. § 1920." *Trustees of the Const. Indus. & Laborers Health & Welfare Trust v. Redland Ins. Co*., 460 F.3d 1253, 1257 (9th Cir. 2006).

In § 1983 cases involving the joint and several liability of two defendants and a single injury, both defendants should be held jointly and severally liable for fees. *See Delew v. Nevada*, 2:00-cv-00460, 2010 U.S. Dist. Ct. LEXIS 154818 at

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND
RECOVERABLE COSTS – Page 4

BUDGE & HEIPT, PLLC
ATTORNEYS AT LAW
808 E. Roy St.
SEATTLE, WA 98102
TELEPHONE: (206) 624-3060

*15 (D. Nev. Jan. 7, 2010). *See also Molnar v. Booth*, 229 F.3d 593, 605 (7th Cir. 2000) ("When two or more defendants actively participated in a constitutional violation, they can be held jointly and severally responsible for indivisible attorney's fees."). *See also Corder v. Gates*, 947 F.2d 374, 383 (9th Cir. 1991).

## III.   ARGUMENT

The accompanying declarations of Plaintiff's counsel detail their qualifications, skill, and experience, summarize the professional work involved in pursuing this case to its successful conclusion, and substantiate an award of fees and costs through the date of this motion as outlined below.

### A.   Qualifications of Counsel

As explained in the Declaration of Edwin S. Budge, Plaintiff's counsel is a small law firm of only three attorneys and one non-attorney staff member. Budge decl. ¶ 6. For at least 20 years, the firm's practice has focused almost exclusively on the representation of plaintiffs in wrongful death and serious injury cases—the vast majority of which involve federal court litigation of claims under § 1983 for in-custody deaths. *Id.* ¶ 5.

Plaintiff's law firm maintains a very low case volume due to the intense demands associated with wrongful death litigation under § 1983. Budge decl. ¶ 7. The firm reviews dozens of potential cases each year that involve deaths occurring in jails and prisons, but generally accepts only 1-3 new cases annually. *Id.* The firm

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND
RECOVERABLE COSTS – Page 5

BUDGE◈HEIPT, PLLC
ATTORNEYS AT LAW
808 E. Roy St.
SEATTLE, WA 98102
TELEPHONE:  (206) 624-3060

works exclusively on a contingency basis and assumes significant financial risk with each accepted case due to the substantial time demands and necessity of advancing heavy financial costs required to pursue these cases. *Id*. ¶ 8.

Plaintiff's co-lead counsel, Edwin Budge, has devoted the majority of his 28-year career to the litigation of § 1983 cases and has developed a particular concentration on § 1983 cases involving deaths in jails and prisons. Budge decl. ¶ 9. Mr. Budge has litigated numerous § 1983 cases from beginning to end, including many cases involving jail or prison deaths—against counties, private jail operators, private correctional healthcare companies (including NaphCare and its competitors), counties, state departments of correction, and the Federal Bureau of Prisons. *Id*. ¶ 9. Mr. Budge has litigated in-custody death cases in at least twelve federal district courts, including this one. *Id*.

Mr. Budge has served as lead or co-lead counsel in approximately 15 significant jury trials, primarily in federal court, and has secured at least 20 settlements or verdicts in civil rights cases (most under § 1983) of $1 million or more. Budge decl. ¶ 10. Mr. Budge has personally managed all aspects of civil litigation in these cases, has defeated numerous dispositive motions in § 1983 cases, is often asked by attorneys around the country to review and consult on jail death cases, has taught CLEs about jail death litigation, has published writings on the subject of § 1983 litigation and jail death litigation in particular, and has served

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND
RECOVERABLE COSTS – Page 6

as a guest lecturer at Seattle University School of Law. *Id*. ¶¶ 10-12. In mid-2019, this Court approved his hourly rate of $550 in another § 1983 jail death case based on his qualifications and experience at that time. *Id*. ¶ 13.

Plaintiff's other co-lead counsel, Hank Balson, has practiced law for approximately 23 years, focusing almost entirely on representing plaintiffs in civil rights claims. Balson decl. ¶ 3. He has worked as legal counsel for the Institutions Project of Columbia Legal Services, litigating civil rights and other claims on behalf of individuals and classes confined in prisons, jails, and other institutions. *Id*. ¶ 4. He has extensive experience at the trial and appellate levels representing incarcerated clients in state and federal courts to secure constitutionally adequate medical care, eliminating gender and disability discrimination, obtaining basic and special education services, enforcing public disclosure laws, and challenging other violations of state and federal rights. *Id*. ¶¶ 4-6. In private practice since 2004, Mr. Balson has continued to represent incarcerated clients with civil rights claims, including multiple clients challenging the denial of necessary medical care. *Id*. ¶ 6. In 2020, this Court approved his hourly rate of $450 per hour in another jail death case based on his qualifications and experience at that time. *Id*. ¶ 11.

A minority of time claimed in this case is for the work of Erik Heipt and Beth Bloom. Mr. Heipt is a member and manager, along with Mr. Budge, of Budge & Heipt, PLLC. His declaration summarizes his focus on litigating § 1983

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND
RECOVERABLE COSTS – Page 7

wrongful death cases. His experience is on-par with that of Mr. Budge and his requested hourly rate is the same as that of Mr. Budge. *See* Declaration of Erik J. Heipt. Ms. Bloom, who assisted with jury selection and theme development, has practiced law for approximately 23 years. She has substantial trial experience and has been awarded $525 per hour for her time as of 2021 by the U.S. District Court for the Western District of Washington. *See* Declaration of Beth Bloom.

**B.      Hours of Counsel**

The declarations of Mr. Budge, Mr. Balson, Mr. Heipt and Ms. Bloom substantiate the hours expended in the pursuit of this case through the date of this motion and attach as exhibits their attorney time records.

Mr. Budge's declaration provides a comprehensive overview of the work that was required to achieve the successful outcome in this case. It details the initial review and acceptance of the case on a contingency basis. Budge decl. ¶¶ 14-15. It discusses the commencement of the litigation, the appearances of defense counsel, the work related to written discovery, and the efforts by Plaintiff's two lead attorneys—Mr. Balson and Mr. Budge—to divide case-related tasks to avoid unnecessary duplication of effort. *Id*. ¶¶ 16-20. It explains the extensive involvement of Sally Hartmann, who devoted hundreds of hours to the case for paralegal-equivalent work (for which no fees are being sought). *Id*. ¶ 21. It reviews the discovery process, the taking of critical depositions, the importance of

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND
RECOVERABLE COSTS – Page 8

BUDGE&HEIPT, PLLC
ATTORNEYS AT LAW
808 E. Roy St.
SEATTLE, WA 98102
TELEPHONE:  (206) 624-3060

investigating the nature and extent of the County's spoliation of critical video evidence, and the successful pursuit of a default judgment against the County. *Id.* ¶¶ 22-23. It discusses counsels' work with experts. *Id.* ¶ 24. It explains how, beginning in January of 2022 and continuing through trial more than six months later, well over half the resources of Plaintiff's law firm were devoted to this single case. *Id.* ¶ 25. It summarizes the significant case-related work in the first three months of 2022 and counsel's near-total devotion to extensive and varied pretrial tasks between April and the end of June 2022. *Id.* ¶¶ 26-27. It details the involvement of Ms. Bloom in jury selection and theme development, summarizes counsels' efforts towards thoroughly developing and trying the case in July of 2022, and explains that the staffing of the defense trial teams exceeded that of Plaintiff's trial team. *Id.* ¶¶ 28-31. It substantiates the costs claimed as part of this fee petition and discusses the risks associated with cases of this nature. *Id.* ¶¶ 35-37 & Ex. B. And it, along with the declarations of Mr. Balson, Mr. Heipt and Ms. Bloom, fully supports the hours and rates of all Plaintiff's lawyers. *See* Budge decl., Ex. A, Balson decl., Ex. A, Heipt decl., Ex. A, and Bloom decl., Exs. A & B.

## C.    Summary

As fully outlined in the declarations of counsel, Plaintiff requests an award of reasonable attorneys' fees through the date this motion as follows:

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND
RECOVERABLE COSTS – Page 9

BUDGE✥HEIPT, PLLC
ATTORNEYS AT LAW
808 E. Roy St.
SEATTLE, WA 98102
TELEPHONE: (206) 624-3060

| Attorney | Hours | Requested Rate Per Hour | Total Per Attorney & Bloom Law, PLLC |
|---|---|---|---|
| Edwin Budge<br>Budge & Heipt, PLLC | 1,173.3 | $600 | $703,980 |
| Hank Balson<br>Budge & Heipt, PLLC | 792.8 | $500 | $396,400 |
| Erik Heipt<br>Budge & Heipt, PLLC | 202.5 | $600 | $121,500 |
| Beth Bloom/<br>Bloom Law, PLLC | | *See* Declaration of Beth Bloom | $36,352.18[2] |

Total of Above Table:    $1,258,232.18

Plaintiff also requests an award of recoverable costs in the amount of $82,936.34. These costs were necessarily and reasonably incurred. They represent expenses for in-house photopcopying, travel and lodging, deposition fees, permitted jury research, postage, mediation, technology assistance, transportation, and meals and groceries associated with meetings and out-of-town travel. *See* Budge decl. ¶ 35, Ex. B. This sum is less than half the total costs expended by Plaintiff's counsel in this case and and does not include non-recoverable costs such as expert fees. *Id*. ¶ 35.

The lodestar and *Kerr* factors fully merit the requested fees and costs in this matter. The time and labor were intensive and extensive, substantially limiting

---

[2]    This sum includes Ms. Bloom's fees and those of her staff ($34,293.75), as well as costs incurred by Bloom Law, PLLC of $2,058.43. *See* Decl. of Beth Bloom.

Plaintiff's counsel from accepting other cases. The case was difficult and hard-fought and demanded meaningful skill and experience. The fees and costs are well-within the customary range. The fee was contingent. The case was not a "desirable" one and, in fact, was undesirable in various respects. The reputation, skill, and experience of Plaintiff's counsel is considerable. Plaintiff prevailed on every major motion, fully prevailed at trial, and obtained substantial monetary relief against both defendants for violations of Ms. Hill's constitutional rights leading to her death, including joint and several relief. The vindication of civil rights in cases such as this merits a full and fair fee award. Plaintiff is not requesting a multiplier.

## IV.    CONCLUSION

For the reasons stated above, and as supported by the declarations of counsel, Plaintiff requests that the Court order an award of total fees and costs against Defendants NaphCare and Spokane County, jointly and severally, through the date of this motion in the amount of $1,341,168.52. Plaintiff requests that the Court direct the entry of a supplemental judgment for this sum. Plaintiff anticipates a further motion for additional fees incurred for work on the case in connection with the resolution of any post-trial motions filed by the Defendants.

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND
RECOVERABLE COSTS – Page 11

BUDGE&HEIPT, PLLC
ATTORNEYS AT LAW
808 E. Roy St.
SEATTLE, WA  98102
TELEPHONE:  (206) 624-3060

1

Respectfully submitted this 5th day of August, 2022.

2

/s/ Edwin S. Budge

3

Edwin S. Budge, WSBA #24182
Hank Balson, WSBA #29250

4

Erik J. Heipt, WSBA #28113
Budge & Heipt, PLLC

5

808 East Roy Street
Seattle, WA 98102

6

hank@budgeandheipt.com
ed@budgeandheipt.com

7

erik@budgeandheipt.com
(206) 624-3060

8

Attorneys for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND
RECOVERABLE COSTS – Page 12

1

## <u>CERTIFICATE OF SERVICE</u>

2         The undersigned certifies that on the date stated below this document was

3    filed with the Clerk of the Court for the United States District Court for the

4    Eastern District of Washington, via the CM/ECF system, which will send

5    notification of such filing to the following e-mail addresses:

6    Ketia B. Wick, WSBA #27219          John E. Justice, WSBA #23042
     Erin E. Ehlert, WSBA #26340         Law, Lyman, Daniel, Kamerrer &
7    Fain Anderson VanDerhoef Rosendahl   Bogdanovich, P.S.
     701 Fifth Avenue, Suite 4750        PO Box 11880
8    Seattle, WA 98104                   Olympia WA  98508
     ketia@favros.com                    jjustice@lldkb.com
9    erine@favros.com                    (360) 754-3480
     Attorneys for Defendant NaphCare, Inc.    Attorney for Defendant Spokane
10                                        County

11   Christopher F. Quirk,  *pro hac vice*    David A. Perez, WSA #43959
     Edward J. McNelis, III, *pro hac vice*   Eric B. Wolff, WSBA #43047
12   Sands Anderson, PC                  Michelle L. Maley, WSBA #51318
     1111 East Main St.                  Perkins Coie LLP
13   PO Box 1998                         1201 Third Ave., Suite 4900
     Richmond VA 23218                   Seattle, WA 98101
14   cquirk@sandsanderson.com            Telephone: +1.206.359.8000
     emcnelis@sandsanderson.com          Facsimile: +1.206.359.9000
15   Attorneys for Defendant NaphCare, Inc.    DPerez@perkinscoie.com
                                         EWolff@perkinscoie.com
16                                        Mmaley@perkinscoie.com
                                         Attorneys for Defendant NaphCare, Inc.

17         Dated this 5th day of August, 2022.

18                   */s/ Edwin S. Budge*_____
                     Edwin S. Budge

19

20   PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND
     RECOVERABLE COSTS – Page 13