Budge & Heipt, PLLC
808 E. Roy St.
Seattle, WA 98102
(206) 624-3060

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THE ESTATE OF CINDY LOU HILL, by and through its personal representative, Joseph A. Grube,<br><br>                Plaintiff,<br>vs.<br><br>NAPHCARE, INC, an Alabama corporation; and SPOKANE COUNTY, a political subdivision of the State of Washington,<br><br>                Defendants. | No. 2:20-cv-00410-MKD<br><br>PLAINTIFF'S SUPPLEMENTAL RESPONSE TO COURT'S QUESTION AT ORAL ARGUMENT |

During oral argument on NaphCare's post-trial motions, held on November 16, the Court asked Plaintiff's counsel a question regarding the Ninth Circuit's holding in *Gordon v. County of Orange*, 6 F.4th 961 (9th Cir. 2021), and its effect on this case. Plaintiff's counsel, having now reviewed the hearing transcript, realizes

PLAINTIFF'S SUPPLEMENTAL RESPONSE TO COURT'S QUESTION AT ORAL ARGUMENT – Page 1

BUDGE & HEIPT, PLLC
ATTORNEYS AT LAW
808 E. Roy St.
SEATTLE, WA 98102
TELEPHONE: (206) 624-3060

the question was different than what he understood it to be at the time and that he failed to provide the Court with a directly responsive answer. Plaintiff's co-counsel attempted to address the question later in the hearing, in the context of the argument on punitive damages. However, given NaphCare's heavy reliance on the *Gordon* case at oral argument and the Court's question, Plaintiff offers this written supplement to its oral response in order to provide the Court with a clearer and more direct answer to its question.

The Court asked the following question:

> But I think there's an issue here in that using law enforcement officers for medical watch I think the Ninth Circuit has said isn't unconstitutional. . . .
>
> So what about NaphCare's policy of using medical watch, you know, takes it out of the realm of what the Court has already found as constitutional so that a jury or the Court could find that it's an unconstitutional, long-standing policy and practice different from what's already found to be a constitutional practice?

Tr. of Motions Hearing (ECF 310) at 19:23–20:8.

**ANSWER**:

The constitutionality of an entity's practice of using medically untrained corrections officers to conduct medical watch was not at issue in *Gordon,* and the *Gordon* court made no ruling on the subject. The decedent in that case, who was suffering from opiate withdrawal, died in his jail cell after a physician mistakenly placed him on an alcohol-withdrawal protocol, resulting in his assignment to a

PLAINTIFF'S SUPPLEMENTAL RESPONSE TO COURT'S QUESTION AT ORAL ARGUMENT – Page 2

BUDGE & HEIPT, PLLC
ATTORNEYS AT LAW
808 E. Roy St.
SEATTLE, WA 98102
TELEPHONE: (206) 624-3060

regular housing rather than a medical observation unit—a mistake that allegedly deprived him of closer monitoring. *Gordon*, 6 F.4th at 966.

One of the plaintiff's claims was against an individual officer in the regular housing unit who conducted two safety checks that did not comply with jail policy and allowed only limited visibility into the plaintiff's cell. *Id.* at 966-67. In considering the adequacy of that officer's safety checks, the Ninth Circuit held as follows: "We now hold that pre-trial detainees do have a right to direct-view safety checks sufficient to determine whether their presentation indicates the need for medical treatment." *Id.* at 973. The holding, which applied to the jail's regular safety-check procedure in the regular housing units, established a *minimum* constitutional requirement for the safe confinement of all pretrial jail detainees.

This case is not about the regular safety-check procedures at the Spokane County Jail. It is about NaphCare's practice of using medically untrained jail officers to monitor patients in need of medical monitoring by medical professionals. *See* Instruction No. 31. The *Gordon* court did not address such a practice, much less hold that it is constitutional as a matter of law. Plaintiff is not aware of any judicial opinion, from the Ninth Circuit or elsewhere, holding that such a practice is constitutional.

PLAINTIFF'S SUPPLEMENTAL RESPONSE TO
COURT'S QUESTION AT ORAL ARGUMENT
– Page 3

BUDGE✦HEIPT, PLLC
ATTORNEYS AT LAW
808 E. Roy St.
SEATTLE, WA 98102
TELEPHONE: (206) 624-3060

Respectfully submitted this 21st day of November, 2022.

**BUDGE & HEIPT, PLLC**

    s/ Hank Balson
Edwin S. Budge, WSBA #24182
Hank Balson, WSBA #29250
Erik J. Heipt, WSBA #28113
hank@budgeandheipt.com
ed@budgeandheipt.com
erik@budgeandheipt.com
(206) 624-3060
Attorneys for Plaintiff

PLAINTIFF'S SUPPLEMENTAL RESPONSE TO COURT'S QUESTION AT ORAL ARGUMENT – Page 4

BUDGE & HEIPT, PLLC
ATTORNEYS AT LAW
808 E. Roy St.
SEATTLE, WA 98102
TELEPHONE: (206) 624-3060

# CERTIFICATE OF SERVICE

The undersigned certifies that on the date stated below this document was filed with the Clerk of the Court for the United States District Court for the Eastern District of Washington, via the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

| | |
|---|---|
| Ketia B. Wick, WSBA #27219<br>Erin E. Ehlert, WSBA #26340<br>Fain Anderson VanDerhoef Rosendahl<br>701 Fifth Avenue, Suite 4750<br>Seattle, WA 98104<br>ketia@favros.com<br>erine@favros.com<br>Attorneys for Defendant NaphCare, Inc. | John E. Justice, WSBA #23042<br>Law, Lyman, Daniel, Kamerrer &<br>Bogdanovich, P.S.<br>PO Box 11880<br>Olympia WA 98508<br>jjustice@lldkb.com<br>(360) 754-3480<br>Attorney for Defendant Spokane County |
| Christopher F. Quirk, *pro hac vice*<br>Edward J. McNelis, III, *pro hac vice*<br>Sands Anderson, PC<br>1111 East Main St.<br>PO Box 1998<br>Richmond VA 23218<br>cquirk@sandsanderson.com<br>emcnelis@sandsanderson.com<br>Attorneys for Defendant NaphCare, Inc. | David A. Perez, WSA #43959<br>Eric B. Wolff, WSBA #43047<br>Michelle L. Maley, WSBA #51318<br>Perkins Coie LLP<br>1201 Third Ave., Suite 4900<br>Seattle, WA 98101<br>Telephone: +1.206.359.8000<br>Facsimile: +1.206.359.9000<br>DPerez@perkinscoie.com<br>EWolff@perkinscoie.com<br>Mmaley@perkinscoie.com<br>Attorneys for Defendant NaphCare, Inc. |

Dated this 21st day of November, 2022.

                        s/ Hank Balson
                        Hank Balson

PLAINTIFF'S SUPPLEMENTAL RESPONSE TO COURT'S QUESTION AT ORAL ARGUMENT – Page 5

BUDGE & HEIPT, PLLC
ATTORNEYS AT LAW
808 E. Roy St.
SEATTLE, WA 98102
TELEPHONE: (206) 624-3060