Eric B. Wolff, WSBA No. 43047
David A. Perez, WSBA No. 43959
Michelle L. Maley, WSBA No. 51318
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000

*Attorneys for Defendant*
*NAPHCARE, INC.*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THE ESTATE OF CINDY LOU HILL, by and through its personal representative, Joseph A. Grube, <br><br> Plaintiff, <br><br> v. <br><br> NAPHCARE, INC., an Alabama corporation; and SPOKANE COUNTY, a political subdivision of the State of Washington, <br><br> Defendants. | No. 2:20-CV-00410 <br><br> **NAPHCARE'S NOTICE OF SUPPLEMENTAL AUTHORITY** |

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

160553259

1    NaphCare, Inc., by and through its undersigned counsel, submits the attached

2    order from the United States District Court from the Western District of Washington

3    partially granting NaphCare's motion to dismiss in the action titled *Burghart, et al.*

4    *v. NaphCare, Inc., et al.*, C22-1248 TSZ (Feb. 3, 2023). Among other claims, the

5    Court dismissed the plaintiffs' Section 1983 claim premised on a *Monell* theory of

6    liability, where plaintiffs failed to adequately plead the existence of an official policy

7    or custom that amounts to deliberate indifference. That holding is relevant to

8    NaphCare's pending Rule 50 & 59 Motions for Judgment as a Matter of Law, New

9    Trial, and/or Remittitur (ECF No. 286), which explain that Plaintiff here has failed

10   to make the same showing as required by *Monell v. Department of Social Services*

11   *of New York*, 436 U.S. 658 (1978).

12

13

14

15

16

17

18

19

20

NAPHCARE'S NOTICE OF SUPPLEMENTAL AUTHORITY
(No. 2:20-CV-00410) – 2

160553259

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Dated: February 7, 2023

By: s/ David A. Perez
Eric B. Wolff, Bar No. 43047
David A. Perez, Bar No. 43959
Michelle L. Maley, Bar No. 51318
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000
EWolff@perkinscoie.com
DPerez@perkinscoie.com
MMaley@perkinscoie.com

*Attorneys for Defendant*
*NAPHCARE, INC.*

NAPHCARE'S NOTICE OF SUPPLEMENTAL AUTHORITY
(No. 2:20-CV-00410) – 3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

160553259

1

**CERTIFICATE OF SERVICE**

2

I certify under penalty of perjury that on February 7, 2023, I caused to be

3

electronically filed the foregoing document with the Clerk of the Court using the

4

CM/ECF system, which will send a notification of the filing to the email addresses

5

indicated on the Court's Electronic Mail Notice List.

6

DATED this 7th day of February, 2023.

7

s/ Carla Bone
Carla Bone, Legal Practice Assistant

8

9

10

11

12

13

14

15

16

17

18

19

20

NAPHCARE'S NOTICE OF SUPPLEMENTAL AUTHORITY
(No. 2:20-CV-00410) – 4

160553259

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHARLEEN BURGHART,
Administrator of the Estate of Nicole
Burghart; and LAWRENCE DOLAN,
as Guardian ad Litem for H.G., a
minor individual,

Plaintiffs,

v.

SOUTH CORRECTIONAL ENTITY,
a Governmental Administrative
Agency; CRYSTAL REHTOLC-
CANTU; SCORE JOHN DOES 1–10;
NAPHCARE, INC.; ROBIN OLSEN;
KERI JAMES; ANGELICA
DELEON MCKEOUGH;
NAPHCARE JOHN DOES 1–10; and
TECHCARE JOHN DOE ENTITY,

Defendants.

C22-1248 TSZ

ORDER

THIS MATTER comes before the Court on Defendants Keri James's, Robin
Olsen's, Angelica DeLeon McKeough's, and NaphCare, Inc.'s, (together, the "NaphCare
Defendants") motion to dismiss, docket no. 22. Having reviewed all papers filed in
support of, and in opposition to, the motion, the Court enters the following Order.

ORDER - 1

**Background**

On September 14, 2019, and at all times relevant to this litigation, Decedent Nicole Burghart (the "Decedent") was an inmate at Defendant South Correctional Entity ("SCORE"), a regional jail. Am. Compl. ¶ 1 (docket no. 4). SCORE contracts with Defendant NaphCare, Inc., ("NaphCare") to provide medical services to inmates. Am. Compl. ¶ 2. NaphCare uses TechCare, an electronic health software system,[1] to keep records on NaphCare's patients. Am. Compl. ¶ 30.

When the Decedent entered SCORE's care, she reported to Defendant Nurse Robin Olsen ("Olsen"), a NaphCare employee, that she suffered from recent, significant alcohol use. Am. Compl. ¶ 39. Olsen placed the Decedent on CIWA monitoring.[2] Am. Compl. ¶¶ 42–44. Olsen allegedly did not collect sufficient historical information about the Decedent's condition relevant to her withdrawal. Am. Compl. ¶ 44.

By September 15, 2019, the Decedent's condition allegedly started to worsen. That morning, Defendant Nurse Keri James ("James"), another NaphCare employee, observed tremors in the Decedent's "extremities and tongue, profuse[] sweating, [] chills, [] nausea, dripping sweat, and displaying elevated heart rate and blood pressure." Am. Compl. ¶ 45. These symptoms allegedly indicate an emergent state of alcohol withdrawal. Am. Compl. ¶ 46. Later that day, Defendant Nurse Angelica DeLeon

---

[1] Defendant TechCare appears to be a trademark of NaphCare and does not appear to be a legal entity. Plaintiffs are DIRECTED to show cause as to why Defendant TechCare should not be dismissed from this case within fourteen (14) days of this Order.

[2] The Clinical Institute Withdrawal Assessment for alcohol ("CIWA") is a scale to monitor symptoms of withdrawal and recommend treatment. Am. Compl. ¶ 42.

McKeough ("DeLeon") (together, with Olsen and James, the "Nurses") observed similar symptoms, Am. Compl. ¶ 47, but DeLeon did not record these symptoms in the TechCare system. Am. Compl. ¶ 51. That evening, James again checked on the Decedent, where she allegedly observed high blood pressure, nausea, diaphoresis, and a significant tremor. James entered these symptoms into TechCare, but she allegedly did not take further action. Am. Compl. ¶¶ 52–53. At this point, the Decedent allegedly should have been placed in an adequate medical facility. Am. Compl. ¶ 74.

Plaintiffs allege that the TechCare system emitted multiple alerts during this period about the Decedent's status, but the Nurses purportedly failed to address these alerts. Am. Compl. ¶ 62. The Nurses also allegedly made numerous charting mistakes in the TechCare system, which included time-entry errors and failures to accurately report the Decedent's symptoms. Am. Compl. ¶ 63. The Nurses allegedly ignored their own medical training in favor of the TechCare automated recommendations, Am. Compl. ¶ 64, and the Decedent never saw a doctor or nurse practitioner, Am. Compl. ¶ 67.

On the evening of September 15, 2019, half an hour after James's observation, the Decedent suffered a seizure. Am. Compl. ¶ 54. As a result, her breathing became erratic and stopped. Am. Compl. ¶¶ 53–55. During this time, Defendant Correctional Officer Crystal Rehtolc-Cantu ("Cantu") conducted a welfare check at SCORE. One of the main purposes of Cantu's welfare check was to ensure that none of the inmates were suffering from a medical emergency. Am. Compl. ¶ 58. During the welfare check, the Decedent allegedly took her final, agonal breath. Am. Compl. ¶ 56. Cantu did not notice the Decedent's distress. Am. Compl. ¶ 58. Because Cantu did not notice the Decedent's

1    medical emergency, the Decedent allegedly lost the ability to be resuscitated. Am.

2    Compl. ¶ 59.

3        Plaintiffs bring the following claims in this action: (1) a negligence claim against

4    all Defendants, (2) a Washington Product Liability Act ("WPLA") claim under RCW

5    7.72.030 against NaphCare, (3) a 42 U.S.C. § 1983 claim against Cantu and SCORE-

6    employed John Doe Defendants, (4) a 42 U.S.C. § 1983 claim against SCORE, (5) a 42

7    U.S.C. § 1983 claim against the Nurses and NaphCare-employed John Doe Defendants,

8    and (6) a 42 U.S.C. § 1983 claim against NaphCare. Am. Compl. ¶¶ 87–103. The

9    NaphCare Defendants now move to dismiss Plaintiffs' first, second, fifth, and sixth

10    claims. Mot. (docket no. 22).

11    **<u>Discussion</u>**

12        Although a complaint challenged by a Federal Rule of Civil Procedure 12(b)(6)

13    motion to dismiss need not provide detailed factual allegations, it must offer "more than

14    labels and conclusions" and contain more than a "formulaic recitation of the elements of

15    a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint

16    must indicate more than mere speculation of a right to relief. *Id.* A complaint may be

17    lacking for one of two reasons: (i) absence of a cognizable legal theory, or (ii) insufficient

18    facts under a cognizable legal claim. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d

19    530, 534 (9th Cir. 1984). In ruling on a motion to dismiss, the Court must assume the

20    truth of the plaintiff's allegations and draw all reasonable inferences in the plaintiff's

21    favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). The question for

22    the Court is whether the facts in the amended complaint sufficiently state a "plausible"

23

ground for relief. *Twombly*, 550 U.S. at 570. If the Court considers matters outside the complaint, it must convert the motion into one for summary judgment. Fed. R. Civ. P. 12(d). If the Court dismisses the complaint or portions thereof, it must consider whether to grant leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

### A. <u>First Claim: Negligence</u>

The parties agree that Plaintiffs' negligence claims against the NaphCare Defendants are medical malpractice claims under RCW 7.70. Pl. Resp. Br. at 14 (docket no. 24). "In a [healthcare] malpractice action, the plaintiff must satisfy traditional tort elements of proof: duty, breach, injury, and proximate cause." *Dunnington v. Virginia Mason Med. Ctr.*, 187 Wn.2d 629, 636, 389 P.3d 498 (2017). The NaphCare Defendants dispute only the causation element. They argue that Plaintiffs have not properly pleaded proximate cause primarily because Cantu's actions functioned as a superseding cause.

Proximate cause must be "one that in natural and continuous sequence, unbroken by an independent cause, produces the injury complained of and without which the ultimate injury would not have occurred." *Attwood v. Albertson's Food Ctrs., Inc.*, 92 Wn. App. 326, 330, 966 P.2d 351 (1998) (citations omitted). Where "[t]he connection between the original negligent action and an injury" is broken by "an intervening force," then the original act cannot form the "proximate cause of the injury." *Daly v. Lynch*, 24 Wn. App. 69, 75, 600 P.2d 592 (1979) (citations omitted). To determine whether an intervening act is a "superseding cause," courts consider "whether (1) the intervening act created a different type of harm than otherwise would have resulted from the actor's negligence; (2) the intervening act was extraordinary or resulted in extraordinary

1  consequences;" and "(3) the intervening act operated independently of any situation

2  created by the actor's negligence." *Roemmich v. 3M Co.*, 21 Wn. App. 2d 939, 953, 509

3  P.3d 306 (2022). In any action, there can be more than one proximate cause for an injury.

4  WPI 15.01.

5        Despite the NaphCare Defendants' argument to the contrary, Plaintiffs have

6  adequately pleaded causation. Plaintiffs allege that the Nurses' poor decision-making,

7  errors in charting and documenting the Decedent's symptoms, and failure to escalate

8  treatment to a doctor or hospital deprived the Decedent of the opportunity to receive

9  effective treatment. Am. Compl. ¶¶ 62–69. The NaphCare Defendants' motion to dismiss

10  Plaintiffs' First Claim for Relief is therefore DENIED.

11     **B.  <u>Second Claim: WPLA</u>**

12        Plaintiffs allege that NaphCare's TechCare system, a software-as-service

13  technology, qualifies NaphCare as a "manufacturer" and "product seller" under the

14  WPLA, RCW 7.72. *See* Pl. Resp. Br. at 20 (describing the services that the software

15  rendered to the Nurses). "[T]o state a claim under the WPLA, a plaintiff must plead non-

16  conclusory allegations that plausibly support (1) a defective design claim; (2) a failure to

17  warn claim; (3) a defective manufacture claim; or (4) a breach of express or implied

18  warranty claim." *Olympic Air, Inc. v. Helicopter Tech. Co.*, No. C17-1257, 2020 WL

19  6381810, at *2 (W.D. Wash. Oct. 30, 2020). Courts in this District have held that the

20  WPLA does not apply to software services as a matter of law. *See Quinteros v.*

21  *InnoGames*, No. C19-1402, 2022 WL 898560, at *7 (W.D. Wash. Mar. 28, 2022),

22  *reconsideration denied*, 2022 WL 953507 (W.D. Wash. Mar. 30, 2022) (analyzing a

23

subscription to an online video game as a software-as-service). "Washington courts have repeatedly rejected attempts to bring claims under the WPLA with respect to services rendered rather than defective products as required by the statutory language." *Grigsby v. Valve Corp.*, No. C12-0553, 2013 WL 12310666, at *6 (W.D. Wash. Mar. 18, 2013); 33 Wash. Practice, Construction Law Manual § 17:3 (2012) ("[D]espite the fact that services are often presented as 'products' to purchase, they are not considered products under the WPLA.").[3]

As a matter of law, the facts as currently pleaded do not appear to subject the TechCare software to the WPLA's regime. *See Quinteros*, 2022 WL 898560, at *7. As such, this theory may be inapplicable to the TechCare software. The NaphCare Defendants' motion is therefore GRANTED as to the Second Claim for Relief, and it is DISMISSED without prejudice and with leave to amend, although the Court is skeptical that any amendment will cure the deficiency.

**C.** **Fifth and Sixth Claims: § 1983**

Finally, Plaintiffs allege § 1983 claims against the Nurses and a *Monell* claim against NaphCare. The Court addresses these claims separately.

**a.** **Individual Claims**

"[C]laims for violations of the right to adequate medical care brought by pretrial detainees against individual defendants under the Fourteenth Amendment must be

---

[3] Plaintiff's reliance on *Frisvold v. Pentair Filtration Sols. LLC*, C17-136, 2017 WL 3236972, (W.D. Wash. July 31, 2017), is misplaced. *Frisvold* concerned a physical product—an under-sink water filter. It did not examine a software-as-service application.

evaluated under an objective deliberate indifference standard." *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018) (citing *Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (internal quotations omitted)). Under this standard for § 1983 liability, the elements of a pretrial detainee's medical care claim against an individual defendant are as follows:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Id.* at 1125. The Nurses argue that Plaintiffs do not meet their burden under the third element of the deliberate indifference test. With respect to the third element, a defendant's conduct must be "objectively unreasonable . . . something akin to reckless disregard." *Id.*

The Court agrees that Plaintiffs do not currently meet this high bar. As currently pleaded, the operative complaint alleges medical negligence, but no more. *See, e.g.*, *Sharkey v. NaphCare, Inc.*, No. 18-CV-0025, 2020 WL 2563821, at *3 (D. Nev. May 20, 2020); *Bell v. Mahoney*, No. 18-cv-05280, 2020 WL 4334115, at *5 (C.D. Cal. May 18, 2020). Under the operative pleading, the Nurses flagged the Decedent for alcohol withdrawal and monitored her symptoms three times in one day. Am. Compl. ¶¶ 39–53. Although the nurses allegedly did not take all efforts necessary to care for the Decedent, the current allegations do not state a claim that the Nurses recklessly disregard her

1    condition. Said differently, the operative pleading does not allege that the Nurses engaged

2    in conduct that was "medically unacceptable under the circumstances" in disregard of "an

3    excessive risk" to the Decedent's health. *Wallace v. NaphCare Healthcare*, No. 19-CV-

4    5329, 2020 WL 7872043, at * 7 (W.D. Wash. Nov. 9, 2020). Instead, Plaintiffs plead a

5    lack of due care, and nothing more.[4] The Court therefore GRANTS the motion as it

6    relates to Plaintiffs' § 1983 claim against the Nurses and NaphCare-employed John Doe

7    Defendants and DISMISSES Plaintiffs' Fifth Claim for Relief without prejudice and with

8    leave to amend.

9             b. **_Monell_ Liability**

10       To adequately plead a § 1983 claim under *Monell* against NaphCare, Plaintiffs

11    must plausibly allege, "(1) that [the detainee] possessed a constitutional right of which he

12    was deprived; (2) that [the defendant] had a policy; (3) that this policy amounts to

13    deliberate indifference to the [detainee's] constitutional right, and (4) that the policy is

14    the moving force behind the constitutional violation." *Dougherty v. City of Covina*, 654

15    F.3d 893, 900 (9th Cir. 2011). Section 1983 does not allow for *respondeat superior*

16    liability—"a municipality can be found liable . . . only where the municipality itself

17    causes the constitutional violation." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385

18    (1989); *see also Taylor v. City of Seattle*, No. C18-262 TSZ, 2018 WL 5024029, at *3

19

---

20    [4] Plaintiffs' reliance on *Dawson v. South Correctional Entity*, No. C19-1987, 2021 WL 4244202 (W.D.
Wash. Sept. 17, 2021), is misplaced. In *Dawson*, the court denied a motion for summary judgment based

21    on material issues of fact. According to the court, the record contained "substantial evidence for the jury
to find that each of the Defendants disregarded known and obvious risks" to the decedent's health. *Id.* at

22    *5 (dispute of material fact as to whether the decedent was left alone for 12–17 hours, stopped eating, and
vomited over the course of many days).

23

1   (W.D. Wash. Oct. 17, 2018). As such, courts routinely dismiss § 1983 claims against

2   employers where plaintiffs allege only incidents of employee negligence or misconduct.

3   *See Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 403 (1997)

4   (collecting cases). Instead, a plaintiff must allege an official policy or custom that

5   amounts to deliberate indifference. *Dougherty*, 654 F.3d at 900.

6          Plaintiffs allege that ten incidents—three of which do not involve NaphCare, five

7   of which did not occur at SCORE, and six of which do not involve alcohol withdrawal—

8   amount to an official policy of deliberate indifference. Am. Compl. ¶ 75. Plaintiffs make

9   no other (non-conclusory) allegations concerning any NaphCare official policy. These

10  allegations fail to meet the required standard. Although "persistent" and "widespread"

11  instances of conduct can evince an official policy, the conduct at issue in this case is

12  neither "persistent" nor "widespread" enough to form the basis of *Monell* liability.

13  *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996), *holding modified by Navarro v.*

14  *Block*, 250 F.3d 729 (9th Cir. 2001) ("The custom [at issue] must be so persistent and

15  widespread that it constitutes a permanent and well settled . . . policy" and "[l]iability for

16  improper custom may not be predicated on isolated or sporadic incidents" (citation and

17  quotation marks omitted)). Plaintiffs' allegations sound in individualized negligence, not

18  an overarching policy. The NaphCare Defendants' motion is therefore GRANTED as it

19  relates to Plaintiffs' sixth claim against NaphCare, and the claim is DISMISSED without

20  prejudice and with leave to amend.

21

22

23

ORDER - 10

1    **Conclusion**

2        For the foregoing reasons, the Court ORDERS:

3        (1)    The NaphCare Defendants' motion is DENIED as to Plaintiffs' First Claim

4    for Relief.

5        (2)    The motion is otherwise GRANTED as it relates to Plaintiffs' Second,

6    Fifth, and Sixth Claims for Relief, and those claims are DISMISSED without prejudice

7    and with leave to amend.

8        (3)    Plaintiffs are DIRECTED to show cause as to why Defendant TechCare

9    should not be dismissed from this case within fourteen (14) days of this Order.

10       (4)    Plaintiffs shall file any amended complaint within fourteen (14) days of this

11   Order. Any answer or responsive pleading shall be due fourteen (14) days thereafter.

12       (5)    The Clerk is directed to send a copy of this Order to all counsel of record.

13       IT IS SO ORDERED.

14       Dated this 3rd day of February, 2023.

15

16

17       Thomas S. Zilly
         United States District Judge

18

19

20

21

22

23

ORDER - 11